**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL HUMAN, *individually and on behalf of others similarly situated*, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:24-cv-01177-MTS |
| FISHER INVESTMENTS, INC., *et al.*, | ) | |
| Defendants. | ) | |

**FIRST AMENDED CASE MANAGEMENT ORDER – TRACK 3: COMPLEX**

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan, the Differentiated Case Management Program of the United States District Court for the Eastern District of Missouri, the parties' original proposed scheduling plans, and the issues discussed on the discovery conference held this same date,

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case and will be modified only upon motion and a showing of **good cause**:

1. This case is assigned to Track 3 (Complex).

2. All motions for joinder of additional parties or to file amended pleadings must be filed no later than **Friday**, **February 21, 2025**.

3. Discovery shall proceed in two phases in the following manner:

   (a) Phase one of discovery is limited to the threshold issue of liability on Plaintiff's claim. *See* Fed. R. Civ. P. 16(b)(3)(B)(ii).

      (i). The parties shall make initial disclosures relevant to phase one of discovery as required by Federal Rule of Civil Procedure 26(a)(1) no later than Wednesday, November 20, 2024.

      (ii). Unless otherwise stipulated to by the parties, *see* Federal Rule of Civil Procedure 29, responses and any objections to written phase-one

discovery must be served within **twenty-one (21)** days after being served with the discovery.

(iii). Phase one of discovery shall be completed no later than **Friday**, **March 21, 2025**, which means, unless the parties stipulate otherwise, no phase-one written discovery requests may be served after **Friday**, **February 28, 2025**.

(b) Absent good cause shown, a party may serve on any other party no more than twenty-five (25) written interrogatories for phase-one discovery. Fed. R. Civ. P. 33(a)(1). Absent good cause shown or the parties' stipulation, the parties are limited to three (3) depositions per side for phase-one discovery.

(c) As ordered in the discovery conference held this same date:

(i). Plaintiff must sit for a deposition by oral examination no later than **Friday**, **February 14, 2025**.

- No later than **Monday**, **January 27, 2025**, Plaintiff must provide Defendant Fisher Investments, Inc. with at least three available dates for such deposition.

(ii). Plaintiff must comply with Defendant Fisher Investments, Inc.'s device inspection request no later than **Monday**, **January 27, 2025**.[1]

(iii). Plaintiff and Defendant Fisher Investments, Inc. must hold a meet and confer on the remaining

[1] *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("We readily agree with the district court that as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived.").

discovery disputes no later than **Monday**, **January 27, 2025**. *Cf. infra* ¶ (3)(d)(i).[2]

(d) As the Court stated in the original Case Management Order and again reiterates here, given the compressed timeline of phase-one discovery, if any discovery dispute arises, the parties must raise the dispute with the Court in a diligent and prompt manner. Absent a showing of excusable neglect, no discovery dispute on phase-one discovery may be raised with the Court after **Friday**, **March 28, 2025**.

(i). Before raising any discovery dispute with the Court, counsel must speak (in person or by telephone) with opposing counsel in good faith or make reasonable efforts to do so.

(ii). If after sincere efforts to resolve their dispute, counsel are unable to reach an accord, the moving party must request[3] an informal conference with the Court before seeking any Order relating to discovery. Such request must convey the general issue in three or fewer sentences and include opposing counsel on the email communication. Opposing counsel may reply-all to the email with his or her position on the matter in three or fewer sentences.

(e) Phase two of discovery, if necessary, will focus on class-wide issues.

4. This case will be referred to alternative dispute resolution after ruling on any phase-one discovery dispositive motions.

5. Any dispositive motions on Plaintiff's individual TCPA and state law claims must be filed no later than **Friday**, **April 11, 2025**.

---

[2] If the parties cannot reach an accord on the remaining on-going discovery disputes after sincere efforts at this meet and confer held pursuant to this subsection, the Court grants the parties leave to file letter briefs of up to five (5) pages no later than **Monday**, **February 03, 2025**.

[3] Parties should email: MOEDml_Schelp_Law_Clerks@moed.uscourts.gov

(a) Local Rule 4.01 governs response times for all motions unless otherwise provided by Order of the Court.

(b) Any memoranda in support or opposition to any motion filed under this paragraph **must** contain a table of contents and a table of authorities.

(c) If the Court denies a dispositive motion filed by Defendant under this paragraph, the parties shall submit a **joint** proposed schedule for class discovery within **ten (10)** days. The parties must cooperate in good faith on any such plan, and the failure to do so may result in sanctions.

6. Any party seeking an award of costs must file a verified bill of costs no later than **twenty-one (21**) days after entry of final judgment.

7. The parties should abide by all Local Rules of the Court but should pay special heed to Local Rule 13.05 when seeking to file any document with the Court under seal.

* * *

**The failure to comply with any part of this Order may result in the imposition of sanctions.** *See* Fed. R. Civ. P. 16(f). **Such a sanction could include treating the failure to obey this Order as contempt of court.** *See id* (citing Fed. R. Civ. P. 37(b)(2)(A)(vii)); *see also In re Arizona*, 528 F.3d 652, 657 (9th Cir. 2008) (per curiam) (recognizing that, under the Federal Rules of Civil Procedure, the "[f]ailure to comply with the scheduling order exposes a party to 'any just orders,' as determined by the district judge, including dismissal, entry of default or contempt of court."). In addition, as in every action, each discovery request, response, and objection in this matter must carefully comply with the strictures of Federal Rule of Civil Procedure 26(g)(1). *See Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 212 F.R.D. 178, 219 (S.D.N.Y. 2003) ("Rule 26(g) imposes on counsel an affirmative duty to engage in pretrial discovery

responsibly and 'is designed to curb discovery abuse by explicitly encouraging the imposition of sanctions.'").

Dated this 22nd day of January 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE