**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **DANIEL HUMAN**, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>**FISHER INVESTMENTS, INC., AND SMART ASSET ADVISORS, LLC,**<br><br>      Defendants. | **Case No. 4:24-cv-01177-MTS**<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT FISHER INVESTMENTS ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Fisher Investments ("Fisher" or "Defendant"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to Plaintiff Daniel Human's First Amended Class Action Complaint ("Complaint") as follows:

### FIRST AMENDED COMPLAINT CLASS ACTION[1]

Defendant admits that Plaintiff, in his unnumbered first paragraph, purports to bring this case as a class action against Defendant and Smart Asset Advisors, LLC ("Smart Asset"). Except as expressly admitted, Defendant denies the allegations in this paragraph.

### I.     Nature of Action

1.     Defendant admits that Plaintiff purports to bring a putative class action, but denies that Plaintiff brings a cognizable action under either Mo. Rev. Stat. § 407.1098.1 or Mo. Rev. Stat.

---

[1] For the Court's convenience, Defendant has incorporated the "headings" that appear in the Complaint, as well as the formatting from those headings. However, Defendant does not necessarily agree with and does not admit the characterizations of such headings unless specifically admitted herein; nor does Defendant waive any right to object to those characterizations.

§ 407.1076, whether individually, or on behalf of a class.  Defendant further denies that such suit under Mo. Rev. Stat. § 407.1098.1 is proper, as the code section to which Plaintiff references does not exist.

2.    Defendant admits that Plaintiff purports to bring a putative class action pursuant to the Telephone Consumer Protection Act ("TCPA"), but denies that Plaintiff brings a cognizable action, whether individually, or on behalf of a class. The allegations in paragraph 2 of the Complaint are not well-pleaded facts but state legal conclusions to which no response is required. To the extent that a response is required, Defendant states that the statutes and cases cited speak for themselves and denies all other allegations in paragraph 2 of the Complaint.

3.    Defendant denies the allegations in paragraph 3 of the Complaint.

4.    Defendant denies the allegations in paragraph 4 of the Complaint.

5.    Defendant denies the allegations in paragraph 5 of the Complaint.

6.    Defendant denies the allegations in paragraph 6 of the Complaint.

7.    Defendant admits that Plaintiff seeks certain relief, but denies that he is entitled to the same, whether individually or on behalf of a purported class.  Defendant denies the remaining allegations in paragraph 7 of the Complaint.

8.    Defendant denies the allegations in paragraph 8 of the Complaint and specifically denies that Plaintiff or any purported class is entitled to any relief whatsoever.

9.    Defendant denies the allegations in paragraph 9 of the Complaint.

## II.    Parties

10.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of the Complaint and, therefore, denies them.

11.    Defendant denies the allegations in paragraph 11 of the Complaint.

12.     Defendant denies the allegations in paragraph 12 of the Complaint.

<u>Jurisdiction and Venue</u>

13.     The allegations in paragraph 13 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that the Eastern District of Missouri may exercise federal subject matter jurisdiction for allegations arising under 47 U.S.C. § 227(c)(5) and 47 U.S.C. § 227(b)(1)(A) of the TCPA.  Defendant further admits that the Eastern District of Missouri may exercise supplemental jurisdiction over purported violations of the Missouri Do Not Call Registries arising under Mo. Rev. Stat. § 407.010, *et seq.* Defendant denies the remaining allegations of paragraph 13 of the Complaint and denies that Plaintiff or the putative class is entitled to any relief whatsoever.

14.     The allegations in paragraph 14 of the Complaint are not well-pleaded facts but state legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in paragraph 14 of the Complaint, denies any wrongdoing, denies that it utilized unlawful marketing techniques, denies that it authorized anyone else to do so, and denies that Plaintiff is entitled to any relief or has any cause of action against Defendant whatsoever.

15.     The allegations in paragraph 15 of the Complaint are not well-pleaded facts but state legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in paragraph 15 of the Complaint.

**THE MISSOURI NO-CALL LAWS**

16.     The allegations in paragraph 16 of the Complaint are not well-pleaded facts.  To the extent a response is required, Defendant denies the allegations in paragraph 16 of the Complaint.  To the extent that Plaintiff purports to incorrectly reference Mo. Rev. Stat. § 407.1098,

the statute speaks for itself.  The law mistakenly referenced as Mo. Rev. Stat. § 407.1098.1 speaks for itself and Defendant denies all allegations inconsistent therewith.

17.    The allegations in paragraph 17 of the Complaint are not well-pleaded facts.  To the extent a response is required, Defendant denies the allegations in paragraph 17 of the Complaint.  To the extent that Plaintiff purports to misrepresent and misstate the text of Mo. Rev. Stat. § 407.1095(2), Defendant admits that the statute defines a "Residential subscriber" as "a person who, for primarily personal and familial use, has subscribed to residential telephone service, wireless service or similar service, or the other persons living or residing with such person." Thus, Mo. Rev. Stat. § 407.1095(2) speaks for itself, and Defendant denies all allegations inconsistent therewith.  Defendant further denies all other allegations in paragraph 17 of the Complaint.

18.    The allegations in paragraph 18 of the Complaint are not well-pleaded facts but state legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies all allegations in paragraph 18 of the Complaint.

19.    Defendant denies the allegations in paragraph 19 of the Complaint.

20.    Defendant denies the allegations in paragraph 20 of the Complaint.

21.    Defendant denies the allegations in paragraph 21 of the Complaint.

22.    The allegations in paragraph 22 of the Complaint are not well-pleaded facts but state legal conclusions to which no response is required.  To the extent a response is required, Mo. Rev. Stat. §§ 407.1076(3)–(4) and § 407.1076(10) speak for themselves and Defendant denies all allegations inconsistent therewith.  Defendant further denies all other allegations in paragraph 22 of the Complaint.

23.     The allegations in paragraph 23 of the Complaint are not well-pleaded facts but state legal conclusions to which no response is required.  To the extent a response is required, Mo. Rev. Stat. § 407.1107(2) speaks for itself and Defendant denies all allegations inconsistent therewith.  Defendant further denies all other allegations in paragraph 23 of the Complaint.

**TCPA Background**

24.     The allegations in paragraph 24 of the Complaint are not well-pleaded facts.  To the extent a response is required, 47 U.S.C. § 227(b)(1)(A), the law Plaintiff purports to quote (albeit incorrectly) in paragraph 24 of the Complaint speaks for itself and Defendant denies all allegations inconsistent therewith.  Defendant further denies all other allegations in paragraph 24 of the Complaint.

25.     The allegations in paragraph 25 of the Complaint are not well-pleaded facts.  To the extent a response is required, Defendant admits that Plaintiff purports to reference 47 U.S.C. § 227(b)(1)(A) but denies that 47 U.S.C. § 227(b)(1)(A) references the National Do Not Call Registry.  Regardless, the statute Plaintiff purports to cite speaks for itself and Defendant denies all allegations inconsistent therewith.  Defendant further denies all other allegations in paragraph 25 of the Complaint.

26.     The allegations in paragraph 26 of the Complaint are not well-pleaded facts.  To the extent a response is required, Defendant admits that Plaintiff purports to quote 47 U.S.C. § 227(b)(1)(A) but denies that 47 U.S.C. § 227(b)(1)(A) is properly quoted.  Regardless, the statute Plaintiff purports to cite speaks for itself and Defendant denies all allegations inconsistent therewith.  Defendant further denies all other allegations in paragraph 26 of the Complaint.

27.     The allegations in paragraph 27 of the Complaint are not well-pleaded facts.  To the extent a response is required, Defendant admits that Plaintiff purports to quote 47 U.S.C. § 227(b)(1)(A) but denies that 47 U.S.C. § 227(b)(1)(A) is properly quoted.  Defendant denies that Plaintiff is entitled to receive up to $1,500 per call, denies that such relief is appropriate, and further denies that support for such allegation is grounded in either 47 U.S.C. § 227(b)(1)(A) or 47 C.F.R. § 64.1200(c)(2), as both statutes speak for themselves and neither contemplate damages. Defendant denies all allegations inconsistent therewith.  Defendant further denies all other allegations in paragraph 27 of the Complaint.

### III.    Factual Allegations

28.     Defendant denies the allegations in paragraph 28 of the Complaint.

29.     Defendant denies the allegations in paragraph 29 of the Complaint.

30.     Defendant denies the allegations in paragraph 30 of the Complaint.

31.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 of the Complaint and, therefore, denies them.

32.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 of the Complaint and, therefore, denies them.

33.     Defendant denies the allegations in paragraph 33 of the Complaint.

34.     Defendant denies the allegations in paragraph 34 of the Complaint.

35.     Defendant denies the allegations in paragraph 35 of the Complaint.

36.     Defendant denies the allegations in paragraph 36 of the Complaint, including every subpart thereof.

37.     Defendant denies the allegations in paragraph 37 of the Complaint.

38.     Defendant denies the allegations in paragraph 38 of the Complaint.

39.     Defendant denies the allegations in paragraph 39 of the Complaint.

40.     Defendant denies the allegations in paragraph 40 of the Complaint.

41.     Defendant denies the allegations in paragraph 41 of the Complaint.

42.     Defendant denies the allegations in paragraph 42 of the Complaint.

43.     The allegations in paragraph 43 of the Complaint are not well-pleaded facts.  To the extent a response is required, Defendant admits that Plaintiff purports to reference 47 U.S.C. § 227(c)(5) but denies that 47 U.S.C. § 227(c)(5) is properly quoted.  47 U.S.C. § 227(c)(5) speaks for itself and Defendant denies any allegations inconsistent therewith.  Defendant further denies all other allegations in paragraph 43 of the Complaint and specifically denies any wrongdoing.

44.     Defendant denies the allegations in paragraph 44 of the Complaint.

45.     Defendant denies the allegations in paragraph 45 of the Complaint.

46.     Defendant denies the allegations in paragraph 46 of the Complaint.

47.     Defendant denies the allegations in paragraph 47 of the Complaint.

48.     Defendant denies the allegations in paragraph 48 of the Complaint.

## **CLASS ALLEGATIONS**

49.     Defendant admits that Plaintiff purports to bring this action on behalf of the classes described in paragraph 49 of the Complaint.  Defendant denies all remaining allegations in paragraph 49 of the Complaint, including that any action or class is authorized by Rule 23 of the Federal Rules of Civil Procedure or any other authority under state law, and expressly denies that a class could ever be certified in this case.

50.     Defendant admits that Plaintiff purports to exclude certain individuals and entities from the putative classes in paragraph 50 of the Complaint.  Except as expressly admitted, Defendant denies the allegations in paragraph 50 of the Complaint and denies that a class could ever be certified in this case.

51.   Defendant denies the allegations in paragraph 51 of the Complaint and denies that a class could ever be certified in this case.

52.   Defendant denies the allegations in paragraph 52 of the Complaint and denies that a class could ever be certified in this case.

53.   Defendant denies the allegations in paragraph 53 of the Complaint, including every subpart thereof, and denies that a class could ever be certified in this case.

54.   Defendant denies the allegations in paragraph 54 of the Complaint and denies that a class could ever be certified in this case.

55.   Defendant denies the allegations in paragraph 55 of the Complaint and denies that a class could ever be certified in this case.

56.   Defendant denies the allegations in paragraph 56 of the Complaint and denies that a class could ever be certified in this case.

57.   Defendant denies the allegations in paragraph 57 of the Complaint, denies that a class could ever be certified in this case, and further denies that injunctive relief is appropriate.

58.   Defendant denies the allegations in paragraph 58 of the Complaint and denies that a class could ever be certified in this case.

## COUNT I
## Violations of the MDNC Against All Defendants
## by Plaintiff Individually and on Behalf of the MDNC Class

59.   Defendant incorporates by reference its responses to paragraphs 1-58 as if fully set forth herein.

60.   Defendant admits that Plaintiff purports to bring this action on behalf of the classes described in paragraph 49 of the Complaint.   Defendant denies all remaining allegations in paragraph 60 of the Complaint, including that the action or the class is authorized by Rule 23 of

the Federal Rules of Civil Procedure or any other authority under state law, and further denies that a class could ever be certified in this case.

61.     Defendant denies the allegations in paragraph 61 of the Complaint.

62.     Defendant denies the allegations in paragraph 62 of the Complaint.

63.     Defendant denies the allegations in paragraph 63 of the Complaint.

64.     Defendant denies the allegations in paragraph 64 of the Complaint.

65.     Defendant denies the allegations in paragraph 65 of the Complaint.

66.     Defendant denies the allegations in paragraph 66 of the Complaint.

Defendant denies the allegations in Plaintiff's unnumbered paragraph following paragraph 66, denies that a class could ever be certified in this case, and specifically denies that Plaintiff or any purported class is entitled to any relief whatsoever.

<u>**Count II**</u>
<u>**Telephone Consumer Protection Act (Violations of 47 U.S.C. § 227)**</u>
<u>**(On Behalf of Plaintiff and the Robocall and ATDS)**</u>

67.     Defendant incorporates by reference its responses to paragraphs 1-66 as if fully set forth herein.

68.     Defendant denies the allegations in paragraph 68 of the Complaint.

69.     Defendant denies the allegations in paragraph 69 of the Complaint.

70.     Defendant denies the allegations in paragraph 70 of the Complaint.

71.     Defendant denies the allegations in paragraph 71 of the Complaint.

**PRAYER FOR RELIEF**

Defendant denies the allegations in Plaintiff's unnumbered "Prayer for Relief," including subparts (a) through (h), denies that a class could ever be certified in this case, and specifically denies that Plaintiff or any purported class is entitled to any relief whatsoever.

## COUNT III
### Violations of TCPA Against All Defendants
### by Plaintiff Individually and on Behalf of the DNC Class

72.    Defendant incorporates by reference its responses to paragraphs 1 through 71 as if fully set forth herein.  Defendant admits that Plaintiff purports to bring this action on behalf of the classes described in paragraph 49 of the Complaint.  Defendant denies all remaining allegations in paragraph 72 of the Complaint, including that the action or the class is authorized by Rule 23 of the Federal Rules of Civil Procedure or any other authority under state law, and denies that a class could ever be certified in this case.

73.    Defendant admits Plaintiff purports to quote 47 U.S.C. § 227(c) but denies that 47 U.S.C. § 227(c) is properly quoted.  Regardless, the statute Plaintiff purports to cite speaks for itself and Defendant denies all allegations inconsistent therewith.  Defendant further denies all other allegations in paragraph 73 of the Complaint and specifically denies any wrongdoing.

74.    Defendant denies the allegations in paragraph 74 of the Complaint.

75.    Defendant denies the allegations in paragraph 75 of the Complaint.

76.    Defendant denies the allegations in paragraph 76 of the Complaint.

77.    Defendant denies the allegations in paragraph 77 of the Complaint, denies that a class could ever be certified in this case, and specifically denies that Plaintiff or any purported class is entitled to any relief whatsoever.

## PRAYER FOR RELIEF

Defendant denies the allegations in Plaintiff's unnumbered "Prayer for Relief," including in subparts (a) through (h), and specifically denies that a class could be certified in this case and also that Plaintiff or any purported class is entitled to any relief whatsoever.

## COUNT IV
### Defendants' Vicarious Liability

Defendant denies the allegations in Plaintiff's preamble.

78.　　Defendant incorporates by reference its responses to paragraphs 1 through 77 of the Complaint as if fully set forth herein.

79.　　The allegations in paragraph 79 are not well-pleaded allegations of fact but state legal conclusions to which no response is required. To the extent a response is required, Defendant admits that the allegations purport to reference and quote *In the Matter of Rules and Regulations Implementing the Te[lephone] Consumer Prot. Act of 1991*, 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995), which speaks for itself and Defendant denies all allegations inconsistent therewith. Defendant denies the remaining allegations in paragraph 79 of the Complaint.

80.　　The allegations in paragraph 80 of the Complaint are not well-pleaded facts but state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to quote *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 F.C.C. Rec. 6574 (2013) and reference *Mohon v. Agentra*, 400 F. Supp. 3d 1189, 1226 (D.N.M. 2019), both of which speak for themselves and Defendant denies all allegations inconsistent therewith.  Defendant denies the remaining allegations in paragraph 80 of the Complaint.

81.　　The allegations in paragraph 81 of the Complaint are not well-pleaded facts but state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to quote the May 2013 FCC Ruling, 28 F.C.C. Rcd. 6588, ¶ 37, which speaks for itself and Defendant denies all allegations inconsistent therewith. Defendant denies any and all remaining allegations in paragraph 81 of the Complaint.

82.     The allegations in paragraph 82 of the Complaint are not well-pleaded facts but state legal conclusions to which no response is required.  To the extent a response is required, Defendant states that *Mohon v. Agentra*, 400 F. Supp. 3d 1189, 1226 (D.N.M. 2019) speaks for itself and Defendant denies all allegations inconsistent therewith.  Defendant denies any and all remaining allegations in paragraph 82 of the Complaint.

83.     Defendant denies the allegations in paragraph 83 of the Complaint.

84.     The allegations in paragraph 84 of the Complaint are not well-pleaded facts but state legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff purports to quote *FTC v. Chapman*, 714 F.3d 211, 1216–19 (10th Cir. 2013), which speaks for itself and Defendant denies all allegations inconsistent therewith. Defendant denies any and all remaining allegations in paragraph 84 of the Complaint.

85.     Defendant denies the allegations in paragraph 85 of the Complaint, including all subparts.

86.     Defendant denies the allegations in paragraph 86 of the Complaint.

87.     Defendant denies the allegations in paragraph 87 of the Complaint.

88.     Defendant denies the allegations in paragraph 88 of the Complaint.

89.     Defendant denies the allegations in paragraph 89 of the Complaint.

Defendant denies the allegations in Plaintiff's unnumbered "wherefore" paragraph on page 23 and specifically denies that Plaintiff or any purported class is entitled to any relief whatsoever.

## **GENERAL DENIAL**

Defendant denies any and all allegations set forth in the Complaint that are not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint fails to allege facts sufficient to state a cause of action against Defendant. For example, Plaintiff fails to allege sufficient facts to show that Defendant made any "telephone solicitations" or "telemarketing" calls within the meaning of the Telephone Consumer Protection Act or the Missouri No-Call law and fails to allege use of an ATDS under controlling case law.

## SECOND AFFIRMATIVE DEFENSE
### (Subject to Terms of Service, Including Consent and Arbitration)

To the extent that Plaintiff and/or the putative class members agreed to or are otherwise bound by certain terms and conditions, their claims are barred by their contractual consent to receive telephone calls like those Plaintiff complains of, an agreement to arbitrate their claims on individual bases, and their agreement to exclusive remedies and damages limitations.

## THIRD AFFIRMATIVE DEFENSE
### (Consent)

Plaintiff and/or the putative class members are barred from asserting their claims in whole or in part to the extent the calls at issue were made with the recipients' prior express written permission and/or consent and that consent was either irrevocable or was not effectively revoked.

## FOURTH AFFIRMATIVE DEFENSE
### (Acquiescence, Estoppel, Waiver, Fraud, Conspiracy, Latches and Unclean Hands)

Plaintiff and/or the putative class members are barred from asserting their claims, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, latches, and/or unclean hands. For example, Plaintiff and/or the putative class members cannot assert claims under the TCPA or similar statutes if he acted in bad faith, for example, by providing the subject number referenced in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

To the extent that the Complaint alleges that Plaintiff and the putative class members suffered any purported injury or damages, they failed to take any and all reasonable or necessary actions to avoid or reduce their damages, and any damages awarded to them must be reduced accordingly.

## SIXTH AFFIRMATIVE DEFENSE
### (No Knowing or Willful Misconduct)

Any claim for treble damages is barred because Defendant did not engage in knowing or willful misconduct.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

Defendant did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, the acts of third parties (such as vendors, Plaintiff, or other persons who provided the number on which Plaintiff was allegedly called) proximately caused the damages, injuries, or violations at issue, to the extent they occurred.

## EIGHTH AFFIRMATIVE DEFENSE
### (Standing)

Plaintiff and the putative class members lack standing to bring the claims alleged in the Complaint because any harm allegedly caused by the calls at issue (which Defendant denies) is not fairly traceable to any violation allegedly committed by Defendant, and because Plaintiff has not suffered any Article III harm under *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) and *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021) (particularly with that respect to the putative classes he seeks to represent). That is particularly true here, to the extent Plaintiff and/or others

voluntarily provided their numbers for the purpose of receiving messages like those referenced in the Complaint.

## NINTH AFFIRMATIVE DEFENSE
### (Fault of Third Parties)

To the extent that the Complaint states a claim, third parties or Plaintiff and/or the putative class members themselves caused or were responsible for the alleged harm.

## TENTH AFFIRMATIVE DEFENSE
### (No Agency or Vicarious Liability and Proportional Allocation of Fault)

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff and/or putative class members for which Defendant cannot be held vicariously liable.  Further, Defendant did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct of which the Complaint complains and cannot be held liable for it. For example, to the extent vendors caused any damages, injury, violations of the law or wrongdoing or engaged in the conduct of which the Complaint complains, vendors acted outside the scope of the parties' agreement and Defendant did not approve of that conduct.  As such, Defendant cannot be held vicariously liable and its liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE
### (First Amendment)

The TCPA and the regulations and rules, interpretations, and other rulings promulgated thereunder violate the First Amendment of the United States Constitution.  For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny.

## TWELFTH AFFIRMATIVE DEFENSE
### (Due Process)

The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Defendant, would violate the Due Process provisions of the United States Constitution.  For example, certain definitions contained in the Missouri Telemarketing Law render the statute unconstitutionally vague.  Additionally, the statutory penalties sought by Plaintiff are excessive, severe, and oppressive, particularly to the extent Plaintiff seeks them on a class-wide basis.  Thus, as applied in this case, any award of damages should be reduced to comport with due process.  *See Golan v. Veritas Entm't, LLC*, 2017 WL 3923162, at *3 (E.D. Mo. Sept. 7, 2017) ("[T]he TCPA's statutory damage clause is constitutional, but a specific damages award may be unconstitutional if it is 'so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable.'" (quoting *Capital Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 907 (8th Cir. 2012))).

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Hobbs Act)

The Hobbs Act cannot be validly or constitutionally applied to preclude Defendant from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Substantial Compliance with Laws)

Defendant is not liable because it acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Compliance with 47 C.F.R. § 64.1200(c)(2)(i))

Any and all claims brought in the Complaint are barred in whole or in part because any violation of the TCPA occurred as a result of error, and, as part of its routine business practice, Defendant meets the standards set forth in 47 C.F.R. § 64.1200(c)(2)(i).

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Established Business Relationship)

Any and all claims brought in the Complaint are barred to the extent Plaintiff and/or putative class members had business relationships with the sender.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Not a Residential Number)

Plaintiff's claims are barred to the extent his number or putative class members' numbers are not residential.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Charge)

Plaintiff and the putative class members were not "charged for the call" with respect to the calls at issue, as that term is used in the TCPA.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

Any and all claims brought in the Complaint are barred because Defendant possessed a good faith belief that it had consent to contact the number at issue.  Defendant acted in good faith in any and all interactions with Plaintiff and did not directly or indirectly perform any acts whatsoever which would constitute a violation of any rights of Plaintiff or any duty, if any, owed to Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Reasonable Practices)

Any and all claims brought in the Complaint are barred in whole or in part because Defendant has established and implemented reasonable practices and procedures to prevent violations of the TCPA and related regulations.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (*Bona Fide* Error)

Any and all claims brought in the Complaint are barred because Defendant possessed a good faith belief that it was not committing any wrongdoing and any violations resulted from a *bona fide* error, despite reasonable practices to prevent violations of the TCPA and related regulations.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (One Call)

Any and all claims brought in the Complaint are barred in whole or in part to the extent Plaintiff or any putative class member did not receive more than one telephone call within any 12-month period by or on behalf of Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Failure to Join Party or Name Proper Defendant)

The claims brought in the Complaint are barred, in whole or in part, by Plaintiff's failure to join necessary or indispensable parties.  Plaintiff's claims are also barred, in whole or in part, to the extent Plaintiff failed to name the proper defendant(s), over which the Court may lack personal jurisdiction.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (No Immediate Threat of Future Injury)

Plaintiff's request for injunctive relief is barred with respect to any alleged claims because the alleged violations are not likely to recur.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

Any and all claims for equitable relief are barred, in whole or in part, because Plaintiff and/or putative class members have an adequate remedy at law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Excessive Fines)

Any and all claims are barred, in whole or in part, because the TCPA and Missouri No-Call Law violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (No Violation of the Missouri Telemarketing Practices Act)

Plaintiff and/or putative class members are prohibited from bringing suit for violation of the Missouri Telemarketing Practices Act to the extent they had a business relationship with any of the callers and to the extent the phone calls were made on or behalf of an entity described in Rev. Stat. Mo. § 407.1095(3)(d).

Plaintiff and/or putative class members are further prohibited from bringing suit for violation of the Missouri Telemarketing Practices Act to the extent that Defendant was responding to a referral and was attempting to set an appointment for Defendant's services.

## TWENTY-EIGHTH AFFIRMATIVE DEFENESE
### (FCC Exceeding Delegated Authority)

Plaintiff and/or putative class member's TCPA claims are barred to the extent they are based on regulations or rulings that exceed the FCC's delegated authority.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Class Action Deficiencies)

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action.  Moreover, Plaintiff is currently proceeding *pro*

*se* and is therefore foreclosed from representing any putative class on adequacy grounds.  Further, Defendant hereby gives notice that in the event that this Court certifies a class, which Defendant denies would be appropriate, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such class.

### THIRTIETH AFFIRMATIVE DEFENSE
### (Reservation of Right to Assert Further Defenses)

Defendant has not knowingly or intentionally waived any applicable defenses, and hereby gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action.  Defendant reserves the right to amend its Answer to assert any such defense.

### Prayer for Relief

**WHEREFORE**, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing from Defendant by reason of this Complaint and that judgment be entered in favor of Defendant;

2.    For dismissal of the Complaint with prejudice;

3.    For denial of class certification immediately, including for lack of adequacy;

4.    That the Court award costs and reasonable attorneys' fees;

5.    For such other relief as the Court deems just and proper.

### COUNTERCLAIM

Counterclaimant Fisher Investments hereby submits its Counterclaim for Fraud against Plaintiff and Counterclaim Defendant Daniel Human.

## INTRODUCTION

1.     Human is a serial litigant with a criminal history.   See https://www.mshp.dps.missouri.gov/CJ38/OffenderDetails?id=898466.   He filed suit against Fisher alleging that it and/or its independent contractor vendors Smart Asset Advisors, LLC called his phone number, (208) 390-1355 (the "Subject Number"), to market financial investment services even though his number is on the National Do Not Call ("DNC") Registry, in violation of the Telephone Consumer Protection Act ("TCPA") and the Missouri No Call List and Telemarketing provisions, Mo. Rev. Stat. § 407.1076.

2.     Human's lawsuit is a fraud. He or someone acting on his behalf submitted an online form consenting to the calls at issue for the purpose of manufacturing a TCPA lawsuit. Once he received the calls he asked for, he began making extortionate settlement demands to resolve his false TCPA claims.

3.     Consenting to calls and then falsely denying it is a common scam among TCPA litigants (like Human) to leverage extortionate settlements.  *See, e.g., Reimer v. Medigap Life, LLC*, 2023 WL 8295991, at *1-2 (E.D. Va. Nov. 30, 2023) (serial TCPA plaintiff voluntarily sought dismissal with prejudice of his own lawsuit to avoid an imminent ruling on a spoliated laptop containing evidence of fabricated consent); *Boone's Pharmacy, Inc. v. EzriRx, LLC*, 684 F. Supp. 3d 1207, 1216 (S.D. Ala. 2023) (dismissing TCPA case with prejudice because plaintiff consented but permitting counterclaims alleging fraud based on the consent to proceed); *Bronstin v. Clear Link Ins. Agency, LLC*, Case No. 23-cv-01742, Doc. 51 at 16-23 (C.D. Cal. Apr. 3, 2024) (asserting fraud counterclaim against serial TCPA plaintiff who submitted a lead form with prior express written consent to receive phone calls and then sued about them); *Healthcare, Inc. v. Doyle*, Case 24-cv-01769-MTL, Doc. 1 at 2 (D. Ariz. July 18, 2024) (lawsuit against serial litigant

who expressly requested to receive calls but sued over them anyway); *Estrada v. Aragon Advertising*, 2024 WL 5059166, at *5 (S.D. Tex. Dec. 10, 2024) (denying motion to dismiss fraud counterclaim against TCPA litigant).

4.      Human has been sued for running a fraudulent scheme similar to those in the previous paragraph.  *See PolicyScout LLC v. Human*, Case 2:2023-cv-00934, Doc. 1, Ex. 1 (D. Utah Dec. 29, 2023).  And Human has made nearly-identical claims to those in this lawsuit in over 50 TCPA cases he's filed within the last two years alone, an astounding and suspicious number of lawsuits with similar claims (and almost identical allegations) in such a short time.

5.      Since the inception of this suit, Human has tried to extract an extortionate settlement sum from Fisher.  He filed this putative class action without a lawyer despite the clear authority that "*pro se* plaintiffs are inadequate representatives of an entire class." *Strutton v. Blake*, 2005 WL 8176850, at *2 (E.D. Mo. Sept. 29, 2005).  Once it became clear that Fisher would not simply pay him an extortionate settlement, which Human requested several times, he retained counsel, who merely reiterated Human's request that Fisher just pay him off.  *See* ECF No. 12.

6.      Human's conduct in this case demonstrates the fraudulent nature of his claims. He refused to cooperate in discovery for months.  *See* ECF No. 28.  Once the Court ordered him to submit to a device inspection, he twice tried to avoid complying by attempting to unilaterally dismiss his suit both with and without prejudice.  *See* ECF Nos. 34, 37-40.  This, coupled with his previous litigation history detailed above, underscores that this lawsuit is part of Human's pattern and practice of consenting to calls for the purpose of setting up lawsuits and then fraudulently denying it.

7.      Fisher has sought discovery that will expose Human's fraud.  After the Court compelled him to produce that discovery, Human improperly sought to dismiss his own case and violated multiple court orders in an effort to cover up evidence that would expose his misconduct. ECF No. 34 (requiring Plaintiff to submit to device inspection by January 27 and counsel to confer by January 27); ECF No. 37 (notice of voluntary dismissal without prejudice filed to avoid conference and device inspection); ECF No. 38 (striking unilateral notice of voluntary dismissal without prejudice); ECF No. 39 (notice of voluntary dismissal with prejudice filed to avoid conference and device inspection); ECF No. 40 (striking notice of voluntary dismissal and ordering that "Plaintiff shall read the entirety of the Court's Memorandum and Order, Doc [38], and the cases cited therein prior to filing any motions or other papers related to dismissal."); ECF No. 43 (improper notice of appeal filed in further attempt to avoid discovery obligations).

8.      Human's fraud has severely injured Fisher, which has suffered tens of thousands in damages in unnecessary legal fees and other harms.  Fisher thus asserts this counterclaim against Human to recover the damages (and all other appropriate relief) from his fraud.

<u>**JURISDICTION AND VENUE**</u>

9.      The Court has subject matter jurisdiction over Fisher's counterclaims under 28 U.S.C. § 1367(a) because they are so related to Human's claims that they form part of the same case or controversy under Article III of the United States Constitution.

10.      Venue is proper in this district because Human resides in the Eastern District of Missouri and a substantial part of the events or omissions giving rise to the claim occurred in this district.

**PARTIES**

11.     Fisher is a Delaware corporation that maintains its principal place of business in Plano, Texas.

12.     Human is an individual who resides in this District.

**FACTUAL BACKGROUND**

13.     The TCPA provides for $500 in statutory damages per call for proven violations of some of its provisions.  These statutory damages can be trebled to $1,500 for willful violations. Because the TCPA potentially imposes strict liability for something as simple as a phone call, some serial litigants have used it as a weapon to extract settlements based on fraudulent claims. That is what Human did here.

14.     Among the services Fisher offers are financial investment services for consumers who express interest in those services.  To communicate effectively with consumers, and avoid litigation for alleged TCPA violations, Fisher only calls persons who indicate that they are legitimately interested in Fisher's services and affirmatively consent to receive calls.

15.     One way consumers consent to receive calls is by completing lead forms online. The lead forms are completed by consumers who affirm that they are interested in the services that Fisher provides.  The consumers also agree to receive certain kinds of calls. Fisher thus relies on consumers to provide truthful information when completing a lead form and requesting to be contacted so that Fisher only contacts persons who are legitimately interested in its services and comply with the TCPA.

16.     On information and belief, Human or someone acting on his behalf, submitted a lead form in June 2024 on www.smartasset.com.

17.     To submit the lead, Human (or someone acting on his behalf) falsely entered the name "Veronica Moreno" and Human's phone number ((208) 390-1355, the Subject Number), and then clicked the Submit button.

18.     By submitting the form (or authorizing someone to do so on his behalf), Human provided Fisher express, written consent to receive marketing calls/texts at the number you entered from SmartAsset and Fisher Investments.

19.     By submitting the lead, Human consented to be contacted by Fisher at the Subject Number.

20.     Despite knowing that he gave express consent to receive the Subject Call, Human proceeded to file a class action lawsuit against Fisher, alleging that it called him without his consent in purported violation of the TCPA.

### COUNT I – FRAUD

21.     Fisher realleges and incorporates Paragraphs 1 through 20 of this Counterclaim as if fully set forth herein.

22.     On information and belief, Human (or someone working with him) made false representations of material fact when he provided Fisher and SmartAsset express consent to call him at the Subject Number by submitting the Subject Lead with the intention of using those calls to manufacture a TCPA lawsuit.

23.     Human knew that these representations were false and intended that Fisher would rely on that information.

24.      Fisher reasonably relied on Human's express consent so that it would only contact persons legitimately interested in Fisher's services and comply with its obligations under the TCPA.

25.     Human provided express consent knowing that the Subject Number would be contacted by companies that called persons who consented to receive such calls.

26.     Human has now filed this action against Fisher and Smart Asset, claiming that they contacted him in violation of the TCPA and Missouri's No Call List.  In doing so, Human continues to use his misrepresentations and false information to pursue his meritless claims against Fisher.

27.     Because of Fisher's justifiable reliance on Human's false representations, Fisher has suffered damages in the form of monetary and non-monetary harm, including harm to its valuable goodwill and reputation, its employees' time and resources, and other financial damages, including the legal fees and costs associated with investigating and defending against Human's claims.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaim-Plaintiff Fisher prays for judgment as follows:

1.     That Plaintiff take nothing from Fisher by reason of the Complaint and that judgment be entered in favor of Fisher;

2.     For dismissal of the Human's claims with prejudice;

3.     That the Court award Fisher damages, including costs and reasonable attorneys' fees for Human's fraud; and

4.     For such other relief as the Court deems just and proper.

*[Signature Appears on Following Page]*

Dated: February 5, 2025

Respectfully submitted,

/s/ *Alexander D. Terepka*
Alexander D. Terepka (*pro hac vice*)
James M. Ruley (*pro hac vice*)
Melanie G. Ng (*pro hac vice*)
WATSTEIN TEREPKA LLP
1055 Howell Mill Rd. 8th Floor
Atlanta, Georgia 30318
Tel: (213) 839-3317
alex@wtlaw.com
jruley@wtlaw.com
mng@wtlaw.com

Matthew D. Guletz, #57410(MO)
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, MO 63101
(314) 552-6311
Fax: 314-552-7000
mguletz@thompsoncoburn.com

*Attorneys for Defendant Fisher Investments, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this February 5, 2025, I caused to be electronically filed the foregoing document in the United States District Court for the Eastern District of Missouri, with notice of same being electronically served via email to Plaintiff's counsel.

*/s/ Alexander D. Terepka*
Alexander D. Terepka