# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DANIEL HUMAN, *individually and on behalf of others similarly situated*, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )  Case No. 4:24-cv-01177-MTS |
| FISHER INVESTMENTS, INC., *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of Plaintiff's Motion for Partial Summary Judgment. Doc. [52]. Because Plaintiff's Motion relies on an improper declaration and its exhibits along with an unverified complaint, the Court will deny the Motion. *See* Fed. R. Civ. P. 56(c)(1)(A); *Williams v. Donahoe*, 4:13-cv-1150-CAS, 2014 WL 6083133, at *3 (E.D. Mo. Nov. 13, 2014) (explaining that a court cannot rely on plaintiff's unsworn statements at summary judgment); *Tweeton v. Frandrup*, 287 F. App'x 541, 541 (8th Cir. 2008) (per curiam) (explaining that an unverified complaint could not be considered as evidence in summary judgment). Given this patent error, the Court will deny the Motion without requiring opposition briefing by Defendant, the nonmoving party on this Motion. *See* Fed. R. Civ. P. 56(e)(4) (allowing the Court to issue "any . . . appropriate order" when "a party fails to properly support an assertion of fact" in a motion for summary judgment); *see also, e.g.*, *Dougherty v. Leidos*, 4:21-cv-01163-MTS, 2023 WL 111893, at *1 (E.D. Mo. Jan. 5, 2023) (citing Fed. R. Civ. P. 1).

Plaintiff's declaration, which purports to be made under 28 U.S.C. § 1746, contains his typed name only, seemingly being offered as an electronic signature. An electronic signature does not suffice here. Regardless of whether an electronic signature is proper under § 1746, *compare Blount v. Stanley Eng'g Fastening*, 55 F.4th 504, 515–16 (6th Cir. 2022), *with Flakes v. Carr*, No. 21-2464, 2022 WL 519909, at *1 (7th Cir. Feb. 22, 2022) (unsigned and unpublished order), this Court's Local Rule 2.11 requires that Plaintiff's declaration be physically signed. *See* E.D. Mo. L.R. 2.11 (providing that an electronically filed document created for the litigation "must be physically signed" if signed by someone "other than an attorney of record").*

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment, Doc. [52], is **DENIED** without prejudice.

Dated this 10th day of March 2025.

  
_____  
MATTHEW T. SCHELP  
UNITED STATES DISTRICT JUDGE

---

* In addition, Plaintiff failed to comply with the Court's clear requirement in the Case Management Order that all memoranda in support or opposition to any dispositive motions must contain a table of contents and a table of authorities. *See* Doc. [34] ¶ 5(b); *see also Skelton v. Henry*, 390 F.3d 614, 617 (8th Cir. 2004) (referring to a motion for partial summary judgment as a dispositive motion); *Louisiana United Bus. Ass'n Cas. Ins. Co. v. J & J Maint., Inc.*, 328 F. Supp. 3d 563, 568 (W.D. La. 2018) (collecting cases recognizing that motions for partial summary judgment are indeed dispositive motions).