UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL HUMAN, *individually and on behalf of others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )  Case No. 4:24-cv-01177-MTS |
| FISHER INVESTMENTS, INC., *et al.*, | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of Plaintiff's second Motion for Partial Summary Judgment. Doc. [60]. The Court denied Plaintiff's first Motion for Partial Summary Judgment because it failed to properly support its assertions of fact because it cited to an improper declaration and an unverified complaint. Doc. [59]. In the Memorandum and Order denying the Motion, the Court specifically noted that Plaintiff also "failed to comply with the Court's clear requirement in the Case Management Order that all memoranda in support or opposition to any dispositive motions must contain a table of contents and a table of authorities." *Id.* at n.* (citing Doc. [34] ¶ 5(b)). Nevertheless, Plaintiff's second Motion for Partial Summary Judgment contains neither table.

This omission was not the only mistake Plaintiff repeated; he improperly filed his second Motion for Partial Summary Judgment in the identically erroneous way he filed the first. Local Rule 4.01(E) provides that "[e]very memorandum in support of a motion

for summary judgment must be accompanied by a document titled Statement of Uncontroverted Material Facts, which must be separately filed using the filing event, 'Statement of Uncontroverted Material Facts.'" E.D. Mo. L.R. 4.01(E).  After Plaintiff failed to file his first Statement of Uncontroverted Material Facts separately, the Clerk of Court contacted him, informed him of the specific Local Rule, and corrected the error on the docket by separately filing the Statement of Uncontroverted Material Facts for him. *See* Doc. [53]; Doc. [54]; *see also Martinez v. Union Pac. R. Co.*, 82 F.3d 223, 227 (8th Cir. 1996) (noting the Court of Appeals "has upheld strict compliance by trial courts with their local rules").  Nevertheless, when he filed his second Motion for Partial Summary Judgment, he once again failed to comply with this clear Local Rule that had been brought to his attention.  He once again filed the Statement of Uncontroverted Material Facts as an exhibit to his Memorandum in Support.  Doc. [61-9].

Oversights of course happen.  But these latest occurrences have been part of a troubling pattern of Plaintiff's careless disregard for Court Rules and directives even after they explicitly are called to his attention.  *See, e.g.*, Doc. [38] (referring Plaintiff to Fed. R. Civ. P. 41); Doc. [39] (Plaintiff disregarding Fed. R. Civ. P. 41).  Going forward, Plaintiff must pay careful attention that he complies with all applicable rules and the Court's orders.  His continued failure to do so will result in the dismissal of his claim. *See Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997) ("[A] district court has the power to dismiss cases when parties fail to comply with its rules."); *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1259 (8th Cir. 1997) ("A district court has the power to

dismiss a litigant's cause of action when the litigant fails to comply with the court's orders.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Second Motion for Partial Summary Judgment, Doc. [60], is **DENIED** without prejudice.

Dated this 12th day of March 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE