IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **DANIEL HUMAN**, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**FISHER INVESTMENTS, INC., AND SMART ASSET ADVISORS, LLC**<br><br>    Defendant. | **Case No. 4:24-cv-01177-MTS** |

**FISHER INVESTMENT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS RELATED TO UNNECESSARY JANUARY 22 HEARING**

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................1

II. BACKGROUND .....................................................................................................................1

    A. Mr. Human Filed a Scam TCPA Lawsuit Against Fisher. .......................................1

    B. Mr. Human Failed to Comply with His Basic Discovery Obligations and this Court's Orders.......................................................2

    C. Fisher Asked Mr. Human No Less Than *Five* Times to Comply with the Court's Order to Meet and Confer About Discovery Disputes, But He Refused.................5

    D. Mr. Human Forced Fisher to Incur the Expense of an Unnecessary Hearing, Where the Court Ordered Him to Comply with the Court's Prior Orders ..............5

    E. Mr. Human Continues to Violate Court Orders and Refuses to Meaningfully Participate in Discovery Even After the January 22 Hearing.................................6

III. LEGAL STANDARD ............................................................................................................9

IV. ARGUMENT .......................................................................................................................10

V. CONCLUSION ....................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Avionic Co. v. Gen. Dynamics Corp.*,
 957 F.2d 555 (8th Cir. 1992) ...................................................................................................10

*Bass v. Gen. Mots. Corp.*,
 150 F.3d 842 (8th Cir. 1998) ...................................................................................................10

*Burns v. United States*,
 2003 WL 21968408 (W.D. Ky. 2003) .......................................................................................1

*Comiskey v. JFTJ Corp.*,
 989 F.2d 1007 (8th Cir. 1993) .................................................................................................12

*Engel v. Jefferson Cnty. Sheriff's Dep't*,
 2020 WL 7695410 (E.D. Mo. Dec. 28, 2020) .........................................................................10

*Hunter v. Int'l Sys. & Controls Corp.*,
 56 F.R.D. 617 (W.D. Mo. 1972) .............................................................................................12

*In re Stauffer Seeds, Inc.*,
 817 F.2d 47 (8th Cir. 1987) .....................................................................................................10

*In re Steward,*
 828 F.3d 672 (8th Cir. 2016) ...................................................................................................12

*In re Steward*,
 529 B.R. 903 (E.D. Mo. 2015) ................................................................................................12

*Nick v. Morgan's Foods, Inc.*,
 270 F.3d 590 (8th Cir. 2001) ...................................................................................................12

*PolicyScout LLC v. Human*,
 No. 2:2023-cv-00934 (D. Utah Dec. 29, 2023) .........................................................................2

*Prosser v. Dream Nissan Midwest, LLC*,
 No. 24-cv-00798 (E.D. Mo. 2024) ............................................................................................4

*Prosser v. Luther Auto. Grp.*,
 No. 24-cv-01527 (E.D. Mo. 2024) ............................................................................................4

*Prosser v. SSM Health Insurance Company, Inc. et al.*,
 No. 24-cv-00279 (E.D. Mo. 2024) ............................................................................................4

*Schlafly v. Eagle F.*,
 2018 WL 705061 (E.D. Mo. Feb. 5, 2018) .............................................................................10

*Schlafly v. Eagle F.*,
  970 F.3d 924 (8th Cir. 2020) ..................................................................................10

*Schoffstall v. Henderson*,
  223 F.3d 818 (8th Cir. 2000) ..................................................................................11

*Schubert v. Pfizer, Inc.*,
  459 F. App'x 568 (8th Cir. 2012) ...........................................................................12

*Taylor v. Caplan*,
  2025 WL 26683 (E.D. Mo. Jan. 3, 2025) .................................................................9

*Trbovich v. Ritz-Carlton Hotel Co.*,
  166 F.R.D. 30 (E.D. Mo. 1996) ..............................................................................12

*U.S. Bank National Association v. Epperson*.
  2020 WL 13533888 (W.D. Mo. Feb. 26, 2020) ...........................................10, 11, 12

**Rules**

Fed. R. Civ. P. 16 ..............................................................................................................9

Fed. R. Civ. P. 41 ..............................................................................................................8

iii

## I. INTRODUCTION

"[A]ll federal proceedings are expensive public resources that should not be misused." *Burns v. United States*, 2003 WL 21968408, at *7 (W.D. Ky. 2003). Yet since this lawsuit began, Plaintiff Daniel Human has done nothing but misuse this Court's proceedings, wasting judicial resources and forcing Fisher to spend tens of thousands of dollars in unnecessary defense costs. Fisher now moves the Court to sanction Mr. Human for one of the egregious wastes he imposed on Fisher and the Court: The hearing on January 22, 2025, at which the Court ordered Mr. Human to comply with its previous orders. Suffice it to say, the Court should not need to waste resources on ordering parties to do what they've already been ordered to do. Nor should Fisher incur the expense of obtaining such orders.

Even worse, Mr. Human has continued to violate the orders the Court entered after the January 22 hearing. Since that hearing, he has not produced a single additional document, he has not sat for deposition (which Fisher cannot take without a meaningful document production), and he has not complied with the device inspection request. Mr. Human's continued misconduct underscores the strong need for accountability. Fisher therefore asks the Court to grant this motion and award the fees it incurred to attend the January 22 hearing and prepare this motion.

## II. BACKGROUND

### A. Mr. Human Filed a Scam TCPA Lawsuit Against Fisher.

Mr. Human filed this putative class action against Fisher alleging violations of the Telephone Consumer Protection Act (TCPA) and state laws. His lawsuit is a fraud. As he has done in other cases, he or someone working with him consented to the calls to set up a lawsuit and then falsely deny consent—a scam that's common among serial TCPA litigants. *See* ECF No. 16 at 4 (collecting cases where those scams came to light). Mr. Human is a serial TCPA litigant with a criminal history who has filed over 70 TCPA cases in the past two years, almost *all* of which

1

contain near identical allegations. *Id.* at 3. This isn't the first time a target of one of Mr. Human's lawsuits has sought to hold him accountable for fraud, either. He's been sued for consenting to calls and falsely denying that he did so in at least one other case. *PolicyScout LLC v. Human*, No. 2:2023-cv-00934, Doc. 1, Ex. 1 (D. Utah Dec. 29, 2023).

B.  **Mr. Human Failed to Comply with His Basic Discovery Obligations and this Court's Orders.**

Since this case began, Fisher has sought to hold Mr. Human accountable for the fraud he committed here. That's why Fisher asked this Court to phase discovery to focus on the meritlessness of Mr. Human's individual claim. *See* ECF No. 16. And when the limited discovery that occurred so far turned up still more evidence of fraud, Fisher asserted a counterclaim against Mr. Human. *See* ECF No. 45 (Fisher's answer and counterclaim); ECF No. 58 (order denying Mr. Human's motion to dismiss Fisher's counterclaim).

Mr. Human has repeatedly violated the Court's orders throughout this matter. For example, he refused to meet and confer to file a joint status report, as required by the Court's rules. *See* ECF No. 11 at 3 (Court order requiring the parties to submit a joint scheduling plan); Ex. A,[1] Terepka Decl., Exs. 1–3 (email correspondence between M. Ng and E. Butler between October 30, 2024 and November 12, 2024, detailing seven communications sent by Fisher's counsel to Human's counsel trying to get him to participate in the filing of a joint report detailing both parties' discovery positions). He instead submitted his own report threatening to seek sanctions against Fisher "within the next 48 hours" for requesting bifurcated discovery. *See* ECF No. 17 at 1.

The Court then granted Fisher's request to bifurcate discovery to focus on Mr. Human's individual claims. ECF No. 19. In its order, the Court expressly instructed the parties that "[b]efore

---

[1] In the interest of avoiding duplicative filings on Court's docket, all declaration cites in this supporting memorandum refer to the declarations filed with Fisher's concurrent motion to compel.

2

raising any discovery dispute with the Court, counsel must speak (in person or by telephone) with opposing counsel in good faith or make reasonable efforts to do so." *Id.* at 2. The Court also informed the parties that "[t]he failure to comply with any part of this Order may result in the imposition of sanctions." *Id.* at 3 (citations omitted).

Once discovery opened, Mr. Human continued his pattern of delay and refusal to comply with the Court's orders. Fisher immediately sought information to further establish that Mr. Human manufactured this lawsuit by falsely denying consent to receive the calls, including by serving document requests, interrogatories, a device inspection request, and a deposition notice in November 2024. ECF No. 28-4 at 2 (email serving discovery); Terepka Decl. Ex. 4 (Fisher's first set of written discovery to Mr. Human); Ex. 5 (Fisher's first notice of deposition to Mr. Human); Ex. 6 (Fisher's notice of device inspection to Mr. Human). Mr. Human failed to timely serve responses and objections to Fisher's discovery requests, thus waiving all objections. *See Davis v. Fid. Info. Corp.*, 2019 WL 1643340, at *2 (E.D. Mo. Apr. 16, 2019) (noting that objections are waived if not timely raised); *see also* Terepka Decl., Ex. 9 (email correspondence to E. Butler advising same).

Mr. Human's failure to respond is especially egregious because Fisher reminded him (*twice*) about the deadline and even offered to give him an extension. Terepka Decl., Ex. 7 (Dec. 3, 2024 email correspondence from M. Ng to E. Butler); Ex. 8 (Dec. 4, 2024 email correspondence from M. Ng to E. Butler). Mr. Human ignored those emails, his obligations under the Federal Rules, and this Court's scheduling order. When he eventually responded—on Christmas Eve when his responses were already *weeks* late—he tried to manufacture disputes about *Fisher's* timely-served discovery responses. Terepka Decl., Ex. 10 (email correspondence between E. Butler and M. Ng from Dec. 24, 2024 through Dec. 26, 2024).

3

Mr. Human's late responses were also deficient many times over. He failed to provide any meaningful information, for one. He just regurgitated the same (already-waived) objections over and over again. Terepka Decl., Ex. 11 (Mr. Human's responses and improper objections to Fisher's written discovery requests). Mr. Human's document production was also woefully inadequate and full of irrelevant documents meant to inflate the number of pages of his production. Terepka Decl. ¶¶ 16–17. His production included, for example, copies of Fisher's own discovery responses and hundreds of pages from Fisher and Smart Asset's publicly available websites. *Id.*, Ex. 12.

Mr. Human likewise refused to comply with Fisher's device inspection request despite failing to timely object. He instead tried to impose limitations on the device inspection, refusing to comply unless Fisher met his arbitrary and untimely demands. Terepka Decl., Ex. 17 (Jan. 23, 2025 email from M. Ng to E. Butler), Ex. 18 (email correspondence between M. Ng and E. Butler from Jan. 23, 2025 through Jan. 25, 2025), Ex. 19 (email correspondence between M. Ng and E. Butler from Jan. 27, 2025).

Mr. Human played similar games with his deposition.  Immediately after discovery opened, Fisher noticed Mr. Human's deposition for January 10, 2025, and offered to consider alternate dates. Terepka Decl., Ex. 5, Ex. 20 (email correspondence between M. Ng and E. Butler from Dec. 23, 2024 through Jan. 7, 2025). Nearly six weeks later, on December 23, 2024, his counsel suddenly claimed he needed to reschedule the deposition due to a medical procedure. Terepka Decl., Ex. 13 at 3. Fisher requested alternative dates to accommodate. *Id.* But instead of providing additional dates, his counsel then claimed he was on vacation and that Mr. Human couldn't be available for deposition until late January, four days before the close of Phase I discovery. *Id.*, Ex.

4

14 at 2–3 (Jan. 13, 2025 email from Christopher Prosser, a known serial TCPA litigant in his own right).[2]

        **C.    Fisher Asked Mr. Human No Less Than *Five* Times to Comply with the Court's Order to Meet and Confer About Discovery Disputes, But He Refused.**

Faced with Mr. Human's total stonewalling, Fisher repeatedly tried to meet and confer by phone with Mr. Human's counsel. ECF No. 19. Fisher exchanged at least ten emails with Mr. Human's counsel about discovery issues and asked *five times* for a call to confer in the manner mandated by the Court's order. Terepka Decl., Exs. 13–15. Mr. Human's counsel refused to provide *a single available time for such a call*, citing a litany of excuses or just ignoring the requests altogether. *Id*. And he did so despite Fisher repeatedly reminding him that the Court's order requires the parties to meet and confer about discovery disputes. *See, e.g.*, Terepka Decl., Ex. 13 at 17 ("***Per paragraph 3(c)(i) of the Court's case management order***, *we need to meet and confer via telephone.* Please let us know your availability this week or early next week for a call . . ."); *id.*, Ex. 15 at 2 (Jan. 13 email from M. Ng to E. Butler) ("Please provide times for a call this afternoon or tomorrow. If you refuse to provide a time on one of those days, we will email the Court per its procedure for raising discovery disputes *and note that you have again refused to comply with the Court's order.*").

        **D.    Mr. Human Forced Fisher to Incur the Expense of an Unnecessary Hearing, Where the Court Ordered Him to Comply with the Court's Prior Orders.**

Mr. Human's counsel's refusal to meet and confer forced Fisher to ask this Court for a conference to address his refusal to meaningfully participate in discovery. Terepka Decl., Ex. 22. The Court then held a conference on January 22. *Id.* ¶ 34. Mr. Human's counsel couldn't articulate

---

[2] *See, e.g.*, *Prosser v. Luther Auto. Grp.*, No. 24-cv-01527 (E.D. Mo. 2024); *Prosser v. Dream Nissan Midwest, LLC*, No. 24-cv-00798 (E.D. Mo. 2024); *Prosser v. SSM Health Insurance Company, Inc. et al.*, No. 24-cv-00279 (E.D. Mo. 2024).

any basis or justification for his client's conduct. *Id.* He conceded that Mr. Human's responses to Fisher's discovery were untimely, and thus any objections were waived. *Id.*

Nonetheless, Mr. Human's counsel complained that Fisher emailed the Court to ask for the hearing. *Id.* But in doing so, he overlooked that Fisher was just following a procedure in the Court's Case Management Order, all but conceding that he had not read (or didn't understand) the Court's orders. *Id.*; ECF No. 19 at 2–3. The Court then granted all of Fisher's requests other than for sanctions, which the Court indicated it would consider by motion.

After the hearing, the Court issued an order extending discovery and requiring Mr. Human to participate in it, exactly what Fisher had been asking him to do for months. *See* ECF No. 34. The Court's order reiterated that his failure to timely respond to discovery requests constituted a waiver of any objections. *Id.* at 2 n.1. The Court also ordered Mr. Human to comply with Fisher's device inspection and to meet and confer regarding the remaining discovery disputes no later than January 27, 2025. *Id.* at 2–3. Mr. Human was likewise ordered to sit for his deposition no later than February 14, 2025. *Id.* at 2. Finally, the Court again reminded the parties that "**[t]he failure to comply with any part of this Order may result in the imposition of sanctions**" and explained that "**sanction[s] could include treating the failure to obey this Order as contempt of court.**" *Id.* at 3 (emphasis in original).

In other words, the Court's order confirmed that the January 22 hearing was a completely unnecessary expense that could have been avoided if Mr. Human simply complied with the Court's prior orders and his most basic discovery obligations.

    **E.**    **Mr. Human Continues to Violate Court Orders and Refuses to Meaningfully Participate in Discovery Even After the January 22 Hearing.**

Despite the Court's admonishments at the January 22 hearing, Mr. Human continues to defy orders. To start, mere minutes before his device inspection was set to occur on January 27,

Mr. Human attempted to unilaterally dismiss his case without prejudice to avoid the device inspection and a scheduled meet and confer with Fisher's counsel. ECF No. 37; Terepka Decl., Exs. 24–25 (email correspondence from M. Ng to E. Butler on Jan. 27, 2025 regarding meet and confer). Mr. Human timed his dismissal attempt to impose the maximum expense on Fisher, waiting until the *very morning the device inspection was supposed to occur per the Court's order.* Mr. Human's timing was intentional. Fisher repeatedly emailed Mr. Human about the costly arrangements it was making for the device inspection that Mr. Human already knew he would attempt to evade. In any event, when this Court struck his dismissal for violating Federal Rules that prohibit voluntary dismissal after an answer is filed, Mr. Human then attempted to dismiss *with prejudice* to avoid his discovery obligations. ECF Nos. 38–39. The Court denied his second motion. ECF No. 40.

      Mr. Human then realized he would need to do something last minute to make it look like he was complying with the Court's order. Unsurprisingly, Mr. Human's purported "compliance" was a farce. He not only attended the device inspection over *five hours late*—at significant additional expense to Fisher—but produced a laptop that either **wasn't his** or **had not been used in over two years** according to a preliminary view of the data. Ex. C, Herfordt Decl. ¶¶ 6, 8–10; Ex. B, Ruley Decl. ¶ 4. That is directly contrary to Fisher's device inspection request, which sought devices Human used in 2024 during key times Fisher suspects he used the devices to consent to calls to manufacture TCPA lawsuits. *See* Terepka Decl. Ex. 6. Even worse, it appears that Mr. Human destroyed a responsive desktop computer immediately before the device inspection deadline, as discussed in Fisher's concurrently filed motion to compel.

      Mr. Human again violated his most basic obligations and this Court's orders with respect to his written discovery responses and deposition. During the parties' January 27 meet and confer

7

call, Mr. Human's counsel agreed to provide additional responsive documents and supplement interrogatory responses. Ruley Decl., ¶¶ 6–7. To avoid any confusion and identify exactly what information Fisher was seeking, Fisher's counsel walked Mr. Human's counsel through each specific request at issue. *Id.* ¶ 7. Mr. Human's counsel not only promised to provide the supplemental production by February 3, but said that his client would sit for deposition on February 12. *Id.*, Ex. 1. Fisher confirmed the substance of this call in an email that same day and subsequently issued a notice for Mr. Human's deposition on February 12. *Id.*, Exs. 1 (confirmatory email from M. Ng to E. Butler on Jan. 27, 2025), 2 (Fisher's second notice of deposition to Mr. Human).

Mr. Human never lived up to his promises. He still hasn't produced the documents he agreed to. He still hasn't amended his written responses. And he still hasn't sat for a deposition, which Fisher cannot take without a meaningful document production. His counsel instead sent Fisher a lengthy email that ignored all these failures in violation of the parties' agreement. Ruley Decl., Ex. 3 (email correspondence between M. Ng and E. Butler from Feb. 3–4, 2025). He also chose to file a frivolous appeal of the Court's order denying his attempt to dismiss his case *after* Fisher answered. *See* ECF No. 43; *see also* Fed. R. Civ. P. 41(a)(1)(A)(ii) (permitting plaintiff to dismiss "*before* the opposing party serves either an answer" or a stipulation of dismissal signed by all parties who have appeared, which wasn't filed here). And he all but admitted that his sole purpose for appealing so was to divest this Court of jurisdiction and prevent Fisher from obtaining relief from this Court. *See* Terepka Decl., Ex. 26 (Mr. Human's counsel stating that his client "would have honored" his commitment to produce additional documents in discovery "had we not filed a notice of appeal on February 3, 2025, divesting the Court of jurisdiction in this matter"). In other words, even after the Court's orders at and after the January 22 hearing, Mr. Human has still

8

failed to comply. He has instead chosen to defy the Court's orders and impose still more needless expense on Fisher.

Fisher now moves for sanctions to recover the unnecessary expenses it incurred from Mr. Human's violations of the Court's orders leading up to the January 22 hearing.[3] Mr. Human's conduct throughout this case demonstrates that unless this Court issues sanctions, Mr. Human's pattern of misusing judicial resources and forcing Fisher to incur unnecessary expenses will continue to recur, as it has throughout this case.

Fisher made every effort to avoid the need for this sanctions motion. Following the January 22 hearing, Fisher asked Mr. Human to pay the approximately $7,000 Fisher incurred in fees because of the unnecessary hearing. Terepka Decl., Ex. 23 (email correspondence from M. Ng to E. Butler on Feb. 4–6, 2025). Mr. Human never responded. Despite his silence, Fisher told Mr. Human he would reduce its costs by nearly 30% (to $5,000) to avoid the additional and unnecessary costs of a sanctions motion. *Id*. Fisher warned that if Mr. Human failed to respond and forced it to move for sanctions, it would "begin incurring the expense of preparing a sanctions motion," which would exceed its approximately $7,000 in expenses for the January 22 hearing. *Id.* Like the Court's orders, Mr. Human ignored that email too.

### III.   LEGAL STANDARD

This Court requires all parties, even those proceeding without a lawyer (unlike Mr. Human here), to comply with its orders and the Federal Rules of Civil Procedure. *Taylor v. Caplan*, 2025 WL 26683, at *2 (E.D. Mo. Jan. 3, 2025) (Schelp, J.). Rule 16(f) provides that a court may, on motion or its own, enter sanctions against a party if it "fails to obey a scheduling or [any] other

---

[3] Fisher waited to file this motion until after the Eight Circuit dismissed Mr. Human's frivolous appeal and issued its mandate remanding the case back to this Court.

9

pretrial order." Fed. R. Civ. P. 16(f)(1)(A), (C). In addition, this Court is "vested with the discretion to impose sanctions upon a party under its inherent disciplinary power." *Engel v. Jefferson Cnty. Sheriff's Dep't*, 2020 WL 7695410, at \*4 (E.D. Mo. Dec. 28, 2020) (Schelp, J.) (quoting *Bass v. Gen. Mots. Corp.*, 150 F.3d 842, 851 (8th Cir. 1998)).

One permissible sanction is to award a party to reimburse legal fees and costs incurred by the other side. *Schlafly v. Eagle F.*, 2018 WL 705061, at \*2 (E.D. Mo. Feb. 5, 2018), *aff'd*, 970 F.3d 924 (8th Cir. 2020). Sanctions also properly include the expense of bringing a sanctions motion. *In re Stauffer Seeds, Inc.*, 817 F.2d 47, 50 (8th Cir. 1987) (affirming that sanctions properly included the expense of bringing a sanctions motion).

### IV. ARGUMENT

This case is the quintessential case for sanctions. Mr. Human and his counsel have repeatedly demonstrated through their conduct that they do not believe this Court's rules apply to them. Their misconduct has not only wasted this Court's resources, but also prejudiced Fisher by forcing it to incur thousands in unnecessary legal fees solely because Mr. Human has refused to comply with this Court's orders. Fisher has made every effort to try to convince Mr. Human and his counsel to follow the most basic rules of litigation throughout, including by repeatedly reminding him of this Court's orders and his obligation to comply. His failure to do so is therefore not an oversight—it's a deliberate choice to defy this Court's clear orders, confirming that sanctions should be granted.

Courts routinely award sanctions against parties that refuse to comply with basic discovery obligations and court orders. That's especially true where a court "unequivocally g[a]ve a litigant notice" of his obligations. *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992) (imposing sanctions for plaintiff's refusal to provide deposition testimony); *see also U.S. Bank*

10

*National Association v. Epperson*, 2020 WL 13533888, at *3 (W.D. Mo. Feb. 26, 2020). In *Epperson*, the defendants failed to answer discovery requests timely and refused to sit for their depositions. *Id.* at 1. After a hearing, the court ordered the defendants to respond to discovery and appear for their depositions, cautioning them that "their failure to adhere to this Court's order could result in sanctions, including but not limited to attorney's fees and costs." *Id.* The defendants only partly complied with the court order, and the court ultimately imposed sanctions, requiring the defendants to pay the plaintiff's attorneys' fees incurred from defendants' violations. *Id.* at 2–3.

Mr. Human's conduct is far worse here. As detailed above, he refused to comply with the most basic discovery obligations. He failed to meaningfully respond to Fisher's discovery requests, despite waiving all objections. *Id.* at 3–4. He refused to provide his devices for inspection despite waiving all objections to that too. *Id.* at 4. He refused to sit for his deposition. *See supra* at 4. And when Fisher asked to meet and confer by phone, Mr. Human's counsel refused. *Id.* at 5. He did so even though Fisher asked him five separate times to do so, and even after it expressly cited this Court's meet and confer requirements. *Id.*

All this culminated in a needless hearing on January 22. Mr. Human's counsel had no excuse for his and his client's many violations at the hearing. *Id.* at 5–6. The outcome was an order instructing Mr. Human to comply with the Court's previous orders and his basic discovery obligations. No party should have to incur that time and expense merely to proceed with discovery. *Schoffstall v. Henderson*, 223 F.3d 818, 824 (8th Cir. 2000) ("hounding" a party "for discovery instead of preparing the case is sufficient prejudice for sanctions to be imposed"); *see also Burns*, 2003 WL 21968408, at *7 (It is "unquestionably a misuse of federal resources to disobey a court order designed specifically to maximize the potential for pre-trial resolution of disputes.").

11

Mr. Human's conduct since the January 22 hearing further confirms that the Court should impose sanctions. He continues to defy the orders the Court made at and after the hearing. As discussed at length above, he has produced no additional documents, still has not sat for deposition, and produced in bad faith an irrelevant decoy laptop for the device inspection. *See supra* at 7. And he has imposed as much expense on Fisher at every opportunity, including with last-minute dismissal requests. *Id.*

Courts routinely award sanctions for far less than Mr. Human's misconduct here. *See U.S. Bank Nat'l Ass'n*, 2020 WL 13533888, at *3 (imposing sanctions of nearly $5,000 for violation of court orders related to discovery); *In re Steward*, 529 B.R. 903 (E.D. Mo. 2015), *aff'd*, 828 F.3d 672 (8th Cir. 2016) (imposing $30,000 in sanctions for failure to participate in discovery in good faith); *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1012 (8th Cir. 1993) (affirming attorneys' fees sanction for failure to comply with court order); *Hunter v. Int'l Sys. & Controls Corp.*, 56 F.R.D. 617, 634 (W.D. Mo. 1972) (imposing fees plus interest for failure to participate in discovery); *Schubert v. Pfizer, Inc.*, 459 F. App'x 568, 575 (8th Cir. 2012) (affirming monetary sanctions imposed for refusal to comply with court orders); *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 597 (8th Cir. 2001) (similar).

The sanctions should include Fisher's fees for the January 22 hearing. They should also include the fees incurred for preparing this sanctions motion and any reply. *See Trbovich v. Ritz-Carlton Hotel Co.*, 166 F.R.D. 30, 33 (E.D. Mo. 1996) (awarding attorneys' fees incurred in preparation for a hearing on sanctions sought for failure to comply with discovery obligations). Awarding fees for the expense of a sanctions motion is routine. But it is especially appropriate here. Fisher made every effort to avoid the need for this motion by conferring with Mr. Human's counsel and even offered him a discount on the fees it incurred as a show of good faith. *See supra*

12

at 9. As has become typical, however, he simply ignored Fisher's good faith efforts to confer and imposed as much expense on Fisher as he could.

Fisher's motion for sanctions should be granted.

## V. CONCLUSION

In sum, the Court should (1) sanction Mr. Human by requiring him to pay Fisher's litigation expenses associated with the January 22 hearing and this sanctions motion and (2) permit Fisher to submit a memorandum of its fees and costs within 14 days.

Dated: March 19, 2025

Respectfully submitted,

/s/ *Alexander D. Terepka*
Alexander D. Terepka (*pro hac vice*)
James M. Ruley (*pro hac vice*)
Melanie G. Ng (*pro hac vice*)
WATSTEIN TEREPKA LLP
1055 Howell Mill Rd. 8th Floor
Atlanta, Georgia 30318
Tel: (213) 839-3317
alex@wtlaw.com
jruley@wtlaw.com
mng@wtlaw.com

Matthew D. Guletz, #57410(MO)
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, MO 63101
(314) 552-6311
Fax: 314-552-7000
mguletz@thompsoncoburn.com

*Attorneys for Defendant Fisher Investments, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this March 19, 2025, I caused to be electronically filed the foregoing document in the United States District Court for the Eastern District of Missouri, with notice of same being electronically served via email to Plaintiff's counsel.

*/s/ Alexander D. Terepka*
Alexander D. Terepka
