**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

**DANIEL HUMAN**, individually and on
behalf of all others similarly situated,

     Plaintiff,

v.

**FISHER INVESTMENTS, INC., AND
SMART ASSET ADVISORS, LLC,**

     Defendants.

**Case No. 4:24-cv-01177-MTS**

**JURY TRIAL DEMANDED**

**DEFENDANT FISHER INVESTMENTS'S
REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL**

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ......................................................................................................1

II.     ARGUMENT ............................................................................................................2

      A.    Mr. Human's Response Confirmed that He Failed to
            Comply with the Court-Ordered Device Inspection Deadline ...............................2

      B.    Mr. Human's Response Confirms that the Court Should
            Compel Further Document Production and Interrogatory Responses....................4

      C.    Mr. Human Should Be Compelled to Sit for Deposition After He Is
            Compelled to Produce Additional Responsive Documents in His Possession........7

      D.    Mr. Human's Various Attempts to Distract This Court
            from His Misconduct Fail and Should Be Disregarded...........................................7

      E.    The Court Should Involuntarily Dismiss Plaintiff's
            Amended Complaint and Award Monetary Sanctions in Fisher's Favor.............11

III.    CONCLUSION .......................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Gunapt Dev., LLC v. Peine Lakes, L.P.*,
   641 F. Supp. 3d 605 (E.D. Mo. 2022) ...................................................................3

*Human v. Alleviate Tax, LLC*,
   Case 4:24-cv-00981-SRC (E.D. Mo.) ..................................................................5

*Human v. Anderson Corp.*,
   Case 4:24-cv-00196-HEA (E.D. Mo.) .................................................................4

*Human v. Cox Auto. Inc.*,
   Case 24SL-CC08176 (Mo. Ct. St. Louis Cnty.)..................................................4

*Human v. David Ramirez & Assoc., Inc.*,
   Case 24SL-CC01657 (Mo. Ct. St. Louis Cnty.) ..................................................5

*Human v. Dicarlo Ins. LLC*,
   Case 23SL-CC05285 (Mo. Ct. St. Louis Cnty.) ..................................................5

*Human v. Dream Style Remodeling of Idaho, LLC*,
   Case 4:24-cv-00226-JSD (E.D. Mo.)...................................................................5

*Human v. Healthmarkets Ins. Servs., Inc.*,
   Case 4:24-cv-00187-MTS (E.D. Mo.) ..................................................................5

*Human v. Int'l Union of Police Ass'ns AFL (CIO)*,
   Case 4:24-cv-00570-SEP (E.D. Mo.) ...................................................................5

*Human v. Liberty GMC*,
   Case 24SL-CC03845 (Mo. Ct. St. Louis Cnty.) ..................................................5

*Human v. NORC at the Univ. of Chicago*,
   Case 24SL-CC03278 (Mo. Ct. St. Louis Cnty.)..................................................5

*Human v. Viking Steel Structures, LLC*,
   Case 4:24-cv-01634-NCC (E.D. Mo.) ..................................................................5

*Jasperson v. Purolator Courier Corp.*,
   765 F.2d 736 (8th Cir. 1985) .................................................................................3

*PolicyScout LLC v. Human*,
   Case 2:23-cv-00934 (D. Utah) ..............................................................................6

*Rodgers v. Curators of Univ. of Missouri*,
   135 F.3d 1216 (8th Cir. 1998) .........................................................................4, 11

*Tarvisium Holdings, LLC v. Dukat, LLC*,
    2021 WL 5534688 (W.D. Mo. Mar. 22, 2021) ...........................................................................2

*Tolden v. City's Finest, LLC*,
    2025 WL 252466 (E.D. Mo. Jan. 21, 2025) ..........................................................................1, 7

## I.    INTRODUCTION

Fisher's motion to compel (ECF No. 66) established that Mr. Human violated his basic discovery obligations and this Court's orders over and over again. Mr. Human has failed, several times over, to produce crucial documents, respond to interrogatories, sit for a deposition after a full document production, and comply with the court-ordered device inspection. Most egregiously, when Mr. Human was left with no other option after this Court properly rejected his two last-minute attempts to dismiss this case, he wasted Fisher's time (and money) by producing a decoy laptop at the device inspection. He then filed a frivolous appeal in a desperate attempt to prevent Fisher from timely seeking court intervention regarding Mr. Human's ongoing failure to comply with this Court's discovery orders. In light of Mr. Human's repeated violations, the Court should compel Mr. Human to produce key discovery that he inexcusably withheld, involuntarily dismiss his claims, and award monetary sanctions to Fisher to compensate it for unnecessary expenses Mr. Human imposed.

Mr. Human fails to respond to several key points Fisher raised, including that he admitted in writing that he disposed of a desktop computer right before the court-ordered device inspection deadline. ECF No. 66-2 (Ruley Decl.) at 37–38. The rest of Mr. Human's brief and supporting papers fare no better, as they are intended to distract the Court from Mr. Human's discovery misconduct and bad faith. His submissions include many irrelevant and nonsensical arguments, including multiple pages arguing that Fisher should produce data from Mr. Human's own cell phone that he already possesses and produced to Fisher.

The Court should disregard Mr. Human's scattershot attempts to "shift blame" to Fisher. *Tolden v. City's Finest, LLC*, 2025 WL 252466, at *1–2 (E.D. Mo. Jan. 21, 2025) (Schelp, J.). Fisher's motion to compel discovery and award related sanctions should be granted.

## II.     ARGUMENT

### A.     Mr. Human's Response Confirmed that He Failed to Comply with the Court-Ordered Device Inspection Deadline

Fisher's motion established that Mr. Human admitted in writing that he disposed of a desktop computer *immediately* before the court-ordered device inspection. This point alone confirms that Mr. Human has egregiously violated the Court's orders and discovery obligations.

Mr. Human has failed to meaningfully respond to this point and thus concedes it. *See, e.g.*, *Tarvisium Holdings, LLC v. Dukat, LLC*, 2021 WL 5534688, at *2 (W.D. Mo. Mar. 22, 2021) (finding that a party conceded an argument by failing to respond). Mr. Human's own emails show that the weekend before the Monday, January 27, 2025 device inspection, he disposed of his "old desktop" computer because it supposedly had "some terrible meltdown":

---

**From:** Dan Human <danlovestopolo@gmail.com>
**Sent:** Tuesday, February 4, 2025 8:32:37 AM
**To:** James Ruley <jruley@wtlaw.com>
**Subject:** Re: Human v Cox Automotive

[Warning – external]
Negotiations under FRE 408 or local rule

Mr. Ruley-

I'm hoping that my former email made it your way regarding the loss of my old desktop. If not, then hopefully this one reaches you. Since you haven't responded, I assume it did not.

---

**From:** Dan Human <danlovestopolo@gmail.com>
**Sent:** Wednesday, January 29, 2025 1:52 AM
**To:** jruley@wtlaw.com <jruley@wtlaw.com>
**Subject:** Human v Cox Automotive

Mr. Ruley-

I apologize for this inconvenience....I had some terrible meltdown of my geriatric computer this weekend and had to replace it. Please address any new emails to this address.

Thank you,


Dan

---

2

ECF No. 66-2 at 37–38 (cleaned up).

Mr. Human doesn't even attempt to address this point or what happened to his desktop. He instead offers artfully worded claims that he *no longer* has any devices. *See* ECF No. 69 at 10 ("Mr. Human produced the only computer in his possession at the device inspection and the only one he owned, a Dell laptop he purchased from a former employer years prior at a silent auction."). That half-hearted explanation leaves wide open what Mr. Human already admitted—that he disposed of his desktop computer right before the court-ordered device inspection deadline and thus didn't produce it. Mr. Human doesn't even deny that (nor can he), so he simply makes the irrelevant claim he no longer has any other computers. *Id.* at 13 (carefully worded present tense statement that "Mr. Human does not own, nor possess any other computers"). Of course he doesn't. He disposed of another computer he had to prevent Fisher from inspecting it.

Mr. Human's failure to respond to his own emails showing he disposed of his desktop right before the court-ordered device inspection "is to be deemed an abandonment of that issue." *Jasperson v. Purolator Courier Corp.*, 765 F.2d 736, 740 (8th Cir. 1985); *see also Gunapt Dev., LLC v. Peine Lakes, L.P.*, 641 F. Supp. 3d 605, 620 (E.D. Mo. 2022) (Schelp, J.) (granting summary judgment to defendants where "Plaintiffs failed to respond to Defendants' arguments on that point").

Mr. Human's egregious destruction of evidence directly violated a court order and his basic discovery obligations. This point alone confirms that the Court should grant Fisher's motion to compel, involuntarily dismiss Mr. Human's claims, and award monetary sanctions in favor of Fisher.

B.    **Mr. Human's Response Confirms that the Court Should Compel Further Document Production and Interrogatory Responses**

In its motion to compel, Fisher outlined the crucial categories of documents Mr. Human still hasn't produced despite waiving all objections to Fisher's requests. Mr. Human's response confirms that Fisher's motion should be granted.

First, Mr. Human touts that he produced additional documents at 11:21 p.m.—the literal eleventh hour—and less than thirty minutes before filing his response brief. That doesn't get him anywhere to avoid sanctions for his discovery misconduct under controlling Eighth Circuit authority. *See Rodgers v. Curators of Univ. of Missouri*, 135 F.3d 1216, 1223 (8th Cir. 1998) (affirming involuntary dismissal where plaintiff intentionally delayed discovery and produced responsive documents at the "eleventh-hour [in an attempt] to cure his violation of a discovery order").

Second, Mr. Human's small eleventh-hour production is woefully inadequate, confirming that the Court should compel an additional production. This "final supplemental disclosure," as Mr. Human called it, contains a small fraction of the documents Mr. Human must produce. His 487-page production includes all 418 pages he previously produced, including the hundreds of pages of documents that shouldn't be in his production, like Fisher's own discovery responses. His "final" production contains only 69 pages that he hadn't previously produced, and they consist of only the following:

- Just six out of the *at least* dozens of responsive settlement agreements that Mr. Human entered into to resolve his many alleged TCPA lawsuits. Mr. Human failed to produce other responsive settlement agreements, *including with Fisher's counsel's other clients*. *See Human v. Anderson Corp.*, Case 4:24-cv-00196-HEA, Doc. 16 (E.D. Mo. April 4, 2024) (providing "notice that the parties have reached a settlement in the above case"); *Human v. Cox Auto. Inc.*, Case 24SL-CC08176, Doc. 3 (Mo. Ct. St. Louis Cnty., Feb. 6, 2025) (notice of settlement). Mr. Human has entered into far more than six settlement agreements *over the past year alone*

to resolve alleged TCPA disputes, again confirming that he has knowingly failed to produce responsive documents.[1]

- 3 pages of highly redacted credit card statements purporting to pay for an unspecified StraightTalk account.

- 1 page screenshot depicting an IP address with unspecified origins.

- 27 pages of publicly available webpages, including a Google search for the subject phone number that identifies several of the aliases Mr. Human and an unsigned copy of StraightTalk Wireless' terms and conditions.

Mr. Human nevertheless claims his paltry "final" production includes everything Fisher requested. ECF No. 69 at 11–12. That is false. Here is a summary of some of the crucial materials Fisher requested, as it explained in its motion, that Mr. Human still has refused to produce:

- "Documents showing whether Mr. Human even owns the phone number that received the alleged calls (a threshold requirement to pursue his claims)." ECF No. 66 at 10.

  o Fisher still has not received *any* documents showing whether Mr. Human owns the subject phone number, like a cell phone bill showing who the account owner is. He has instead produced at most a few records suggesting he may pay for the bill, which is not the same as being the account holder for the cell number. This information is crucial because Mr. Human's claims fail if he does not even own the phone number at issue. And failing to produce these easy-to-obtain records is inexcusable.

- "Documents that will expose Mr. Human's fraudulent scheme of consenting to calls and then falsely denying it, including hundreds of communications with other

---

[1] *See, e.g.*, *Human v. Healthmarkets Ins. Servs., Inc.*, Case 4:24-cv-00187-MTS, Doc. 18 (E.D. Mo. Mar. 3, 2024) (notice of settlement); *Human v. Dream Style Remodeling of Idaho, LLC*, Case 4:24-cv-00226-JSD, Doc. 22 (E.D. Mo. April 15, 2024) (notice of settlement); *Human v. Int'l Union of Police Ass'ns AFL (CIO)*, Case 4:24-cv-00570-SEP, Doc. 26 (E.D. Mo. July 30, 2024) (notice of settlement); *Human v. Alleviate Tax, LLC*, Case 4:24-cv-00981-SRC (E.D. Mo. Sept. 16, 2024) (notice of settlement); *Human v. Viking Steel Structures, LLC*, Case 4:24-cv-01634-NCC, Doc. 13 (E.D. Mo. Jan. 17, 2025) (agreed stipulation of dismissal, noting "the matters in dispute between them have been compromised and settled"); *Human v. Dicarlo Ins. LLC*, Case 23SL-CC05285, Doc. 18 (Mo. Ct. St. Louis Cnty., April 10, 2024) (notice of settlement); *Human v. David Ramirez & Assoc., Inc.*, Case 24SL-CC01657, Doc. 15 (Mo. Ct. St. Louis Cnty., June 4, 2024) (notice of settlement); *Human v. NORC at the Univ. of Chicago*, Case 24SL-CC03278, Doc. 11 (Mo. Ct. St. Louis Cnty., Aug. 15, 2024) (notice of settlement); *Human v. Liberty GMC*, Case 24SL-CC03845, Doc. 14 (Mo. Ct. St. Louis Cnty., Dec. 5, 2024) (agreed stipulation of dismissal, noting "the claims of Daniel Human have been fully settled, compromised and satisfied").

companies that informed Mr. Human that they only called his alleged phone number because they had consent to call." *Id.*

o      This evidence is crucial because it will likely show a years-long pattern of Mr. Human defrauding various other victims of his scheme under various aliases, including the alias he used with Fisher (Veronica Moreno). There is no doubt that Mr. Human possesses numerous responsive records. To take just one example, he routinely emails the companies he sues or threatens to sue, as the screenshotted emails above show.

o      But Mr. Human has not produced a single responsive communication. He has not even produced communications with PolicyScout, another company that sued him for fraud after he claimed TCPA violations even though he consented to the calls. *See PolicyScout LLC v. Human*, Case 2:23-cv-00934, ECF No. 1-1 ¶¶ 25–30 (D. Utah) (discussing letters sent from Mr. Human to PolicyScout alleging TCPA violations).

• "Documents that will expose Mr. Human's intentional impersonation of Veronica Moreno, the individual listed on the subject lead form containing Mr. Human's telephone number." ECF No. 66 at 10.

o      Mr. Human claims that he doesn't have anything responsive to these requests, but that's false. The device inspection revealed that Mr. Human's phone received dozens of text messages addressed to TCPA aliases like "Veronica Moreno" from multiple senders. So it is likely that there are emails and letters addressed to "Veronica Moreno" in Mr. Human's possession that need to be produced.

o      That includes Mr. Human's desktop computer, to the extent it still exists, which likely has evidence showing communications addressed to "Veronica Moreno," the email address associated with that alias (vmoreno43@gmail.com), and Mr. Human's other aliases.

• "Documents that will show Mr. Human's internet history and IP addresses for the date that a lead form containing Mr. Human's telephone number was submitted, including documents indicating Mr. Human's ISP and any use of a VPN or other technology to obscure IP addresses." *Id.*

o      Mr. Human has yet to produce documents revealing his internet service provider ("ISP") or provide his full internet usage history for a select few dates in the summer of 2024, as Fisher requested. This discovery is crucial because a subpoena on Mr. Human's ISP can show records of what devices he used on his network. This discovery is even more crucial now that it is clear that Mr. Human is destroying his devices despite the court-ordered device inspection.

6

And those are just some of the key document requests that Mr. Human continues to refuse to comply with. He has also failed to meaningfully respond to several key interrogatories that he did not object to. *Id.* at 6. Mr. Human still hasn't supplemented his interrogatory responses, which is undisputed.

Mr. Human's response confirms that he has egregiously failed to produce documents or respond to interrogatories. This too independently confirms that the Court should grant Fisher's motion and all the relief Fisher seeks.

### C.    Mr. Human Should Be Compelled to Sit for Deposition After He Is Compelled to Produce Additional Responsive Documents in His Possession

Mr. Human claims he has cooperated with Fisher's attempts to take his deposition. The record is the opposite. As Fisher's motion established, it noticed his deposition for mid-February after Mr. Human agreed to produce documents before his deposition, by February 3. *Id.* at 13–14. Mr. Human then breached his own agreement and did anything he could to derail this case, including by filing a frivolous interlocutory appeal. *Id.* Mr. Human cannot force Fisher to depose him before receiving crucial documents he refuses to produce. The Court should compel Mr. Human to sit for deposition within 7 days of making an adequate document production.

### D.    Mr. Human's Various Attempts to Distract This Court from His Misconduct Fail and Should Be Disregarded

Recently, this Court dismissed a case involuntarily where the plaintiff repeatedly ignored repeated Court orders and failed to provide timely discovery responses. *Tolden*, 2025 WL 252466, at *1–2. That plaintiff, like Mr. Human here, could not provide "any justification" for such failures and attempted to improperly "shift blame" to defendants. *Id.* As Fisher discussed in its opening brief, Mr. Human's conduct to date has been far more egregious than the *Tolden* plaintiff. ECF

No. 66 at 15. Here, too, Mr. Human does nothing but try to shift blame to Fisher. All his blame-shifting efforts fail.

*First*, Plaintiff claims that Fisher didn't produce data that its forensic examiner obtained from Mr. Human's own phone during Fisher's court-ordered device inspection. That makes no sense. Mr. Human already possesses that data on his own phone. There is no need for Fisher to produce data to Mr. Human that *he provided Fisher*. The same is true for document productions. A party receiving a document production does not need to turn around and re-produce the same documents to the producing party. Such circular productions would be a waste of resources.

*Second*, Plaintiff mistakenly claims that Fisher is withholding "thousands of pages" of responsive documents. ECF No. 69 at 5. But it is not. It is unclear what documents Mr. Human thinks Fisher possesses that would be in the scope of limited phase one discovery. Fisher has produced all its records about the calls with Mr. Human, including records of the alleged calls and the lead data showing Fisher obtained consent before calling Mr. Human's alleged number. The various objections Plaintiff cited don't show otherwise. They simply preserve Fisher's objections in the unlikely event that this case progresses to phase two of discovery. In any event, Mr. Human has not even met and conferred with Fisher's counsel about his purported concerns about Fisher's discovery responses per the court-ordered process to do so. ECF No. 34 ¶ 3(d)(i) (requiring counsel to "speak (in person or by telephone) with opposing counsel in good faith" before raising discovery disputes with the Court).

*Third*, Mr. Human claims he didn't blow off a 10:00 a.m. start time for the court-ordered device inspection on January 27 while he was filing improper notices of dismissal last minute. The record is the opposite. In fact, Mr. Human's counsel was the one who suggested a 10:00 a.m. start time. ECF No. 66-1 (Terepka Decl.) at 594 (January 23, 2025 email from E. Butler to defense

counsel stating "Plaintiff will produce his phone and laptop at the offices of your local counsel on January 27, 2025 at 10:00 a.m. for inspection"). Fisher's counsel confirmed that time and the location less than 24 hours after Plaintiff attempted to impose conditions on the device inspection. *Id.* at 593 (January 24, 2025 email from M. Ng to E. Butler). Hearing nothing, defense counsel followed up with Plaintiff again to confirm that he would attend the inspection. *Id.* at 593 (January 25, 2025 email from M. Ng to E. Butler stating, "Please confirm that Mr. Human will produce his laptop and phone for inspection at 10 a.m. on Monday . . . without the limitations you improperly inserted.").

But Mr. Human didn't show because he filed an improper dismissal notice *minutes* before the time he agreed to in a transparent and calculated effort to impose maximum burden and expense. Fisher's team rearranged everything to proceed with the device inspection in the afternoon once the Court struck Mr. Human's improper dismissal attempts. *See id.* at 597, 639. Only then, late in the afternoon of January 27—and the deadline for Mr. Human to comply with the court-ordered device inspection—did Mr. Human appear at Fisher's forensic examiner's office with a cell phone and a decoy laptop. ECF No. 66-3 (Herfordt Decl.) at 3 ¶ 6 ("On the morning of January 27, 2025, I flew to St. Louis for the device inspection, which was to occur at 10:00 AM CT. Mr. Human did not show up at the scheduled time. He did not arrive until late afternoon.").

*Fourth*, Mr. Human complains (ECF No. 69 at 6) about a subpoena Fisher served on a third party that likely has relevant information about Mr. Human's communications on a messaging app he may be using to perpetrate his fraud. His jurisdictional complaints about Canada are irrelevant and meritless. That is especially true because Fisher *never even served the subpoena* (though it intends to do so in the event the Court extends phase one discovery).

*Fifth*, Mr. Human claims that the protective order's length somehow impeded his supplemental document production, but that is demonstrably false. Mr. Human's counsel reviewed and approved the protective order in February 2025 but obstructed the process by refusing to sign off on a joint filing. *See* ECF No. 50-3 at 3 (February 18, 2025 email from E. Butler to M. Ng at 6:28 PM, stating "Hi Melanie, I had the chance to read your proposed Protective Order, and don't have any edits."). Despite reviewing and approving the proposed protective order more than a month ago, Mr. Human's counsel now claims that the protective order somehow slowed down his client's small and inadequate additional production more than a month later. *Id.*; ECF No. 50 at 1.

*Sixth*, Mr. Human claims he "did not refuse to participate in the Joint Proposed Scheduling Order." ECF No. 69 at 16. The record speaks for itself on that point, as Fisher has covered several times elsewhere. ECF No. 16 at 1–2; ECF No. 68 at 6; *see also* ECF No. 66-1 at 9–10, 13–14, 18–19.

*Seventh*, Mr. Human complains of the expenses his conduct has imposed on Fisher. That is entirely a problem of Mr. Human's own making that he could have avoided by not filing a fraudulent lawsuit. On top of that, Mr. Human's conduct has improperly imposed expense on Fisher and expanded these proceedings at every turn. Mr. Human filed an improper interlocutory appeal with the Eighth Circuit to purport to deprive the Court of jurisdiction in a transparent attempt to evade his discovery obligations, as his counsel all but admitted. ECF No. 66-1 at 642–43. Mr. Human also broke his commitment to produce documents by February 3. ECF No. 66-2 at 3 ¶ 8, 33–35. And, for the court-ordered device inspection, Mr. Human produced a laptop he knew was an irrelevant decoy and admitted in writing that he destroyed a key responsive desktop one or two days before the inspection deadline. ECF No. 49-1 at 3 ¶ 15; ECF No. 66-2 at 37–38. Mr. Human's repeated, intentional conduct has thus imposed massive unnecessary expense on Fisher,

and he should not be heard to complain of that now. That is especially so because Mr. Human has ignored all of Fisher's efforts to avoid unnecessary expense, including its offer to accept *less than* the fees it incurred for the January 22 hearing so it wouldn't have to file a sanctions motion. ECF No. 66-1 at 633–34.

Mr. Human's various attempts to "shift blame" to Fisher are improper and they fail in any event, confirming that Fisher's motion should be granted. *Tolden*, 2025 WL 252466, at *1–2.

### E.    The Court Should Involuntarily Dismiss Plaintiff's Amended Complaint and Award Monetary Sanctions in Fisher's Favor

Fisher's motion established that the Court should involuntarily dismiss Mr. Human's claims and award monetary sanctions to Fisher. Fisher cited more than a dozen cases for this relief, none of which Mr. Human responds to. ECF No. 66 at 11–12, 15, 17–19.

The record is now even more clear that Mr. Human egregiously and repeatedly violated his discovery obligations and this Court's orders. To distract from his intentional delay tactics, Mr. Human made a woefully inadequate, "eleventh-hour" document production, which only confirms that the Court should involuntarily dismiss his claims. *Rodgers*, 135 F.3d at 1218, 1221–21 (affirming involuntary dismissal where plaintiff intentionally delayed discovery and ignored court-ordered obligations). He has done nothing but try to improperly shift blame to Fisher. And he has failed to address his own emails showing he disposed of a desktop computer *immediately* before the court-ordered device inspection deadline. Mr. Human's response thus confirms that the Court should involuntarily dismiss his claims and award monetary sanctions in favor of Fisher.

### III.    CONCLUSION

The Court should grant Fisher's motion and the relief it seeks in its entirety.

Dated: March 26, 2025                    Respectfully submitted,

                                         /s/ *Alexander D. Terepka*
                                         Alexander D. Terepka (*pro hac vice*)
                                         James M. Ruley (*pro hac vice*)
                                         Melanie G. Ng (*pro hac vice*)
                                         WATSTEIN TEREPKA LLP
                                         1055 Howell Mill Rd. 8th Floor
                                         Atlanta, Georgia 30318
                                         Tel: (213) 839-3317
                                         alex@wtlaw.com
                                         jruley@wtlaw.com
                                         mng@wtlaw.com

                                         Matthew D. Guletz, #57410(MO)
                                         THOMPSON COBURN LLP
                                         One US Bank Plaza
                                         St. Louis, MO 63101
                                         (314) 552-6311
                                         Fax: 314-552-7000
                                         mguletz@thompsoncoburn.com

                                         *Attorneys for Defendant Fisher Investments, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this March 26, 2025, I caused to be electronically filed the foregoing document in the United States District Court for the Eastern District of Missouri, with notice of same being electronically served via email to Plaintiff's counsel.

<span style="margin-left:50%"><i>/s/ Alexander D. Terepka</i><br>Alexander D. Terepka</span>