IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL HUMAN, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:24-cv-01177-MTS |
| ) | |
| vs. ) | |
| ) | |
| Fisher Investments, Inc., and ) | |
| Smart Asset Advisors, LLC, ) | |
| ) | |
| Defendants. ) | |

I. **STATEMENT OF UNCONTROVERTED MATERIAL FACTS**

1. Plaintiff Daniel Human is the subscriber, natural person and the sole user of the cell phone number 208-390-XXXX' and is financially responsible for the bill associated with the aforementioned cellular phone. See *Human Dec.* ¶2; *Exhibits C and D*.

2. This number was personally registered by Daniel Human on the National Do Not Call Registry and Missouri Do Not Call registry in 2023. See *Human Dec.* ¶3; *Compl.* ¶31-32; *Exhibit F*.

3. The number is not associated with any business. *Hum. Dec.* ¶4.

4. The number is for personal use. *Hum. Dec.* ¶5.

5. On or about June 24, 2024, Plaintiff began receiving unsolicited telemarketing calls on his private residential cellphone from telemarketer Teddy Parks who claimed to be calling on behalf of Fisher Investments without Plaintiff prior express written consent. *Hum, Dec* ¶6; *Exhibit's B-C*.

6. The stated purpose of the illegal calls by Defendants was to market their investment related services. *Hum. Dec.* ¶7; Exhibit's B-C

7. At no time leading to these calls had Plaintiff provided Fisher or Smart Asset Advisors, LLC with his cellphone number nor otherwise given the Defendants his prior express written consent to call it. See *Human Dec.* ¶6, 23, 25-28.

8. Upon answering the calls, Plaintiff was met with the various pauses, clicks, automated prompts, squealing, various robotic sounds and computer-generated sounds and so-called "dead air" that form the hallmarks of automatic telephone dialing system, which constitutes an automatic dialing system. See *Human Dec.* ¶9.

9. The Defendants then engaged in a sale script during each call, which Plaintiff felt to be a violation of his privacy, right to seclusion, and was harassing, annoying, frustrating and abusive. *Human Dec.* ¶11.

10. Plaintiff advised telemarketer, Teddy Parks, that he was too busy to take the call and he was interrupting his work and family time. *Hum. Dec.* ¶11.

11. On more than one occasion telemarketer, Teddy Parks, made Plaintiff's telephone ring and when Plaintiff sent the call to voicemail, Parks failed to leave a message, properly identifying himself, or stating the purpose of the call, which Plaintiff further found to be a violation of his privacy, right to seclusion, and was harassed, annoyed, frustrated and abused. *Hum. Dec.* ¶12; *Exhibits B and C*.

2

12.     Each of the illegal telemarketing calls were condoned, encouraged, enticed, and ratified by Defendants Fisher and Smart Assets and their agents, employees and/or vendors, as detailed supra:[1]

| | | | |
|---|---|---|---|
| a. | 6/24/24 | 10:32 am | (800) 681-1312 |
| b. | 2024/06/24 | 15:32:45 | (800) 681-1312 |
| c. | 2024/06/27 | 19:45:06 | (800) 681-1312 |
| d. | 2024/07/01 | 21:51:49 | (800) 682-8096 |
| e. | 2024/07/09 | 15:28:08 | (800) 682-8096 |
| f. | 2024/07/12 | 19:06:56 | (800) 682-8096 |
| g. | 2024/07/17 | 11:12:48 | (800) 681-1312 |
| h. | 2024/7/17 | 11:06 | (800) 682-8096 |

*Human Dec. ¶13; Exhibits B and C.*

13.     During each call the Defendants' telemarketer solicited Plaintiff to purchase investment information from or through Defendants Fisher. *Human Dec. ¶¶13*, 15.

14.     During this series of calls, Plaintiff could not identify the caller prior to answering the calls because the telemarketer blocked or circumvented his caller identification service, which scared Plaintiff and made him believe there was a problem with his family or friends. *Human Dec. ¶8. Exhibits B and C.*

15.      The defendants abused Plaintiff's phone time and personal time. *Human Dec. ¶15; Exhibits B and C.*

16.      At no time did the callers announce that they had received Plaintiff's number from a website smartasset.com, which Plaintiff had never visited. *Human Dec. ¶8, 23, 25-28.*

---

[1] The defendants continued to ask for an unknown individual that is not associated with this phone number named Moreno. *See Exhibit B.*

3

17. The Defendant acting on behalf of Defendant Fisher persistently harassed, annoyed and violated the Plaintiff's rights to privacy and seclusion and wasted his time with each individual call even though he is registered on the Federal and Missouri Do Not Call registry and has been for years prior to their unsolicited calls to his private, personal residential cell phone. *Human Dec.* ¶18; *Exhibit's B, C and F.*

18. Plaintiff's privacy and right to seclusion have been grossly, deliberately, and repeatedly violated by the above-described telemarketing calls and was severely annoyed, harassed, humiliated and frustrated by several Fisher telemarketers. *Human Dec.* ¶17-18.

19. Defendant's aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in his cellular telephone and cellular telephone line, caused him to incur provider fees, the depletion of his battery life, wear, and tear on his phone equipment and by intruding upon Plaintiff's right to privacy and seclusion as well as being annoying, abusive and harassing. *Human Dec.* ¶22.

20. Defendant's phone calls harmed Plaintiff by wasting his time. *Human Dec.* ¶19.

21. Plaintiff did not provide prior express written consent to receive these calls on his private residential phone number from Defendants Fisher or Smart Asset Advisors, nor have the Defendants provided evidence of Plaintiffs prior express written consent to place their calls to the number dialed. *Human Dec.* ¶23.

22. At no time during any of the Defendant's telemarketing calls did any telemarketer or Defendant Fisher Investments state that their unsolicited calls were being made for emergency purposes. *Human Dec.* ¶24.

23. Plaintiff does not have a prior business relationship with Defendant Fisher Investments, its telemarketers, or SmartAsset Advisors, LLC. *Human Dec*. ¶25.

24. Plaintiff has not visited the website smartasset.com or fisher.com. nor has anyone done so and input his private residential phone number with his knowledge or consent. *Human Dec*. ¶26.

25. Daniel Human has never provided telemarketer Teddy Parks with prior express written consent to dial his private residential phone number. *Human Dec*. ¶28.

26. Daniel Human has never provided Fisher or SmartAsset.com with his cellphone number. *Human Dec*. ¶27.

27. Defendant Fisher's illegal phone calls were committed knowingly and willfully in that when Plaintiff began hanging up on Parks, the telemarketer would call back and hang up with no message despite that Plaintiff is registered on the Missouri and national do not call registries *Human Dec. ¶21*. See Exhibits B and C.

                                                                                                      Respectfully submitted,

                                                                                                      /s/Edwin V. Butler
Edwin V. Butler Mo. 32489
Attorney At Law
Butler Law Group, LLC
1650 Des Peres Rd., STE 220
St. Louis, MO 63131
edbutler@butlerlawstl.com
(314) 504-0001

Attorney for the Plaintiff

This 18th day of March, 2025.