UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL HUMAN, *individually and on behalf of others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:24-cv-01177-MTS |
| FISHER INVESTMENTS, INC., *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER TO SHOW CAUSE UNDER RULE 11(c)(3)

Federal Rule of Civil Procedure 11(b) provides:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Plaintiff Daniel Human and Counsel for Plaintiff Edwin V. Butler, II must show cause why the following actions they undertook did not violate Rule 11(b):

- The unilateral filing of a "Notice of Voluntary Dismissal," Doc. [37], on the morning of January 27, 2025—mere minutes before a scheduled device inspection that the Court had ordered and the timing of which had been mutually arranged between the parties in writing.

- The unilateral filing of a second "Notice of Voluntary Dismissal," Doc. [39], that same date after the Court already explained Plaintiff could not unilaterally dismiss the case under the Federal Rules of Civil Procedure. *See* Doc. [38]. This second filing again delayed the scheduled device inspection that the Court had ordered and the timing of which had been mutually arranged between the parties in writing.

- The filing of a Notice of Appeal, Doc. [43], in this Court, which Plaintiff maintained divested this Court of jurisdiction over the matter. The Court of Appeals for the Eight Circuit *sua sponte* dismissed Plaintiff's "premature appeal." *See* Doc. [47].

For these three instances, Plaintiff and Mr. Butler shall show cause, in writing and no later than **Friday**, **April 11, 2025**, why these filings did not violate Rule 11(b). Specifically, Plaintiff and Mr. Butler must show why these filings were warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. *See* Fed. R. Civ. P. 41(a); Doc. [38]; Doc. [40]. Given the timing of each filing having been just before an impeding Court-Ordered

deadline or discovery obligation, *see* Doc. [34], Plaintiff and Mr. Butler also shall show cause why these filings were not presented for an improper purpose, such as to cause unnecessary delay or needlessly increase the cost of litigation.

Defendant Fisher Investments, Inc. may file a memorandum regarding Plaintiff and Mr. Butler's filings no later than **Friday**, **April 18, 2025**. Plaintiff and Mr. Butler may file any replies thereto no later than **Wednesday**, **April 23, 2025**.

So **ORDERED** this 31st day of March 2025.

 MATTHEW T. SCHELP
 UNITED STATES DISTRICT JUDGE