Edwin V Butler
Butler Law Group
Edbutler@butlerlawstl.com
(314) 504-0001

June 3, 2025

VIA ECF
Hon. Matthew T. Shelp
U.S. District Court, Eastern District of Missouri
111 S. 10th St.
Courtroom 14 South
St. Louis, MO 63102

**Re: Daniel *Human v Fisher Investments, Inc. Case No. 4:24-cv-01177-MTS***
**Plaintiff's Response to Fisher's Letter Motion to Compel Further Responses to Mr. Human's Inadequate Damages Discovery Document Production and Interrogatory Responses**

Dear Judge Schelp:

Fisher's motion letter, as ordered by this Court continues to allege that Plaintiff committed "fraud" yet has failed to produce a scintilla of evidence of such, even though they claimed that the cell phone, which Mr. Human produced, "contained evidence of fraud." Fisher refuses to divulge this report.

Their claim in the motion letter that Mr. Human's responses (none of which they cite in the motion letter) "were inadequate". The motion letter goes on to say that "Fisher's request seeks evidence showing Mr. Human's pattern and practice of his scheme to sue companies that had consent to call his number and then falsely deny consent." Again, they make this claim without producing any evidence of this allegation. There is no such evidence of a scheme. Fisher has not addressed a single objection raised by the original discovery response, which was clearly specified pursuant to Rule 3.04 (C).

Additionally, it should be noted that Fisher has been served with notice of Mr. Human's bankruptcy filing, which includes many of the answers they seek here.

As to the specific items that they seek:

Interrogatory No. 3

Mr. Human reiterates his original response, and incorporates by reference each objection, which Fisher has failed to address or overcome, that was provided. Mr. Human would add that the estimates of any settlement payments are listed on his revised bankruptcy filing, which Mr. Human's bankruptcy counsel failed to disclose as income on the original bankruptcy filing, though figures for the six (6) months prior to the bankruptcy

filing had been disclosed by Mr. Human to his bankruptcy counsel. That oversight has since been remedied by the Counsel handling that filing. However, Mr. Human believes that these settlements are for “concrete personal injuries” (so designated by the Federal Courts and the Supreme Court). Considering the Complaints were properly filed as personal injury torts and contained allegations of personal injuries, it is Mr. Human’s layman understanding of the tax code that this is not taxable income. Moreover, this matter is completely irrelevant to Fisher’s claim of damages and is an unjustified fishing expedition to further harass Mr. Human.

Interrogatory No. 4

Mr. Human reiterates his original response, and incorporates by reference each objection, which Fisher has failed to address or overcome, that was provided. Mr. Human does not keep any record, either digital or hard copy, of settled claims. Those that were provided were in possession of Mr. Human’s counsel.

Interrogatory No. 5

Mr. Human reiterates his original response and incorporates every objection which Fisher has failed to address or overcome, that was provided. In addition, Mr. Human paid tens of thousands of dollars to support his ex-wife, who was unemployed, for rent and bills, and tens of thousands more to assist his son, who is a recovering addict with debts and other obligations.

Interrogatory No. 6

Mr. Human reiterates his original response, and incorporates each objection, which Fisher has failed to address or overcome, that was provided. Additionally, as stated above, Fisher has been copied with the bankruptcy filing, which lists Mr. Human’s assets, including his bank account.

Request for Production No. 8

Mr. Human reiterates his original response and incorporates by reference each and every objection which Fisher has failed to address and overcome, that was provided. This is completely irrelevant to the request for damages more than two years before this suit was filed. Mr. Human did not reside at 10423 Conway Rd. in 2022.

Request for Production Nos. 9, 10. 11.
Mr. Human reiterates his original response and incorporates by reference every objection which Fisher has failed to address or overcome, that was provided. Mr. Human does not have in his possession or control the documents requested beyond those provided.

Request for Production Nos. 13, 14, 15, 19

Mr. Human reiterates his original response and incorporates by reference every objection previously lodged which Fisher has failed to address or overcome. Additionally, as answered above Fisher has been served with Mr. Human's bankruptcy filing, which enumerates many of the requests here and thus has that information in their possession.

Request for Production No. 18

Mr. Human reiterates his original response and incorporates by reference every objection previously lodged, which Fisher failed to address or overcome, that was provided. Additionally, as stated above (and referenced in Footnote 1 of his original response), Mr. Human filed these complaints as personal injury torts for concrete personal injuries, stated in the complaints, and as such does not believe these settlements are taxable income, though he is not an accountant or tax attorney.

Finally, this is clearly a fishing expedition on the part of Fisher. Fisher is fully aware that when the Court struck all of Mr. Human's pleadings, the most drastic remedy available, the case was essentially over. The subsequent multiple and vexatious filings, emails, letters, etc. by Fisher's attorneys are an indication that they are unnecessarily multiplying their fees to add further damages and costs to this case. Fisher's attorneys continue to claim fraud but have not produced any evidence of any kind. Fisher's contention that this Court should award them fees or costs for Mr. Human's bankruptcy filing is beyond the pale.

Respectfully,

/s/ Edwin V Butler
Edwin V Butler