UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL HUMAN, *individually and on behalf of others similarly situated*, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )   Case No. 4:24-cv-01177-MTS ) |
| FISHER INVESTMENTS, INC., *et al.*, | ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Dismiss for Lack of Jurisdiction. Doc. [120]. Because the Motion is meritless, the Court will deny it. In the Motion—Plaintiff's latest attempt to delay or dispose of this litigation after things went south for him—Plaintiff argues that, since he was *pro se* when he filed this putative class action, the action "was a legal nullity" and everything filed in this action is therefore "entirely void." Doc. [121] at 6. Plaintiff is correct that a *pro se* litigant generally cannot maintain a class action. *See Ezekoye v. Ocwen Fed. Bank FSB*, 179 F. App'x 111, 113 (3d Cir. 2006) (per curiam); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *Wolfe v. Yellow Cab Co-op., Inc.*, 880 F.2d 417 (9th Cir. 1989) (unpublished table decision). But Plaintiff is incorrect that his inclusion of class allegations in his original pleading rendered this action a legal nullity. Indeed, the case he repeatedly cites to support that proposition, *Jones ex rel. Jones v. Correctional*

*Medical Services, Inc.*, 401 F.3d 950 (8th Cir. 2005), in no way stands for that proposition.

Plaintiff has pointed to no case that actually supports his argument. This shortcoming is not surprising; no logic undergirds Plaintiff's position. An action is not a class action until a district court certifies it as one. *See* Fed. R. Civ. P. 23(c). "Although such an action is often referred to as a class action when it is filed, it is, at the time of filing, only a would-be class action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 937 (9th Cir. 2001); *accord Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974) ("It is true that an action is not maintainable as a class action merely because it is designated as such in the pleadings."). Thus, Plaintiff's mere inclusion of class allegations in his pleading did not render the action a legal nullity. *Cf. Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (holding *pro se* litigant's pleadings "to less stringent standards than formal pleadings drafted by lawyers"); *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam) (explaining that an imperfect statement of a legal theory is not grounds for dismissal).

This common-sense conclusion is evident by looking to the many federal courts that consistently allow *pro se* plaintiffs purporting to bring a class action to proceed on their individual claims. *See Lang v. Nordstrom, Inc.*, 229 F.3d 1143 (4th Cir. 2000) (per curiam) (table decision) (finding district court properly dismissed a *pro se* plaintiff's class action claims but vacating the order and remanding "to allow [plaintiff] to pursue his individual claims"); *Chambers v. SPCA of Tex.*, 3:06-cv-1957, 2007 WL 9712190, at *5 n.8 (N.D. Tex. June 21, 2007) (Ramirez, J.) ("[W]hen a pro se plaintiff files suit on

behalf of himself/herself and other citizens, but the case has not been certified as a class action, the Court construes plaintiff's claims as being asserted only on plaintiff's behalf."); *see also, e.g.*, *Cofield v. Keefe Corp.*, 4:16-cv-1390-RWS, 2016 WL 5661627, at *2 (E.D. Mo. Sept. 30, 2016) (dismissing all claims the *pro se* plaintiff purported to bring on behalf of a class and "proceed[ing] to treat the complaint as affecting only plaintiff's interests"); *Schmit v. Cox*, 1:24-cv-4664-RER, 2024 WL 3835139, at *3 (E.D.N.Y. Aug. 15, 2024) (explaining that "[r]ather than dismiss a purported *pro se* class action outright, courts construe the pleadings as individual claims").

In sum, this Motion—like Plaintiff's other ploys before it—was not warranted by existing law. The fact that Plaintiff improperly attempted to bring a *pro se* class action here did not render this action—and certainly not Defendant's counterclaim—a legal nullity. Plaintiff's argument that this Court therefore "lack[s] . . . jurisdiction" over this action is wrong. *See* Doc. [120] ¶ 10.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss for Lack of Jurisdiction, Doc. [120], is **DENIED**.

Dated this 28th day of July 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE