IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| Daniel Human, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| Vs. | ) | No. 4:24-cv-01177-MTS |
| | ) | |
| Fisher Investments, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO COMPEL FISHER'S PRODUCTION OF DOCUMENTS,**

COMES NOW Plaintiff Daniel Human, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 26, 34 and 37(a) to compel Defendant Fisher to produce all documents requested in Plaintiff's Second Request for Document production, herein for the following reasons:

1. On or about June 16, 2025, Plaintiff served Defendant Fisher with his Second Request for Production of Documents with thirty-eight (38) specific requests to produce documents directly relevant to each paragraph of Fishers counterclaim and Fishers repeated and false representations to this Court that they possessed significant and substantial evidence that Mr. Human committed fraud in this case. See Exhibit A, attached hereto and fully incorporated herein by reference as though set forth word for word herein.

2. On July 7, 2025, Fisher served Plaintiff with its response which largely contained irrelevant, immaterial objections, additional attorney bills, and no evidence or documents relevant to the issue of fraud, the IP address used to create the lead on SmartAsset.com., nor a single document or evidence which linked the Plaintiff or anyone acting on his behalf to the creation of that lead. See Exhibit B.

3. All the Plaintiff's requests are relevant and material to Fisher's counterclaim for fraud and are intended to resolve this case and conserve further judicial resources. For example, Plaintiff requested:

- All non-privileged documents which refer to, support, evidence, or in any way reference Fisher's paragraph 1 of its introduction section of its Counterclaim, Doc. 45, page 21.
- All non-privileged documents which refer to, support, evidence, or in any way reference Fisher's paragraph 2 of its introduction section of its Counterclaim, including, but not limited to all documents which Fisher contends Mr. Human has committed fraud, Doc. 45, page 21.
- All non-privileged documents which refer to, support, evidence, or in any way reference Fisher's paragraph 3 of its introduction section of its Counterclaim, Doc. 45, pp. 21-22.
- All non-privileged documents which refer to, support, evidence, or in any way reference Fisher's paragraph 4 of its introduction section of its Counterclaim, including, but not limited to all documents which Fisher contends Mr. Human has committed fraud, Doc. 45, page 22.
- All non-privileged documents which refer to, support, evidence, or in any way reference Fisher's paragraph 5 of its introduction section of its Counterclaim, including, but not limited to, all documents which Fisher contends Mr. Human has committed fraud, Doc. 45, page 22.
- All non-privileged documents which refer to, support, evidence, or in any way reference Fisher's paragraph 6 of its introduction section of its Counterclaim, including, but not limited to all documents which Fisher contends Mr. Human has committed fraud and that his litigation history "underscores that this lawsuit is part of Human's pattern and practice of consenting to calls for the purpose of setting up lawsuits and then fraudulently denying it." Doc. 45, page 22.
- All non-privileged documents which refer to, support, evidence, or in any way reference Fisher's paragraph 7 of its introduction section of its Counterclaim, including, but not limited to all documents which Fisher contends Mr. Human has committed fraud and that his anything Mr. Human has done was an "effort to cover up evidence that would expose his misconduct," as well as all documents which evidence any and all misconduct alleged. Doc. 45, page 23.
- All non-privileged documents which refer to, support, evidence, or in any way reference Fisher's paragraph 8 of its introduction section of its Counterclaim, including, but not limited to all documents which Fisher contends Mr. Human has committed fraud, Doc. 45, page 23.
- All non-privileged documents which refer to, support, evidence, or in any way reference Fisher's paragraph 13 of its Factual Background section of its Counterclaim, including, but not limited to all documents which Fisher contends Mr. Human has committed fraud, and that "some serial litigants have used it as a weapon to extract settlements based on fraudulent claims. Doc. 45, page 24.
- All non-privileged documents which refer to, support, evidence, or in any way reference Fisher's paragraph 14 of its Factual Background section of its Counterclaim, including, but not limited to all documents which Fisher contends illustrate that Mr. Human has committed fraud, and that Fisher called Daniel Human legitimately and affirmatively consented to receive calls from Fisher. Doc. 45, page 24.
- All non-privileged documents which refer to, support, evidence, or in any way reference Fisher's paragraph 15 of its Factual Background section of its Counterclaim, including, but not limited to all documents which Fisher contends illustrate that Mr. Human has committed fraud, and that Fisher called Daniel Human legitimately and affirmatively consented to receive calls from Fisher. Doc. 45, page 24.
- All non-privileged documents which refer to, support, evidence, or in any way reference

Fisher's paragraph 16 of its Factual Background section of its Counterclaim, including, but not limited to all documents which Fisher contends illustrate that Mr. Human has committed fraud, and that Fisher called Daniel Human legitimately and affirmatively consented to receive calls from Fisher, as well as all document which Fisher contends are related to Daniel Human and/or the lead form referenced. Doc. 45, page 24.

- All non-privileged documents which refer to, support, evidence, or in any way reference Fisher's paragraph 16 of its Factual Background section of its Counterclaim, including, but not limited to all documents which Fisher contends illustrate that Mr. Human has committed fraud, and/or that Daniel Human or someone acting on his behalf submitted a lead form in June 2024 on www.smartasset.com, as well as all documents which Fisher contends are related to Daniel Human and/or the lead form referenced. Doc. 45, page 24.
- All non-privileged documents which refer to, support, evidence, or in any way reference Fisher's paragraph 17 of its Factual Background section of its Counterclaim, including, but not limited to all documents which Fisher contends illustrate that Mr. Human has committed fraud, and/or that Daniel Human or someone acting on his behalf falsely submitted a lead form in June 2024 on www.smartasset.com, and then clicked the submit button, as well as all documents which Fisher contends are related to Daniel Human and/or the lead form referenced, including the IP address from which this lead form was generated. Doc. 45, page 25.
- All non-privileged documents which refer to, support, evidence, or in any way reference Fisher's paragraph 18 of its Factual Background section of its Counterclaim, including, but not limited to all documents which Fisher contends illustrate that Mr. Human has provided express written consent to receive calls from Defendant Fisher, as well as all documents which Fisher contends are related to Daniel Human and/or the lead form referenced, including the IP address from which this lead form was generated. Doc. 45, page 25.
- All non-privileged documents which refer to, support, evidence, or in any way reference Fisher's paragraph 19 of its Factual Background section of its Counterclaim, including, but not limited to all documents which Fisher contends illustrate that Mr. Human has committed fraud, and/or that Daniel Human submitted a lead form in June 2024 on www.smartasset.com, as well as all documents which Fisher contends are related to Daniel Human and/or the lead form referenced, including the IP address from which this lead form was generated. Doc. 45, page 25.
- All non-privileged documents which refer to, support, evidence, or in any way reference Fisher's paragraph 20 of its Factual Background section of its Counterclaim, including, but not limited to all documents which Fisher contends illustrate that Mr. Human, "Despite knowing that he gave express consent to receive the Subject Call, Human proceeded to file a class action lawsuit against Fisher, alleging that it called him without his consent in purported violation of the TCPA." Doc. 45, page 25.
- All non-privileged documents which refer to, support, evidence, or in any way reference Fisher's paragraph 22 its Counterclaim, including, but not limited to all documents which Fisher contends illustrate that Mr. Human or someone acting on his behalf, "made false representations of material fact when he provided Fisher and Smart Asset express consent to call him at the Subject Number by submitting the Subject Lead with the intention of using those calls to manufacture a TCPA lawsuit." Doc. 45, page 25.
- All non-privileged documents which refer to, support, evidence, or in any way reference Fisher's paragraph 23 its Counterclaim, including, but not limited to all documents which Fisher contends illustrate that Mr. "Human knew that these representations were false and intended that Fisher would rely on that information." Doc. 45, page 25.
- All non-privileged documents which refer to, support, evidence, or in any way

reference Fisher's paragraph 24 its Counterclaim, including, but not limited to all documents which "Fisher reasonably relied on Human's express consent so that it would only contact people legitimately interested in Fisher's services and comply with its obligations under the TCPA." Doc. 45, page 25.

- All non-privileged documents which refer to, support, evidence, or in any way reference Fisher's paragraph 25 its Counterclaim, including, but not limited to all documents which reference, illustrate, or Fisher suggests or implies "Human provided express consent knowing that the Subject Number would be contacted by companies that called persons who consented to receive such calls." Doc. 45, page 26.
- All non-privileged documents which refer to, support, evidence, or in any way reference Fisher's paragraph 26 its Counterclaim, including, but not limited to all documents which reference, illustrate, or Fisher suggests or implies "Human has now filed this action against Fisher and Smart Asset, claiming that they contacted him in violation of the TCPA and Missouri's No Call List. In doing so, Human continues to use his misrepresentations and false information to pursue his meritless claims against Fisher." Doc. 45, page 26.
- All non-privileged documents which refer to, support, evidence, or in any way reference Fisher's paragraph 27 its Counterclaim, including, but not limited to all documents which reference, illustrate, or Fisher suggests or implies "Because of Fisher's justifiable reliance on Human's false representations, Fisher has suffered damages in the form of monetary and non-monetary harm, including harm to its valuable goodwill and reputation, its employees' time and resources, and other financial damages, including the legal fees and costs associated with investigating and defending against Human's claims." Doc. 45, page 26.
- All non-privileged documents which refer to, support, evidence, or in any way reference Fisher's Counterclaim, including, but not limited to all documents which reference, illustrate, or suggest or implies Fisher has a good reputation, all BBB and attorney general complaints filed against Fisher for misconduct, documents relating to the sexual misconduct claims against Fisher's founder.
- All nonprivileged documents which refer to, support, evidence or in any way dispute the claims Fisher has made in its counterclaim.
- All nonprivileged documents memorializing all statements made by anyone person or expert whom Fisher intends to call as a witness in any proceeding related to this case.
- All documents authored by Fisher and/or Telemarketer Teddy Parks relate to verifying that Mr. Human's personal residential phone number was not on the Missouri and National Do Not Call lists prior to making calls to the subject number.
- Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to the Plaintiff's Second Request for Document production in this case.
- All contracts and documents representing agreements with any vendors, including Smart Asset Advisors, LLC that provided you the phone numbers of the Plaintiff and/or who contacted the Plaintiff.
- All communications with any vendors that provided you with or you provided them with the phone number of Plaintiff as they relate to telephone number acquisition.
- A copy of all settlement agreements Fisher has entered with any other party regarding alleged TCPA claims against Fisher.

- Please produce all documents related to policies for compliance with the TCPA, MDNC and the FCC's regulations thereunder and all documents necessary to construct a timeline when each policy was promulgated and placed in force and effect. This request specifically includes, but is not limited to, policies related to the following:
  - a. compliance with the TCPA and MDNC, including, but not limited to the rules, regulations, opinions, advisories, comments or filings of the Federal Communications Commission that relate to the TCPA or 47 C.F.R. § 64.1200.
  - b. obtaining or verifying prior express consent;
  - c. complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*
- Please produce a copy of your Do Not Call list, including the date(s) each telephone number was added to the Do Not Call list and any other identifying party set forth on that list.
- Provide copies of all nonprivileged communications with any third party concerning this litigation.
- For any website identified in response to the prior request, produce all access logs and error logs during the day you assert that Plaintiff . . . visited that website.

4. By contrast, Fisher repeated the same objections to all thirty-eight (38) documents requests specific to its fraud allegations, merely regurgitating:

> Fisher objects to this Request because it seeks information beyond the scope of this phase of discovery, which is limited to Fisher's damages. ECF No. 112 at ¶ 4. Fisher further objects that this Request is vague and ambiguous, unduly burdensome, disproportionate to the needs of the case, seeks irrelevant information, and seeks records not in Fisher's possession, custody, control. Fisher objects to this Request because it seeks privileged communications. This Request also improperly appears to seek records relating to people other than Mr. Human.
>
> Fisher has nevertheless produced or will produce the following documents in this case: Records reflecting consent to call Mr. Human's phone number via a SmartAsset lead, records about Fisher's calls with Mr. Human, and documents reflecting Fisher's damages (including legal bills and lost employee time).

See Exhibit B, Id.

5. Considering the uncontestable material fact that Fisher has not, and now refuses to produce any evidence, whatsoever, that Mr. Human has committed fraud, or that he or someone acting on his behalf submitted a lead to smartasset.com., they should be compelled to do so, or this case should be dismissed with prejudice at Fisher's cost.

6. In good faith, the undersigned engaged in a meet and confer with Fisher's counsel via telephone conference on July 23, 2025, and Fisher refused to produce any evidence of fraud or supplement their document production which consisted only of their bills.

7. Mr. Human is entitled to documents responsive to each of these narrowly focused, specific requests for evidence of the fraud considering Fisher's counsel has repeatedly represented to this Court that they are in possession of significant and substantial evidence that Mr. Human has committed fraud in this case.

8. Mr. Human is severely prejudiced in this case and for lack of a better phrase, it is time to produce this alleged substantial and significant evidence of fraud, or alternatively, the Court should sanction Fisher under its inherent authority and dismiss this case for their deliberately false representations.

WHEREFORE Plaintiff Daniel Human respectfully prays this Court enter an Order compelling Fisher to produce responsive documents to each document request above, and if they fail to do so, to dismiss this case with prejudice, and for such further relief the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/Edwin V. Butler
Edwin V. Butler Mo. 32489
Attorney At Law
Butler Law Group, LLC
1650 Des Peres Rd., STE 220
St. Louis, MO 63131
edbutler@butlerlawstl.com
(314) 504-0001

Attorney for the Plaintiff

This is the 28th day of July, 2025.