IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Daniel Human, | ) |
|               Plaintiff. | ) |
| Vs. | ) No. 4:24-cv-01177-MTS |
| Fisher Investments, Inc. | ) |
|               Defendant. | ) |

## DANIEL HUMAN'S MOTION TO QUASH DEFENDANT FISHER'S DUPLICATIVE SUBPOENA DUCES TECUM'S DIRECTED TO ATTORNEY EDWIN BUTLER AND THE BUTLER LAW GROUP, LLC

COMES NOW Plaintiff Daniel Human, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 45(d)(3), files his Motion to Quash Defendant Fisher's duplicative Subpoena *Duces Tecum's to Edwin V. Butler, personally, and the Butler Law Group, LLC* and its Memorandum in Support as follows:

1. On or about June 4, 2025, Defendant Fisher served Attorney Edwin V. Butler and the Butler Law Group, LLC, with two identical Subpoena Duces Tecum's at Mr. Human's deposition. See Subpoenas, attached herein as Exhibit's A and Exhibit B. The subpoenas failed to include both witness fees and costs checks involved in the obvious expense of producing any documents.

2. The subpoenas both stated an unenforceable and clearly unreasonable response date of roughly twenty-four hours, or June 5, 2025 at 5:00 pm in stark violation of Federal Rule 45(d)(2)(b)(i). See Exhibits A and B.

3. Defendant Fisher is abusing its subpoena powers and is clearly on a fishing expedition, providing insufficient notice and an opportunity to respond to third parties in

1

hope of pressuring uninterested parties into unethically divulging attorney-client privileged information, protected work product, and seeks information which is not related to the subject-matter of this litigation, i.e. its damages.

4. These subpoenas, for example, provide a non-interested third party with approximately one (1) day to research, review for attorney-client privilege, work product privilege, file written objections and memoranda, and/or provide what could possibly be 1,000 or more pages of material that is not relevant or material to Fisher's damages. Fisher's Subpoenas are virtually identical and are unduly burdensome, beyond the scope of any reasonable discovery and seek information which is privileged, work product, contains requests for personal information and accounting from a law firm and its sole proprietor Attorney and could have been obtained from other sources.

5. Defendant Fisher has requested from Mr. Butler in Exhibit A:

- All documents evidencing any settlement funds or other money you received on Mr. Human's behalf since January 1, 2020, including bank and other records showing receipt of such funds.
- All documents evidencing what happened to any settlement funds or other money you received on Mr. Human's behalf, including records showing what person(s) you transferred such funds to, what account(s) you transferred such funds to, and what portion of the funds you kept.
- All documents evidencing Mr. Human's assets.
- Records (in any form, such as email) reflecting all agreements between you and Mr. Human, including but not limited to retention, retainer, or other agreements that memorialize the representation of Mr. Human in any TCPA lawsuit, as well as agreements that show what portion of settlement proceeds Mr. Human and you obtain from any settlements.
- All settlement agreements for any matter in which you represented Mr. Human.
- All correspondence or demand letters sent on Mr. Human's behalf alleging purported violations of the TCPA and/or Missouri No Call List and Telemarketing provisions.
- All communications received in response to correspondence or demand letters alleging purported violations of the TCPA and/or Missouri No Call List and Telemarketing provisions, including any attachments thereto.
- All documents in which a counter-defendant or opposing party asserted in

- response to pre-suit correspondence or a complaint filed on behalf of Mr. Human that they had consent to contact the number 208-390-1355 or any other of Mr. Human's alleged numbers.
- All records showing whether you or Mr. Human reported income from any of Mr. Human's settlements to the IRS.

In Exhibit B – Defendant Fisher again abuses its subpoena power and requests the identical information from the Butler Law Group, LLC, Mr. Butlers private law firm:

- All documents evidencing any settlement funds or other money you received on Mr. Human's behalf since January 1, 2020, including bank and other records showing receipt of such funds.
- All documents evidencing what happened to any settlement funds or other money you received on Mr. Human's behalf, including records showing what person(s) you transferred such funds to, what account(s) you transferred such funds to, and what portion of the funds you kept.
- All documents evidencing Mr. Human's assets.
- Records (in any form, such as email) reflecting all agreements between you and Mr. Human, including but not limited to retention, retainer, or other agreements that memorialize the representation of Mr. Human in any TCPA lawsuit, as well as agreements that show what portion of settlement proceeds Mr. Human and you obtain from any settlements.
- All settlement agreements for any matter in which you represented Mr. Human.
- All correspondence or demand letters sent on Mr. Human's behalf alleging purported violations of the TCPA and/or Missouri No Call List and Telemarketing provisions.
- All communications received in response to correspondence or demand letters alleging purported violations of the TCPA and/or Missouri No Call List and Telemarketing provisions, including any attachments thereto.
- All documents in which a counter-defendant or opposing party asserted in response to pre-suit correspondence or a complaint filed on behalf of Mr. Human that they had consent to contact the number 208-390-1355 or any other of Mr. Human's alleged numbers.
- All records showing whether you or Mr. Human reported income from any of Mr. Human's settlements to the IRS.

See Ex A and B.

6.     These requests are protected by the attorney client privilege, work product doctrine, they contain demands for personal and private information from an uninterested third party who has no bearing on this case, the information is also irrelevant and immaterial, and many of the documents sought could be obtained through other means and were part of Mr. Human's bankruptcy proceeding. They are repetitive, not relevant to any claim or defense in this case, and the information requested is inadmissible at trial. Defendant Fisher is not entitled to Mr. Butler's personal bank account information or his protected business records, information regarding what Mr. Butler did with any money he collected for fees in unrelated cases, nor any documents created because of these transactions from January 1, 2020, through the present date.

7.     Moreover, Fisher is abusing this Court's subpoena power by repeatedly asking this uninterested third party for documents evidencing Mr. Human's assets – those declarations were also part of the bankruptcy proceedings; attorney/client privileged correspondence between Mr. Butler and other attorneys conceived during alleged negotiations, and for IRS records which are obviously not in Mr. Butlers possession and were testified to within Mr. Human's deposition.

8.     Mr. Butler should not be unduly and financially burdened nor put at risk ethically with this harassing witch hunt nor forced to disclose protected communications to satisfy Defendant's counsel's curiosity. The information sought cannot possibly lead to the discovery of admissible evidence since the business relationship between Butler and Human has no bearing whatsoever on the issues presented.

9. All information requested through Plaintiff's counsel is available from other sources, yet Fisher has not attempted to obtain it elsewhere before seeking it from Plaintiff's attorney, thereby intruding on attorney-client relationships.

10. All of the information sought for the purposes of harassing Plaintiff's counsel and increasing his costs in this litigation, and are not relevant or material to Fishers damages, in that this wild and abusive fishing expedition is being undertaking under the blanket of Fisher plight for punitive damages, but Fisher has neither pleaded nor requested punitive damages in the body of its counterclaim, nor in its prayer for relief. Fisher is not entitled to any of these documents and the subpoenas should be quashed.

## Rules of Professional Responsibility

11. The Missouri Rules of Professional Responsibility 4-1.6 states that a lawyer "shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by Rule 4-1.6(b)."

12. The only relevant exception to this rule is Rule 4-1.6(b)(4) "(b) A lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary … to comply with other law or a court order".

13. Mr. Human has not authorized me to release the information requested in these

subpoenas.

14. I (Edwin V., Butler) do not believe that it is "reasonably necessary" to provide these documents because:

- All the information requested which is relevant to the above proceeding and reasonably calculated to lead to the discovery of evidence relevant can be obtained from other sources, such as from the adverse attorneys (who do not represent Mr. Human), which sources would not jeopardize my attorney-client responsibilities.

- Some of the requests involve disclosing my own personal and financial information, which is entirely irrelevant to the above proceeding, not reasonably calculated to lead to the discovery of evidence relevant to the above proceeding, are overly burdensome, and are designed to harass me and Mr. Human;

- Some of the requests involve disclosing my own business financial records, which are entirely irrelevant to the above proceedings, not reasonably calculated to lead to the discovery of evidence relevant to the above proceedings, are overly burdensome, and could include information containing other protected client information;

- Some of the requests involve disclosing my past contractual relationships with Mr. Human, which is entirely irrelevant to the above proceeding, not reasonably calculated to lead to the discovery of evidence relevant to the above proceeding, unnecessarily invasive of my privacy interests, and are designed to harass me and Mr. Human;

- Some of the requests involve protected and privileged work product, which is prohibited under state and federal law; and

4

- Carefully parsing and collecting these requests would require extensive time on my part, cannot be ethically performed by others, and for which I should be compensated as a professional at $400.00 per hour.

15. I am also unclear whether the Subpoena herein is a "court order" as contemplated by the Rules of Professional Responsibility. For example, Rule 45(d)(2)(B)(i) states "at any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection". This clearly implies that a subpoena is not an "order".

16. Federal Rule 45(d)(3)(A)(3)(iii) provides that "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that … (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies". Therefore, it appears that the appropriate remedy for me as an attorney is to request that these subpoenas be quashed.

**Undue Burden**

17. Federal Rule 45(d)(3)(A)(3)(iv) provides that "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that … subjects a person to undue burden."

18. As I have stated above, I believe that all these requests are unnecessary, overly burdensome, unnecessarily invasive with respect to personal and financial matters, and should prohibited in consideration of the Federal Rules, The Missouri Rules of Professional Responsibility, and basic fairness. It will also require an unreasonable amount of time for me to

5

have to comply with them – both physically and legally.

19. Further, all the relevant discovery that Defendant needs can be obtained without my involvement; Their failure to obtain this information from other sources does not, and should not, invoke any enhanced responsibility on my part or jeopardize my attorney-client relationship with Mr. Human.

20. The undersigned filed his written objections to Fisher regarding these overreaching and harassing subpoenas on July 22, 2025, at 3:54 pm, per the Courts directive which are incorporated fully herein by reference as though set forth word for word herein See Exhibit C.

21. The undersigned engaged in a meet and confer with Fisher's counsel via telephone conference on July 23, 2025, and Fisher refused to withdraw their unlawful subpoenas, prompting the instant motion.

22. For good cause and in the interest of justice, the underlying subpoenas *duces tecum* should be quashed in their entirety, and the Court should enter a protective order regarding any additional and repetitive discovery of this nature.

WHEREFORE Plaintiff Daniel Human respectfully prays this Court enter an Order quashing Defendant Fisher's ill-conceived and abusive subpoenas to Edwin V. Bulter and the Butler Law Group, LLC, that the Plaintiff be granted his costs and attorney fees for this motion, and for such further relief the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/Edwin V. Butler
Edwin V. Butler Mo. 32489
Attorney At Law
Butler Law Group, LLC
1650 Des Peres Rd., STE 220
St. Louis, MO 63131
edbutler@butlerlawstl.com
(314) 504-0001

Attorney for the Plaintiff

A true copy of the above and foregoing was served on Defendant Fisher through the Court's ECF filing and notification system this 28th day of July, 2025.