IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| Daniel Human, | ) | |
| Plaintiff. | ) | |
| Vs. | ) | No. 4:24-cv-01177-MTS |
| Fisher Investments, Inc. | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT FISHER'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FISHER'S PRODUCTION OF DOCUMENTS**

COMES NOW Plaintiff Daniel Human, by and through undersigned counsel, and files this Reply to Defendant Fisher's Opposition (ECF Nos. 132 & 133) to Plaintiff's Motion to Compel (ECF Nos. 130 & 131). Fisher's Opposition is riddled with misstatements, ignores key arguments in Plaintiff's Motion, and fails to rebut the core fact: Fisher has produced no evidence of fraud despite repeated representations to this Court that it possesses "significant and substantial" of such evidence. Fisher's phone records do not evidence fraud, they merely show calls to a number without linking Plaintiff to any fraudulent consent. The SmartAsset lead lacks Plaintiff's name, address, IP address, or geolocation and originated in Canada, not Plaintiff. Fisher's counsel's inflated bills exceed $150,000 but prove nothing beyond excessive billing, not fraud. This Court should grant Plaintiff's Motion, compel production, and consider sanctions, including dismissal, for Fisher's misrepresentations and discovery abuses.

## I. FISHER'S OPPOSITION MISREPRESENTS THE MEET AND CONFER PROCESS AND IGNORES THIS COURT'S ORDERS

Fisher falsely claims Plaintiff "violated this Court's orders by filing a motion to compel without requesting a conference with the Court in a three-sentence email." ECF No. 133 at 1. This is demonstrably untrue. As detailed in Plaintiff's Motion (ECF No. 131 at ¶6), the parties engaged in a good-faith telephone meet and confer on July 23, 2025, where Fisher refused to produce evidence of fraud or supplement its responses. Fisher's Opposition does not dispute this conference occurred or provide any evidence contradicting it. Instead, Fisher distorts the record to manufacture a procedural defect.

Under Fed. R. Civ. P. 37(a)(1), a motion to compel must include a certification of good-faith conferral. Plaintiff complied. Courts in this Circuit reject such baseless attacks on the meet-and-confer process. See, e.g., *Ashley v. McKinney*, 2021 WL 426022, at *5 (E.D. Mo. Feb. 8, 2021) (denying opposition where defendant failed to substantiate claims of non-compliance). Fisher's failure to address the July 23 conference waives any argument on this point. See *U.S. Commodity Futures Trading Comm'n v. Arrington*, 796 F.3d 873, 881 (8th Cir. 2015) (arguments not addressed in opposition are waived); *Franklin v. Potter*, 600 F. Supp. 2d 38, 60 (D.D.C. 2009) (failure to respond to argument concedes the issue).

## II. FISHER'S PRODUCTIONS DO NOT EVIDENCE FRAUD, AND ITS OPPOSITION FAILS TO REBUT RELEVANCE OR PROPORTIONALITY

Fisher claims it "fully complied" by producing phone records, call logs, and SmartAsset documents, asserting these "are evidence of Mr. Human's fraud." ECF No. 133 at 2-3. This is false. The phone records show only calls to a number, not fraudulent consent by Plaintiff. The SmartAsset lead originated in Canada from an unknown party, lacks Plaintiff's name, address, IP, or geolocation, and does not link to Plaintiff. No document ties Plaintiff to submitting the lead or consenting. Fisher's counsel has billed over $150,000, but these bills evidence only counsel's

fees, not fraud—despite repeated misrepresentations to this Court of possessing "significant and substantial evidence" of fraud.

A**. Relevance and Proportionality Favor Compelling Production**

Under Fed. R. Civ. P. 26(b)(1), discovery is relevant if it bears on any claim or defense and proportional considering the issues, amount in controversy, access to information, resources, importance, and burden. Plaintiff bears the initial burden of relevance; Fisher must then show undue burden. *Wesel v. Certus Healthcare Mgmt., LLC*, 2025 WL 1928081, at *2 (S.D. Ohio July 14, 2025); *Vallejo v. Amgen, Inc*., 903 F.3d 733, 742 (8th Cir. 2018) (relevance is broad; proportionality assessed holistically).

Requests 1-28 seek documents supporting each fraud allegation in Fisher's Counterclaim (Doc. 45). Without fraud evidence, there are no fraud damages—the sole discovery phase per ECF No. 112. These requests are directly relevant to whether damages exist. E.g., Request 17 seeks documents on the lead form, including IP address, which Fisher admits it lacks but could obtain from SmartAsset. Fisher's Opposition ignores this nexus, claiming requests are "untethered" to damages. ECF No. 133 at 1. This fails proportionality: the case involves fraud claims; Plaintiff lacks access to Fisher's/SmartAsset data; burden is minimal as Fisher has "practical ability" to obtain it. See *Toyota Motor Sales, U.S.A., Inc. v. Allen Interchange LLC*, 2024 WL 3617141, at *3 (D. Minn. Aug. 1, 2024) ("control" under Rule 34 includes legal right or practical ability to obtain from vendors); *Prokosch v. Catalina Lighting, Inc*., 193 F.R.D. 633, 636 (D. Minn. 2000) (same, in 8th Cir. district).

Requests 29-38 are equally relevant: e.g., TCPA compliance policies (Request 35) rebut fraud by showing Fisher's non-compliance; settlement agreements (Request 34) relate to pattern

of claims; Do Not Call lists (Request 36) verify calls. Fisher ignores these, waiving opposition. *Arrington*, 796 F.3d at 881. Proportionality weighs in favor: low burden, high importance to resolving fraud/damages. See *Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (relevance broad in fraud cases).

### B**. Fisher's Boilerplate Objections Are Invalid and Waived**

Fisher's identical objections to all 38 requests—"vague and ambiguous, unduly burdensome, disproportionate...seeks privileged communications"—are boilerplate and insufficient. ECF No. 131 at ¶4. They fail to specify how each request is objectionable. Fed. R. Civ. P. 34(b)(2)(B) requires specific objections; boilerplate is "tantamount to not making any objection at all." *Mancia v. Mayflower Textile Servs. Co*., 253 F.R.D. 354, 358 (D. Md. 2008); *Ligutom v. Sunrider Corp*., 2017 WL 11634308, at *2 (C.D. Cal. Jan. 17, 2017) (boilerplate waived objections). In the 8th Cir., such objections are invalid. See *Edeh v. Equifax Info. Servs., LLC*, 291 F.R.D. 330, 334 (D. Minn. 2013) (requiring specificity; general objections overruled). Fisher's Opposition does not defend these objections, conceding them. *Arrington,* 796 F.3d at 881.

## III. FISHER **FAILS TO ADDRESS KEY ISSUES, WAIVING THEM AND CONCEDING PRODUCTION**

Fisher's Opposition ignores multiple arguments, waiving them under 8th Cir. precedent. See id. (failure to respond concedes issue); U.S. v. Kirkie, 261 F.3d 761, 767 n.3 (8th Cir. 2001) (arguments not addressed waived).

- Fisher ignores Requests 27-38 entirely, including complaints against Fisher (Request 27, relevant to reputation/damages), witness statements (Request 29), DNC verification (Request 30), and access logs (Request 38). Waived and conceded.

- Fisher ignores its misrepresentations to the Court about possessing fraud evidence, warranting sanctions. Courts impose sanctions for such under inherent authority or Rule 11. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (inherent power to sanction bad-faith conduct); *Pope v. Fed. Express Corp.*, 974 F.2d 982, 984 (8th Cir. 1992) (sanctions for misrepresentations about evidence).
- Fisher ignores prejudice to Plaintiff from non-production, including inability to cross-examine the phone inspector. The phone, previously owned by Square One, may contain unrelated data. Fisher has the inspected data but refuses production. This is spoliation by withholding. See Fed. R. Civ. P. 37(e) (sanctions for failure to preserve/produce ESI); *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 162 (2d Cir. 2012) (sanctions where party withholds inspectable data). Plaintiff produced the phone; Fisher copied data but demands Plaintiff pay for reproduction. ECF No. 133 at 4. This shifts burden improperly. *Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 509 (D.S.D. 2015) (client controls attorney-gathered documents).

Fisher's invocation of Plaintiff's Fifth Amendment plea (ECF No. 133 at 3) is irrelevant; adverse inferences apply in civil cases but do not excuse non-production. Baxter v. Palmigiano, 425 U.S. 308, 318 (1976). Fisher produced no fraud evidence, rendering inferences moot.

## IV. **FISHER LACKS CONTROL OVER IP ADDRESS? UNTRUE AND IRRELEVANT**

Fisher claims no "possession, custody, or control" over the IP address, as SmartAsset holds it. ECF No. 133 at 3. False: As Fisher's vendor, SmartAsset data is under Fisher's control via practical ability/legal right. *Toyota Motor Sales*, 2024 WL 3617141, at *3; In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995) (control over third-party vendor documents). Fisher subpoenaed SmartAsset before; it can obtain the IP. *Edeh,* 291 F.R.D. at 337 (cannot compel what doesn't exist but must pursue obtainable data).

## V. **SPOLIATION CLAIMS ARE BASELESS; FISHER SHOULD BEAR COSTS[1]**

Fisher accuses Plaintiff of spoliation for "spoliat[ing] his phone." ECF No. 133 at 4. Untrue: Plaintiff produced the phone for inspection; any post-inspection issues stem from

[1] Fisher further misrepresents Mr. Human's testimony about the phone. Human has possession of the phone, he simply stopped paying the bill.

Fisher's handling. Rule 37(e) requires intent to deprive for sanctions; none here. *Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 746 (8th Cir. 2004) (spoliation needs bad faith). Fisher has the copied data—produce it without cost-shifting. Pacific Gas & Elec. Co. v. U.S., 69 Fed. Cl. 323, 325 (2005) (undue burden to reproduce opponent's data).

## CONCLUSION

Fisher has no fraud evidence, misrepresents its productions, and waives key arguments. The Court should compel production under Rules 26, 34, 37; if not, dismiss this case with prejudice and award fees/sanctions in favor of Mr. Human. *Chambers*, 501 U.S. at 43; Pope, 974 F.2d at 984.

Respectfully submitted,

/s/Edwin V. Butler
Edwin V. Butler Mo. 32489
Attorney At Law
Butler Law Group, LLC
1650 Des Peres Rd., STE 220
St. Louis, MO 63131
edbutler@butlerlawstl.com
(314) 504-0001

Attorney for the Plaintiff