IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **DANIEL HUMAN**, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>**FISHER INVESTMENTS, INC.,**<br><br>    Defendant. | Case No. 4:24-cv-01177-MTS<br><br>JURY TRIAL DEMANDED |

### FISHER'S RESPONSE TO JAMES MARKS' LATE ADDITIONAL BRIEFING ON MOTION TO QUASH

Per the Court's order at the July 17, 2025 status conference, Fisher submits this response to Mr. Marks' additional briefing in support of his motion to quash. ECF 141.

Fisher previously established that it subpoenaed two of Mr. Human's lawyers seeking non-privileged records only after Mr. Human refused to produce or destroyed them. Mr. Human's lawyers are the next best source and most appropriate third parties for this discovery, including because they both profited from Mr. Human's scheme. They now seek to avoid all responsibility to produce documents and instead foist that cost on other third parties, like the targets of Mr. Human's lawsuits. Despite Mr. Marks' belated assertion to the contrary, Fisher cannot obtain this information from other sources. For example, Fisher does not and cannot know the identity of all targets of Mr. Human's TCPA scheme because not all of Mr. Human's targets were publicly sued. Mr. Marks' motion to quash should be denied.

In the interest of efficiency and reducing expense, Fisher responds briefly to key arguments in Mr. Marks' memorandum (ECF No. 141) as follows:

- Mr. Marks missed his July 28 reply deadline, as set by the Court during the July 17th status conference. The Court should disregard Mr. Marks's nearly month-late brief for this reason alone.

- Contrary to Mr. Marks' argument at the status conference, there is no such thing as a broad privilege exemption that precludes attorneys from complying with subpoenas to produce nonprivileged documents about their representations of clients.

    - *In re Grand Jury Subpoena (Mr. S.)*, 662 F.3d 65, 69 (1st Cir. 2011) ("It is well-established that documents and things in the possession of a lawyer that are not privileged and are not work product must be produced in response to a properly served subpoena."); *Ellis v. Salt Lake City Corp.*, 2022 WL 1127899, at *4 (D. Utah Apr. 15, 2022) (ordering production of documents requested in subpoena to counsel, regardless of confidentiality on certain waived topics, but permitting withholding of communications on other topics where privilege not waived).

- Fisher's narrowly tailored subpoenas seek nonprivileged records from a source that directly profited from Mr. Human's fraudulent scheme. Mr. Marks complains that Fisher could obtain the requested information from other non-parties, but his complaints and cited authority fall short.

    - Mr. Marks' reliance on *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986) is misplaced and confirms that his motion to quash should be denied. The *Shelton* plaintiffs sought to depose opposing counsel as to the existence of certain documents, which Fisher has not done. *See also In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 71–72 (2d Cir. 2003) (another case that does not apply because it addresses deposition subpoenas). Moreover, *Shelton* does not apply to discovery about former, "concluded" matters, especially when, as here, "information known only by the attorneys regarding the prior concluded case was crucial." *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 729–30 (8th Cir. 2002).

    - Mr. Marks misrepresents (at 8) *In re Grand Jury Subpoenas*, 906 F.2d 1485, 1492 (10th Cir. 1992) to stand for the proposition "quash if alternatives available." The court actually said "[w]e need not resolve the issue of alternative sources" in the irrelevant context of grand jury subpoenas. *Id.* at 1496. In addition, the *In re Ex Parte Petition of JSC BTA Bank*, 2010 WL 4791803, at *2 (S.D.N.Y. Nov. 17, 2010) case Mr. Marks cites (at 12) does not exist and may be an AI hallucination.

    - Mr. Human should have already produced the discovery Fisher seeks in its subpoena. *See* ECF No. 112 at 2 n.2 ("the Court will not countenance future claims that a party could not provide a document simply because the document was not presently in the party's possession when the document

2

>   was nevertheless in the party's control."). Mr. Human's refusal to allow his counsel to produce the requested files is further proof these documents are in his control. *See* ECF No. 141 at 11 (Mr. "Human withheld consent").

- The records Fisher seeks are non-privileged, and there is no good faith basis for Mr. Marks to assert otherwise. For example, Fisher's requests seek communications to and from Mr. Human's adversaries in litigation or threatened litigation. Those cannot possibly be privileged or work product.

- The documents Fisher seeks are relevant to its damages, including punitive damages. The scheduling order unequivocally states that "Discovery shall proceed on Defendant (Counter-Plaintiff) [Fisher]'s damages." ECF No. 112 ¶ 4; *see, e.g., Green v. Miller*, 851 S.W. 2d 553, 555 (Mo. App. 1993).

- The burden of proving that a subpoena poses an "undue burden . . . is a heavy one." *Tyler v. Rahe*, 2014 WL 1875257, at *1 (W.D. Mo. May 9, 2014) (cits. omitted). Mr. Marks' vague, unsupported claims of burden fail. *See Cincinnati Ins. v. Fine Home Managers*, 2010 WL 2990118, at *1 (E.D. Mo. July 27, 2010) ("Bare assertions that the discovery requested is . . . unduly burdensome . . . are ordinarily insufficient."). Mr. Marks has failed to make any concrete showing of burden. Nor could he. Fisher's requests are not burdensome. They ask him to produce a limited set of non-privileged records relating to a single former client.

- Mr. Marks complains that Fisher has not produced evidence of Mr. Human's fraud. Not true. Fisher produced evidence Mr. Human consented to the calls he received and then falsely denied it to set up a lawsuit against Fisher, including evidence SmartAsset produced per a subpoena. Fisher's forensic examiner copied the data on two of Mr. Human's devices, and Mr. Human received an astronomical number of communications intended for dozens of other people on his "personal" device, including communications where Mr. Marks likely represented Mr. Human. *See* ECF No. 66-3 ¶ 11. Mr. Human's destruction of evidence, his testimony at a hearing in this case, and his deposition testimony all constitute significant additional evidence of fraud. So does his pattern and practice of asserting TCPA claims against companies that had consent to call his number, which his lawyers are now attempting to cover up by refusing to produce any documents.

- Lastly, Fisher didn't fail to respond to anything. Mr. Marks apparently believes that Fisher needs to respond to every single case he cites, but that is not correct, especially because the case law he cites does not apply—and in some cases does not appear to even exist.

For the foregoing reasons, Fisher respectfully requests that this Court deny the motions to quash and order compliance with the subpoenas without objection on an expedited basis.

Dated: September 10, 2025

Respectfully submitted,

/s/ *Alex Terepka*
Alexander D. Terepka (*pro hac vice*)
Melanie Ng Silva (*pro hac vice*)
**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Tel: (213) 839-3317
alex@wtlaw.com
mngsilva@wtlaw.com

Matthew D. Guletz, #57410(MO)
**THOMPSON COBURN LLP**
One US Bank Plaza
St. Louis, Missouri 63101
(314) 552-6311
Fax: 314-552-7000
mguletz@thompsoncoburn.com

*Attorneys for Fisher Investments, Inc.*

5

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this September 10, 2025, I caused to be electronically filed the foregoing document in the United States District Court for the Eastern District of Missouri, with notice of same being electronically served via email to Mr. Human's counsel.

<u>/s/ Alex Terepka</u>
Alex Terepka

Case: 4:24-cv-01177-MTS   Doc. #:  145   Filed: 09/10/25   Page: 5 of 5 PageID #: 3534