UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL HUMAN, *individually and on behalf of others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:24-cv-01177-MTS |
| FISHER INVESTMENTS, INC., *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of Plaintiff/Counter-Defendant Daniel Human's latest Motion for Summary Judgment. Doc. [142]; *see also* Doc. [52] (Human's first motion for summary judgment); Doc. [60] (Human's second); Doc. [71] (Human's third). Like the others before it, the Court will deny this latest Motion for multiple reasons. First, as Human well knows, the Court decided that his actions in this litigation warrant the striking of his pleadings, including his Answer. *See* Doc. [82] (41:1-6) (announcing that the Court will strike Human's pleadings in a forthcoming written order); *see also* Doc. [89] (denying one of Human's previous motions for summary judgment for this very reason). Thus, the issue of Human's liability is no longer in dispute. But even assuming the Court does not strike Human's Answer, his Motion for Summary Judgment should be denied for at least two additional reasons.

Human's declaration, which purports to be made under 28 U.S.C. § 1746, contains his typed name only, seemingly being offered as an electronic signature. An electronic

signature does not suffice here.  Regardless of whether an electronic signature is proper under § 1746, *compare Blount v. Stanley Eng'g Fastening*, 55 F.4th 504, 515–16 (6th Cir. 2022), *with Flakes v. Carr*, No. 21-2464, 2022 WL 519909, at *1 (7th Cir. Feb. 22, 2022) (unsigned and unpublished order), this Court's Local Rule 2.11 requires that Human's declaration be physically signed.  *See* E.D. Mo. L.R. 2.11 (providing that an electronically filed document created for the litigation "must be physically signed" if signed by someone "other than an attorney of record").  Human cannot rely on his unsigned declaration for purposes of summary judgment.  *See* Fed. R. Civ. P. 56(c)(1)(A); *Williams v. Donahoe*, 4:13-cv-1150-CAS, 2014 WL 6083133, at *3 (E.D. Mo. Nov. 13, 2014) (explaining that a court cannot rely on plaintiff's unsworn statements at summary judgment).  The Court already has brought this exact requirement to Human's attention.  *See* Doc. [59] (explaining this same issue to Human); *see also* Doc. [62] at 2 (referring to the "troubling pattern of Plaintiff's careless disregard for Court Rules and directives even after they explicitly are called to his attention").[1]

Lastly, even if Human met his initial burden on summary judgment as the movant, which he did not, the record here would allow the merits of Defendant/Counter-Plaintiff

---

[1] The Court likely would strike Human's declaration for another reason, even if he properly signed it.  A litigant cannot invoke his Fifth Amendment right, refusing to answer questions related to certain conduct, as Human did at his deposition, only to submit an affidavit in support of summary judgment denying that same conduct.  *See In re Edmond*, 934 F.2d 1304, 1309 (4th Cir. 1991); *Tolliver v. Fed. Republic of Nigeria*, 128 F. App'x 469, 471 n.1 (6th Cir. 2005); *see also United States v. $148,840.00 in U.S. Currency*, 521 F.3d 1268, 1277 (10th Cir. 2008) (joined by Gorsuch, J.) (calling it "well established" that a district court may strike conclusory testimony in civil cases where a witness "asserts the Fifth Amendment privilege to avoid answering relevant questions, yet freely responds to questions that are advantageous to his cause").

Fischer Investments, Inc. ("Fischer")'s fraud claim against Human to go before a jury. *See Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc.*, 65 F.3d 1427, 1431 (8th Cir. 1995) ("Summary judgment is not appropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."). Human admitted to disposing of a computer—the key piece of evidence in this matter—hours before a forensic exam was set to go forward. This egregious misconduct would entitle Fischer to an adverse inference. *See* Fed. R. Civ. P. 37(e)(2)(B). At his deposition, Human invoked his Fifth Amendment right against self-incrimination dozens of times when questioned about the fraud Fischer alleges. *See generally* Doc. [115-1]. That too warrants an adverse inference here. *See Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976). Besides these adverse inferences, there is evidence in the record that easily would allow a jury to find in Fischer's favor.

The forensic review of Human's cellular phone revealed that it received text messages addressed to at least a dozen different names and contained "hardly any text messages addressed to" Human. Doc. [66-3] ¶ 11. An expert declared that, though he had "analyzed data from thousands of cell phones over the course of [his] career," the expert had "never seen a phone like this one receiving communications addressed to more than a dozen different people." *Id.* This perfectly fits Ficher's allegation that Human, or someone acting at his request, provides his contact information, along with a fake name, to entities to solicit calls from them, which then appear to be unsolicited by Human himself. Even the sheer number of civil actions Human has filed under the Telephone Consumer Protection Act suggests fraud. *See* Fed. R. Evid. 404(b)(2)

(providing prior crimes, wrongs, or acts may be admissible for proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident). Human filed over sixty-five TCPA actions in a one-year period. *See In re: Daniel A. Human*, 4:25-bk-41618, ECF No. 1 at 34–41 (Bankr. E.D. Mo. Apr. 29, 2025) (listing cases). The idea that Human received unsolicited phone calls from so many legitimate entities in violation of the TCPA "taxes the credulity of the credulous." *Cf. Maryland v. King*, 569 U.S. 435, 466 (2013) (Scalia, J., dissenting). And, again, that is the amount of actions he filed in just one recent twelve-month period. *See id.* He filed many more actions before that period. *See, e.g.*, *Human v. Window Nation St. Louis*, 4:23-cv-0489-SEP (E.D. Mo.); *Human v. Benepath, Inc.*, 4:23-cv-0865-MTS (E.D. Mo.). Because "the evidence, viewed in a light most favorable to [Fischer], is such that a reasonable jury could return a verdict in [Fischer's] favor, summary judgment [i]s not proper" here. *See Foster v. Metro. Airports Comm'n*, 914 F.2d 1076, 1081 (8th Cir. 1990).[2]

\*   \*   \*

For all these reasons, Human is not entitled to summary judgment on Fischer's fraud claim. Neither Human nor his attorney, Edwin Butler, is helping their case by

---

[2] Other civil actions alleging fraud by Human, which Human settled, may have had more smoking-gun-type evidence. *See, e.g.*, *Human v. STL Design & Build, LLC*, 4:23-cv-0684-MTS, ECF No. 12 ¶ 15–16 (E.D. Mo. June 30, 2023) (countersuing Human for fraud and alleging that Human's IP address was used to make an online inquiry with the defendant-business); *PolicyScout LLC v. Human*, 2:23-cv-0937 (D. Utah). But there is no requirement that a party put forward a smoking gun to survive summary judgment. *See Samson v. Wells Fargo Bank, N.A.*, 777 F. App'x 881, 883 (9th Cir. 2019) (mem.); *McKee v. City of Rockwall*, 877 F.2d 409, 421 (5th Cir. 1989) (Goldberg, J., concurring in part and dissenting in part).

continually filing frivolous documents that call out for summary rejection. *See, e.g.*, Doc. [136] (Human filing petition for writ of mandamus); Doc. [139] (Court of Appeals for the Eighth Circuit summarily denying petition for writ of mandamus a mere two days later).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff/Counter-Defendant Daniel Human's Motion for Summary Judgment, Doc. [142], is **DENIED**.

Dated this 10th day of September 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE