**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL HUMAN, *individually and* *on behalf of others similarly situated*, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:24-cv-01177-MTS |
| FISHER INVESTMENTS, INC., *et al.*, | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Counter-Defendant Daniel Human's Motion to Compel Production of Documents. Doc. [130]. Human failed to comply with the Court's requirements prior to filing his Motion. The undersigned requires that in all cases, a movant must request a conference with the Court before moving for an order relating to discovery. *See* Fed. R. Civ. P. 16(b)(3)(v). This requirement has been in every case management order in this case. *See* Doc. [19] ¶ (3)(c); Doc. [34] ¶ (3)(d); Doc. [83] ¶ (3)(e); Doc. [112] ¶ (4)(e). There is no justification for Human's failure to follow this requirement. *See* Doc. [62] (2025 WL 785777) (recognizing the "troubling pattern of [Human's] careless disregard for Court Rules and directives").

In any event, now that the Court has dismissed Human's claim and struck his Answer to Counter-Plaintiff Fisher Investments, Inc.'s Counterclaim, most, if not all, of Human's discovery requests are no longer relevant to the sole remaining issue in this case, Fisher's damages. Thus, even if any of Human's Motion *had* merit, it has become

moot.  To the extent Human believes any aspect of his discovery dispute is not moot, he may raise that aspect again, provided he properly follows the Court's requirements.

Accordingly,

**IT IS HEREBY ORDERED** that Counter-Defendant Daniel Human's Motion to Compel, Doc. [130], is **DENIED**.

Dated this 31st day of March 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE