**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL HUMAN, *individually and on behalf of others similarly situated*, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:24-cv-01177-MTS |
| FISHER INVESTMENTS, INC., *et al.*, | ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court are three Motions to Quash subpoenas served by Counter-Plaintiff Fisher Investments, Inc. ("Fisher") on Counter-Defendant Daniel Human's current attorney, Edwin V. Butler, and Human's former attorney, James A. Marks, (together, "Movants"). Docs. [117], [118], & [132]. For the reasons explained below, the Court will deny the Motions.

**I.    BACKGROUND**[1]

Counter-Defendant Human is a serial Telephone Consumer Protection Act ("TCPA") litigant. In this TCPA action, Human and his current attorney, Edwin Butler, have engaged in a pattern of obstructive behavior. In response to Fisher's discovery requests to Human, he has repeatedly declined to provide documents relating to his previous TCPA cases, often claiming that he no longer possesses them. *But see* Fed. R.

---

[1] The Court has described the factual background of this case at length, and with citations to the record, in a previous Memorandum and Order. *See* Doc. [148] (2026 WL 925576). Herein, the Court discusses only the more relevant aspects.

Civ. P. 34(a)(1) (allowing for requests for production of documents that are in someone's "control," not just in his "possession" or "custody"). Fisher then resorted to serving subpoenas on Attorney Butler, Human's attorney in this matter, and on Attorney Marks, who represented Human in many previous TCPA cases, to retrieve the relevant, nonprivileged documents.

On June 04, 2025, Fisher served Attorney Butler and his law firm with the subpoenas, Docs. [133-1] & [133-2], which had compliance deadlines of June 19, 2025, Doc. [135-2]. On June 11, 2025, Fisher served Attorney Marks and his law firm with nearly identical subpoenas as those served on Attorney Butler and his firm. Docs. [117-1], [117-2].[2] Those subpoenas had compliance deadlines of June 25, 2025. *Id.* All the subpoenas requested documents related to Human's assets, settlement funds from Human's previous cases, representation agreements with Human, settlement agreements from Human's previous TCPA cases, and letters sent by and to other defendants regarding Human's claims. *See, e.g.*, Doc. [133-2]. The subpoenas did not make any blanket requests for confidential communications between Human and his attorneys or for confidential documents prepared in anticipation of litigation. *See id.* On June 25, 2025, both Human and Marks filed Motions to Quash the subpoenas served on Attorney Marks and his firm. Docs. [117] & [118]. And, over one month later, on July 28, 2025, Human filed a Motion to Quash the subpoenas served on Attorney Butler and his firm. Doc. [132].

---

[2] Fifteen days before Fisher served Attorney Marks and his firm with the subpoenas, Fisher emailed him asking whether he would accept service of the subpoenas, which it attached. Doc. [118] at 2. Attorney Marks acknowledges that he chose not to respond to that email. *Id.*

## II.    DISCUSSION

Under the Federal Rules of Civil Procedure, parties in civil litigation may seek discovery from non-parties. *Porter v. Enercon Indus. Corp.*, 4:20-cv-0284-SEP, 2021 WL 6331060, at *1 (E.D. Mo. Feb. 26, 2021). Rule 45 "provides the specific rules governing subpoenas directed at nonparties," *Pemberton v. Republic Servs. Inc.*, 308 F.R.D. 195, 201 (E.D. Mo. 2015), and provides that a subpoenaed non-party "may file written objections" or "file a motion to quash or modify [a] subpoena," *Thomas v. FAG Bearings Corp.*, 846 F. Supp. 1382, 1399 (W.D. Mo. 1994). Here, the Movants' Motions to Quash raise similar issues. They argue that the subpoenas call for irrelevant information, privileged and confidential information, and would be unduly burdensome, and they ask that the Court quash them.

### a.    Attorney Butler has waived his objections to the subpoenas.

First, as an initial matter, Attorney Butler waived his objections to the subpoenas served on him and his firm when he failed to timely object or move to quash them. Rule 45 provides that objections to a subpoena must be made "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). "A nonparty's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objections have been waived." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005); *accord Terraform Labs Pte. Ltd. v. RH Montgomery Props. Inc.*, 4:23-mc-1459-MTS, 2024 WL 21472, at *1 (E.D. Mo. Jan. 2, 2024). Attorney Butler failed to serve any objections to Fisher as to his subpoena.

Attorney Butler also failed to make a "timely motion." *See* Fed. R. Civ. P. 45(d)(3)(A). The compliance date for the subpoenas served on Butler and his firm was June 19, 2025. He did not file his Motion to Quash until July 28, 2025. It is hard to imagine that any court would find that five weeks after the compliance date constituted a timely motion. *See* 9A *Wright & Miller's Federal Practice and Procedure*, § 2463.1 (3d ed.) (noting courts interpret "timely motion" "to mean the motion must be made before compliance with the subpoena is required").

Therefore, Attorney Butler has waived all objections to the subpoenas except, perhaps, attorney client-privilege. *See In re von Bulow*, 828 F.2d 94, 100 (2d Cir. 1987) ("An attorney may not waive the [attorney-client] privilege without his client's consent."); *In re Vargas*, 723 F.2d 1461, 1466 (10th Cir. 1983) (same). While waiver alone would justify rejecting much of Attorney Butler's arguments, they also independently fail on the merits.

**b.     The requested documents are relevant.**

Both Movants argue that the information Fisher seeks in its subpoenas is irrelevant. *See, e.g.*, Doc. [132] at 2, 4; Doc. [141] at 10. Rule 45, though, "does not specifically identify irrelevance as a reason to quash a subpoena." *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1329 (11th Cir. 2020).[3] Even so, the Court finds that the documents

---

[3] The relevance of a piece of evidence is more "pertinent to an undue burden analysis." *ML Healthcare Servs., LLC v. Publix Super Markets, Inc.*, 881 F.3d 1293, 1306–07 (11th Cir. 2018). After all, if a piece of evidence has no relevance to a case, surely it would be an undue burden to have a non-party produce it. *See Jimenez v. City of Chicago*, 733 F. Supp. 2d 1268, 1273 (W.D. Wash. 2010) ("The compulsion of production of irrelevant information is an inherently undue burden.").

Fisher requests are relevant on their face to Fisher's damages on its fraud claim.  *See N.D. Fair Hous. Council, Inc. v. Allen*, 298 F. Supp. 2d 897, 899 (D.N.D. 2004) (noting a plaintiff seeking punitive damages is entitled to engage in discovery relating to those damages (citing *Bessier v. Precise Tool & Eng'g Co.*, 778 F. Supp. 1509, 1514 (W.D. Mo. 1991))).  Contrary to Attorney Butler's argument that Fisher did not specifically request punitive damages, Doc. [133] at 7, Fisher need not have done so to be entitled to them. *Bowles v. Osmose Utilities Servs., Inc.*, 443 F.3d 671, 675 (8th Cir. 2006); *see also Allen v. Semi Trucking, LLC*, No. 4:23-cv-0639-MTS, 2025 WL 3687386, at *2 (E.D. Mo. Dec. 19, 2025).  The facts Fisher alleges plainly support a claim for punitive damages.

### c.       The requested documents are not privileged or otherwise protected.

In the Motions to Quash, Movants make much of the fact that they are attorneys. But there is nothing in the Federal Rules of Civil Procedure that "exempt[s] attorneys from being a source of discoverable facts."  *Schultz v. Ability Ins. Co.*, 2:11-cv-1020-JSS, 2012 WL 12897981, at *2 (N.D. Iowa Nov. 21, 2012) (citing *Newkirk v. ConAgra Foods, Inc.*, No. 8:10-cv-0022-FG, 2010 WL 2135263, at *4 (D. Neb. May 27, 2010)).  An attorney, like any other person, must provide specific, articulable grounds to quash or modify a subpoena issued to them.  Neither "their license to practice law [n]or their employment by a party to represent them in litigation," "exempt[s them] from being a source for discovery."  *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 164 F.R.D. 245, 248 (D. Kan. 1995).  Movants raise attorney-client privilege, and both reference, without providing any real analysis, work product protection.

Questions of privilege are to be determined by federal common law in this case because it originally was premised on a federal question. *In re Bieter Co.*, 16 F.3d 929, 935 (8th Cir. 1994); *Reed v. Baxter*, 134 F.3d 351, 355 (6th Cir. 1998).[4] "Generally, it is well established under common law that confidential communications between an attorney and a client are privileged and not subject to disclosure absent consent of the client." *United States v. Ivers*, 967 F.3d 709, 715 (8th Cir. 2020) (quoting *United States v. Horvath*, 731 F.2d 557, 562 (8th Cir. 1984)).  The United States Court of Appeals for the Eighth Circuit has explained that "the attorney-client privilege is narrowly construed and 'protects only those disclosures—necessary to obtain informed legal advice—which might not have been made absent the privilege.'" *Ivers*, 967 F.3d at 716 (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)).  The subpoenas here do not request documents protected by the attorney-client privilege.

In the subpoenas, Fisher primarily seeks communications Movants had with adverse parties.  Since the communications were sent to and came from adverse parties, they plainly would not be protected even if Human himself were on these communications. *See United States v. Hatcher*, 323 F.3d 666, 674 (8th Cir. 2003); *United States v. Brown*, 151 F.4th 647, 656 (5th Cir. 2025).  For that same reason, the settlement agreements Fisher seeks are not privileged. *Steak n Shake, Inc. v. White*, 4:18-cv-0072-SRC, 2019 WL 3429996, at *2 (E.D. Mo. July 30, 2019); *cf. Lorenz v. Valley Forge Ins. Co.*, 815 F.2d

---

[4] Federal law always controls work-product protection in federal court. *PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP*, 305 F.3d 813, 817 (8th Cir. 2002); *United Coal Cos. v. Powell Const. Co.*, 839 F.2d 958, 966 (3d Cir. 1988).

1095, 1099 (7th Cir. 1987) (noting "offers to settle are not protected by the attorney-client privilege"). Nor are the demand letters privileged. *Towne Place Condo. Ass'n v. Phila. Indem. Ins. Co.*, 284 F. Supp. 3d 889, 901 (N.D. Ill. 2018).

Fisher also seeks retainer agreements and documents regarding fees. These too are not recognized as privileged because they are not confidential communications. *See United States v. Sindel*, 53 F.3d 874, 876 (8th Cir. 1995); *United States v. Blackman*, 72 F.3d 1418, 1424 (9th Cir. 1995); *Ehrich v. Binghamton City Sch. Dist.*, 210 F.R.D. 17, 20 (N.D.N.Y. 2002).

Finally, while both Movants use the phrase "work product" multiple times in their filings, neither explains how any of the categories of documents could possibly be protectable work product. The work product doctrine "confers a qualified privilege on documents prepared by an attorney in anticipation of litigation." *Solis v. Food Emps. Lab. Rels. Ass'n*, 644 F.3d 221, 231 (4th Cir. 2011). The protection does not apply to materials attorneys prepare in the ordinary course of business, pursuant to regulatory requirements, or for other non-litigation purposes. *Id.*; *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000) (joined by Alito, J.). The Movants had the burden to demonstrate that the documents requested qualify as protectable work product. *In re Grand Jury Proc. (Malone)*, 655 F.2d 882, 887 (8th Cir. 1981); *Solis*, 644 F.3d at 231. Their oblique references to work product do not suffice.

In sum, Fisher did not make any blanket requests for privileged or protected information. There is no basis to quash or modify the subpoena on this ground. Indeed, based on Fisher's requests, it is unlikely that any of the responsive documents will contain

privileged information or information protected by the work product doctrine.  In the unlikely event that some of the responsive documents contain information that is privileged or subject to protection as trial-preparation material, Rule 45(e)(2) provides a mechanism to address those specific limited instances.[5]

**d.     Producing the documents would not be an undue burden on Movants.**

Rule 45 requires that a party or attorney issuing a subpoena under the Rule "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(d)(1).  The Rule further requires that a district court "must" quash or modify a subpoena that "subjects a person to undue burden."  *Id.* at 45(d)(3)(A)(iv).  The Rule's prohibition recognizes that some degree of  burden is permissible.  The modifier "undue" limits the scope of the prohibition, indicating that only excessive or unjustified burdens are wrongful, while lesser, justified burdens remain allowable.  After all, discovery "is often annoying, time-consuming, and expensive." *E.E.O.C. v. Neches Butane Prods. Co.*, 704 F.2d 144, 148 (5th Cir. 1983).  Inconvenience alone, therefore, is not reason enough to quash a subpoena issued to a non-party. *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 407 (D.C. Cir. 1984) (joined by Scalia,

---

[5] Because the Court concludes the requested documents are not privileged, the Court does not otherwise address Fisher's colorable argument that the crime-fraud exception applies here.  *See Kilpatrick v. King*, 499 F.3d 759, 766 (8th Cir. 2007) ("The crime-fraud exception to otherwise privileged attorney-client communications applies to 'communications made for the purpose of getting advice for the commission of a fraud or crime.'"); *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 382 (3d Cir. 2007) (noting that making a *prima facie* showing of the crime-fraud exception "is not onerous").

J.) ("A reasonable inconvenience must be borne to further the goals of discovery—the making available to litigants all relevant and available information.").

Neither Attorney Butler nor Attorney Marks has sufficiently explained why the burden the subpoenas impose on them and their respective firms is undue, and it was their burden to do so. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *Irons v. Karceski*, 74 F.3d 1262, 1264 (D.C. Cir. 1995) (per curiam). The Movants' "[b]are assertions" that it is unduly burdensome is "insufficient to bar production." *See Cincinnati Ins. Co. v. Fine Home Managers, Inc.*, 4:09-cv-0234-DJS, 2010 WL 2990118, at *1 (E.D. Mo. July 27, 2010) (citing *St. Paul Reinsurance Co. v. Com. Fin. Corp.*, 198 F.R.D. 508, 511–12 (N.D. Iowa 2000)). They needed to provide "factual evidence regarding the time or expense required" to comply with the subpoena. *Ahlgren v. Bilkey*, 0:19-cv-0306-LIB, 2019 WL 13218326, at *7 (D. Minn. June 14, 2019) (citing *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002)). They did not do so. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1270 (11th Cir. 2013) ("Statements by counsel in briefs are not evidence." (quoting *Skyline Corp. v. N.L.R.B.*, 613 F.2d 1328, 1337 (5th Cir. 1980))). Because Movants' "claim of harm" is based only on "stereotypical and conclusory statements," they have failed to meet their burden. *See Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2*, 197 F.3d 922, 926 (8th Cir. 1999).

What is more, Fisher took reasonable steps to limit the burden on Movants and their respective firms by attempting to first obtain the documents from Human himself. But Human maintains—truthfully or otherwise—that he does not have most of the documents

because he "never kept copies of anything." Doc. [115-1] at 51. He "deleted" digital copies of the documents, and as for hard copies, he "thr[e]w them away." *Id.* at 51–52. Though supposedly not in his possession, the documents remain in Human's "control" under Federal Rule of Civil Procedure 34. *See* Fed. R. Civ. P. 34(a)(1); *see also* Mo. Sup. Ct. R. 4-1.22 (governing file retention by Missouri lawyers and noting a client may request his file). "Control" under Rule 34 does not require actual physical possession of the documents. Rather, documents are under a party's control when that party has the right, authority, or practical ability to obtain them. *See Mirlis v. Greer*, 80 F.4th 377, 382 (2d Cir. 2023); *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *U.S. Int'l Trade Comm'n v. ASAT, Inc.*, 411 F.3d 245, 254 (D.C. Cir. 2005); *see also* 8B *Wright & Miller's Federal Practice & Procedure* § 2210 (3d ed.) ("Inspection can be had if the party to whom the request is made has the legal right to obtain the document, even though in fact it has no copy."). Had Human complied with his discovery obligations, he would have requested the non-privileged documents from Movants, who then would have been required to provide them to Human. *See In the Matter of Cupples*, 952 S.W.2d 226, 234 (Mo. banc 1997) ("The client's files belong to the client, not to the attorney representing the client."). Since he did not, Fisher subpoenaed them from their source. *Cf. Schwimmer v. United States*, 232 F.2d 855, 860 (8th Cir. 1956) (noting the "question of whether to issue a subpoena against the owner" who has "constructive possession" or to a "third party" who has "physical possession" is "merely one of procedural choice and convenience"). Since Movants would have a duty to provide these documents to Human anyway, the burden to provide them directly to Fisher cannot be undue.

One more thought on Movants' burden.  Both Attorney Marks and Attorney Butler continued to represent Human and profit off his settlements even after it became increasingly apparent that Human was committing a specific type of TCPA fraud.[6]  *See* Doc. [148] at 1–4 (discussing the indices of Human's fraud, including being twice sued for fraud in 2023); *see also, e.g.*, Doc. [115-1] at 248–56 (settlement agreement from April 2024 with Attorney Marks representing Human).

The Court does not declare that Attorney Marks and Attorney Butler are guilty (or innocent) of any wrongdoing.  The Court makes this point only to show that, while they are third-parties subject to Rule 45's protections from undue burdens, neither Movant was some unlucky, unaffiliated bystander who has been roped into this litigation.  Both Movants willingly engaged in business with Human and made plenty of money doing so.  The Court concludes that their burden is not entitled to the "special weight" that a court might provide a typical non-party "stranger" who has no meaningful connection to the litigation at all.  *See Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) (noting that "strangers" to the litigation with "no dog in th[e] fight" have a "different set of expectations" than parties who "must accept" a lawsuit's "travails").

## III.   CONCLUSION

Fisher's requests are relevant, and Movants have not shown that they impose an undue burden upon them.  In addition, neither Movant has shown that the subpoenas seek

---

[6] Federal Rule of Civil Procedure 11(b) requires that an attorney make "an inquiry reasonable under the circumstances" before he or she makes factual representations to a federal district court. With each case, and after two formal allegations of fraud against Human, Movants' inquiries should have dramatically increased.

any privileged or protected information.  The Court will therefore deny the Movants' Motions and order them to comply with the subpoenas.[7]

Accordingly,

**IT IS HEREBY ORDERED** that Human's Motion to Quash the Subpoenas Served on Edwin Butler and the Butler Law Group, LLC, Doc. [132], is **DENIED**.

**IT IS FURTHER ORDERED** that Edwin Butler and the Butler Law Group, LLC, must fully comply with Fisher's subpoenas no later than **Tuesday, May 12, 2026**.

**IT IS FURTHER ORDERED** that Human's Motion to Quash the Subpoenas Served on James Marks and WillCraft Legal Services, Doc. [117], is **DENIED**.

**IT IS FURTHER ORDERED** that James Marks's Motion to Quash the Subpoenas Served on James Marks and WillCraft Legal Services, Doc. [118], is **DENIED**.

**IT IS FINALLY ORDERED** that James Marks and WillCraft Legal Services, must fully comply with Fisher's subpoenas no later than **Tuesday, May 12, 2026**.

Dated this 21st day of April 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[7] Attorney Marks's brief, Doc. [141], has several troubling issues.  On page twelve, he provides the following citation: "*In re Ex Parte Petition of JSC BTA Bank*, 2010 WL 4791803, at *2 (S.D.N.Y. Nov. 17, 2010) (undue burden on non-party attorney)."  The Court has been unable to locate that case.  On page ten, Marks cites: "*Cornell v. Columbus McKinnon Corp.*, 2015 WL 4747092, at *2 (N.D. Cal. Aug. 11, 2015) (quashing where no relevance shown)."  The Westlaw citation he provides leads to a different case.  The Court located a case by the name he cites and from that date and District, *see* 3:13-cv-2188-SI, 2015 WL 4747260, but the decision did not quash a subpoena.  Finally, on page eight of his brief, Marks references something he says the Eighth Circuit has "recognized."  But the quote he then provides is from a decision of a District Judge of this Court that quoted the U.S. District Court for the Middle District of Louisiana.  The Court is unsure whether all this shoddy work is normal for Marks or whether something else happened here, like perhaps the AI-generated hallucinations of a large language model.