IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| Daniel Human, | ) | |
| | ) | |
| Plaintiffs. | ) | |
| | ) | |
| Vs. | ) | No. 4:24-cv-01177-MTS |
| | ) | |
| Fisher Investments, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF EDWIN V. BUTLER IN SUPPORT OF NOTICE REGARDING CONSENT TO MOTION TO WITHDRAW AND IN FURTHER SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD

State of Missouri )
) ss.
County of St. Louis )

Edwin V. Butler, being duly sworn according to law, deposes and says:

1. I am Edwin V. Butler, Attorney at Law, Missouri Bar No. 32489, and the attorney of record for Counter-Defendant Daniel Human in the above-captioned matter. I am the principal of Butler Law Group, LLC, with offices at 1650 Des Peres Rd., Suite 220, St. Louis, MO 63131.

2. I have been licensed to practice law in the State of Missouri for more than forty-three (43) years, having been admitted to the Missouri Bar in approximately 1982. I am admitted to practice before the United States District Court for the Eastern District of Missouri, the United States Court of Appeals for the Eighth Circuit, and other state and federal courts as applicable. My practice has focused on complex litigation, consumer protection matters (including TCPA and MMPA cases), criminal defense, and related areas. Over my career I have represented numerous clients in state and federal courts, including matters before this Honorable Court.

3. I was retained to represent Counter-Defendant Daniel Human in this Telephone Consumer Protection Act (TCPA) class action matter. The representation has involved extensive discovery, motion practice, court hearings, and defense of Fisher Investments, Inc.'s counterclaims.

4. A conflict of interest arose in this matter that requires my immediate withdrawal. On March 28, 2025, during a hearing before this Court, Mr. Human testified under oath that

he had informed me prior to a scheduled computer inspection that he had destroyed or was destroying his computer due to a "meltdown." I had no such prior knowledge or communication from Mr. Human. The relevant email communications were between Mr. Human and opposing counsel James Ruley in unrelated pro se state-court cases (Human v. Cox Automotive, No. 24SL-CC08176 and No. 25SL-CC01859) in which I did not represent Mr. Human and was not copied. I first learned of these emails when they appeared in Fisher's reply brief (Doc. 70). My searches of all communications with Mr. Human confirmed no prior notice of the computer destruction.

5. Mr. Human's testimony placed me in the untenable position of either corroborating a statement that conflicted with the record or contradicting my own client, effectively making me an adverse witness in the case. This created a direct conflict of interest under the Missouri Rules of Professional Conduct.

6. Immediately at the March 28, 2025 hearing, I made an oral motion to withdraw based on this conflict. The Court initially denied the oral motion but later set the formal Motion to Withdraw (Doc. 84) for hearing on June 29, 2026.

7. During and after the deposition of Counter-Defendant Daniel Human conducted in this matter (including in connection with the March 28, 2025 hearing testimony and follow-up deposition proceedings), Mr. Human made clear, express, and repeated representations to me that he consented to my withdrawal as his counsel due to the conflict of interest.

8. Specifically, during the deposition, Mr. Human acknowledged that his testimony had created an irreconcilable conflict, that I had not been informed of the computer destruction issue, that the communications had gone to opposing counsel in unrelated matters, and that this situation made continued representation ethically impossible for me. Mr. Human stated words to the effect that he understood my professional obligations, did not want me to be placed in the position of becoming a witness against him or disclosing privileged information, and that he consented to and supported my withdrawal so that new counsel could be retained or he could proceed pro se.

9. Immediately following the deposition, in subsequent discussions and communications, Mr. Human reiterated and reaffirmed his consent to my withdrawal. He expressed understanding of the conflict, the breakdown in the attorney-client relationship, and the need for me to withdraw to comply with my ethical duties under Rule 4-1.16 of the Missouri Rules of Professional Conduct.

10. These representations of consent by Mr. Human were made voluntarily, knowingly, and in good faith.

11. Despite Mr. Human's prior express consent, when the Court issued its June 5, 2026 Order requiring a Notice regarding consent by June 16, 2026, I made multiple diligent, good-faith efforts to contact Mr. Human to obtain his current position and written confirmation for filing with the Court. These efforts included repeated emails, telephone calls, and other outreach to Mr. Human's last known email address, telephone number, and mailing address.

12. Mr. Human has failed to respond to any of these inquiries. He has been incommunicado and has provided no response whatsoever to requests for confirmation of his

consent or his current position on the Motion to Withdraw.

13. Mr. Human has been largely incommunicado since the March 28, 2025 hearing, with only limited communications around the time of the deposition.

14. In addition to the conflict of interest, continued representation has created an unreasonable financial burden. I was not retained in this matter to perform civil defense work on a counterclaim. Mr. Human has been unable to compensate me for my services. I am a sole practitioner who has already devoted well over one hundred (100) hours of uncompensated time to the defense of the counterclaim. Other clients have been neglected as a result. Mr. Human has represented that he lacks the resources to pay for continued representation.

15. The grounds for withdrawal set forth in the pending Motion to Withdraw as Counsel of Record (Doc. 84) and the Memorandum in Support thereof—including the conflict of interest, the risk of disclosing privileged information, the financial burden, and the client's course of conduct—are incorporated herein by reference and remain fully applicable.

16. Mr. Human's prior express consent to withdrawal, together with his current incommunicado status, confirm that withdrawal is appropriate, necessary, and in the best interests of justice. Continued representation would violate the Missouri Rules of Professional Conduct, including Rule 4-1.16.

17. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

FURTHER AFFIANT SAYETH NAUGHT.

Executed this 17th day of June, 2026, at St. Louis, Missouri.

Edwin V. Butler

Edwin V. Butler, Mo. Bar No. 32489
Attorney at Law
Butler Law Group, LLC
1650 Des Peres Rd., Suite 220
St. Louis, MO 63131
(314) 504-0001
edbutler@butlerlawstl.com

STATE OF MISSOURI )
) ss.
COUNTY OF ST. LOUIS )

Subscribed and sworn to (or affirmed) before me on this 17th day of June, 2026, by Edwin V. Butler, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

______________________________

Notary Public, State of Missouri

My Commission Expires: ____________

NOTARY PUBLIC NOTARY SEAL STATE OF MISSOURI

Christopher Prosser
My Commission Expires
January 12th, 2030
Jefferson County
Commission # 26674313

(SEAL)