Outlook

**FW: Objection to Inclusion of Rule 408 Material and Misrepresentations in Draft Joint Status Report – Human v. Fisher, No. 4:24-cv-01177-MTS**

**From** Edwin Butler <edbutler@butlerlawstl.com>
**Date** Fri 7/31/2026 03:38 PM
**To** [redacted]
**Cc** Edwin Butler <edbutler@butlerlawstl.com>

---

**From:** James Ruley <jruley@wtlaw.com>
**Sent:** July 30, 2026 7:27 PM
**To:** Edwin Butler <edbutler@butlerlawstl.com>; Melanie Ng Silva <mngsilva@wtlaw.com>
**Cc:** Alex Terepka <Alex@wtlaw.com>; Edwin Butler <edbutler@butlerlawstl.com>
**Subject:** Re: Objection to Inclusion of Rule 408 Material and Misrepresentations in Draft Joint Status Report – Human v. Fisher, No. 4:24-cv-01177-MTS

Ed,

As you know from the ECF notice, Fisher filed the status report this afternoon, as we told you we would. Your email arrived at 5:56 PM CT — nearly six hours after the noon CT deadline, and after five extensions over the thirteen days since we first circulated a draft on July 17. Your July 29 portion is included in the filing verbatim, and your remaining points are addressed in our email below and in the filing itself.

Best,

James

---

**From:** Edwin Butler <edbutler@butlerlawstl.com>
**Date:** Thursday, July 30, 2026 at 6:56 PM
**To:** James Ruley <jruley@wtlaw.com>; Melanie Ng Silva <mngsilva@wtlaw.com>
**Cc:** Alex Terepka <Alex@wtlaw.com>; Edwin Butler <edbutler@butlerlawstl.com>
**Subject:** RE: Objection to Inclusion of Rule 408 Material and Misrepresentations in Draft Joint Status Report – Human v. Fisher, No. 4:24-cv-01177-MTS

[Warning – external]

Dear Mr. Ruley and Ms. Silva,

I am in receipt of your July 29 revised draft of the Joint Status Report. While you adopted the neutral title and inserted a substantial portion of my prior language, the document remains slanted. Several additions and retained characterizations are inaccurate or improper, and a joint status report is not an appropriate vehicle for the sanctions-related arguments you continue to advance.

Specific Problems with the July 29 Draft

1. Rule 408 Settlement Material You added a detailed defense of your use of the May 12, 2026 settlement communication, citing *B & B Hardware, Inc. v. Fastenal Co.*, 688 F.3d 917 (8th Cir. 2012). That case does not authorize the use you are making. You are offering the settlement email to attack the credibility of my June 29 statements to the Court and to support sanctions. That is an impeachment purpose directed at representations made in this very discovery dispute. Quoting the settlement language and attaching the full email goes well beyond any legitimate collateral need and injects the prejudice Rule 408 is designed to prevent. The settlement communication should be stricken or, at minimum, limited to a neutral statement that limited intermediary contact occurred through staff.
2. Characterization of Contact with Mr. Human You continue to assert that my statements to the Court on June 29 "appear to be untrue." That characterization is inaccurate and misleading. I have not spoken to or seen Mr. Human in well over a year. Any limited communication related to the May 2026 settlement discussion was initiated by a staff member acting as an intermediary. Copying Mr. Human on an email that transmitted a settlement offer obtained through staff does not convert intermediary contact into the direct personal contact that was the subject of the Court's inquiry. Collapsing the two into a claim of false statements to the Court is overreaching.
3. Redacted Bank / IOLTA Records You added language claiming that Fisher "did not ask that the records be redacted so extensively" and that my suggestion that Fisher invited the redactions is "inaccurate." The record is otherwise. Fisher requested the trust-account records in redacted form. The redactions were limited to the confidential financial information of other clients who have no connection to this litigation, as required by privilege doctrine and Missouri Rule of Professional Conduct 4-1.15. A party cannot request redacted records and then complain that the records are redacted. The form of production was the form requested.
4. Sanctions and "Under Oath" Demand A joint status report on the progress of discovery is not the proper vehicle for requesting that the Court require me to explain the scope of my search under oath or for advancing a sanctions request. Those are matters for a properly noticed motion, not a status report. Including them here is inappropriate and further evidence of the pattern of using this process to increase pressure and your clients costs rather than to provide the Court with a neutral update.
5. Completeness of Production I have conducted the methodical review ordered by the Court and have produced more than 1,560 pages. I have stated that no additional non-privileged, responsive documents exist in my possession, custody, or control. Speculation that additional documents "should" exist does not create an obligation to produce documents that are not there.
6.

Good-Faith Redline and Willingness to Confer

Attached is Butler's proposed redline of the Joint Status Report. It retains your full position so the Court can see both sides, while clearly marking my proposed corrections and rebuttals. It addresses the Rule 408 issue, the inaccurate contact characterization, the redaction history, the cost-shifting and undue-burden points (including *Stecklein & Rapp Chartered v. Experian Information Solutions, Inc.*, 113 F.4th 858 (8th Cir. 2024)), and the impropriety of using a status report as a sanctions vehicle.

I am submitting this redline in good faith and remain perfectly willing to find middle ground. I am prepared to consent to a joint filing that:

- Removes the May 12 settlement communication (or limits any reference to a neutral statement regarding intermediary contact through staff);

- Corrects the inaccurate characterization of my June 29 statements;
- Accurately describes the redacted bank records as having been produced in the form Fisher requested; and
- Omits requests for sanctions or an under-oath explanation from this status report.

If those changes are made, I will consent to a joint submission. If you elect to file unilaterally with the current characterizations and Rule 408 material intact, I will respond and will place the full correspondence before the Court.
I remain available to confer.

Sincerely,

Edwin V. Butler
Butler Law Group, LLC

Attachment: Butler_Proposed_Redline_Joint_Status_Report_7.29.2026.docx

---

**From:** James Ruley <jruley@wtlaw.com>
**Sent:** July 29, 2026 4:20 PM
**To:** Edwin Butler <edbutler@butlerlawstl.com>; Melanie Ng Silva <mngsilva@wtlaw.com>
**Cc:** Edwin Butler <edbutler@butlerlawstl.com>; Alex Terepka <Alex@wtlaw.com>
**Subject:** Re: Objection to Inclusion of Rule 408 Material and Misrepresentations in Draft Joint Status Report – Human v. Fisher, No. 4:24-cv-01177-MTS

Ed,

We are in receipt of your email, which continues your pattern of misstating the law and facts. While our revised joint status report (attached) addresses these points, we also address them briefly below.

First, our inclusion of the May 12 communication is not improper. Rule 408 is a rule of admissibility, not a rule of confidentiality. It does not bar disclosure of settlement communications, and it does not bar their use for a purpose other than proving or disproving "the validity or amount of a disputed claim." Fed. R. Evid. 408(a), (b). The May 12 email concerned settlement of the underlying action, and Fisher does not offer it to prove or disprove anything about that action or the merits of any claim. It is offered for the narrow, collateral purpose of establishing that contact with Mr. Human occurred and when. That fact is directly relevant to the subpoena-compliance dispute now before the Court. The Eighth Circuit has squarely held Rule 408 inapplicable to compromise evidence "offered for a purpose other than to prove the validity, invalidity, or amount of a disputed claim." *B & B Hardware, Inc. v. Fastenal Co.*, 688 F.3d 917, 920 (8th Cir. 2012) (quoting Fed. R. Evid. 408 advisory committee note (2006)); *see also GEICO Cas. Co. v. Hollandsworth*, 2019 WL 342165, at *3 n.4 (W.D. Mo. Jan. 28, 2019) (rejecting a Rule 408 objection where the letter was offered as evidence of forum shopping rather than to prove or disprove a claim). Your reliance on the impeachment clause is likewise misplaced: the impeachment clause of Rule 408(a) addresses impeachment of a witness's testimony concerning the disputed claim, and your June 29 statements were representations of counsel in a discovery dispute, not testimony on the merits.

Second, and relatedly, we have not misrepresented anything about those communications. Fisher cannot know whether the May 12 email was sent by you or by your staff, or what you personally knew of it. But in either event, you are responsible for your staff's communications with Mr. Human, and the settlement offer was conveyed from your email address. Bringing this issue to the Court's attention does not violate our ethical obligations. In fact, we have an ethical obligation to raise it as officers of the Court.

Third, your production remains so heavily redacted that we cannot determine whether the documents you produced are responsive. Our request was that you redact the confidential financial information of your other clients. It was not a request to redact the records so broadly that responsiveness cannot be assessed.

Fourth, your 1,560 pages consist largely of duplicative documents that inflate the page count, or documents Mr. Human previously produced in the underlying case, including hundreds of pages of publicly available material from Fisher's own website. That does not appear to be good-faith compliance with the Court's order.

Finally, it is not appropriate to direct opposing counsel to remove their client's positions from a status report, and this is not the first time you have done so in this case.

Please let us know if you have any additional edits by noon CT tomorrow. While we have repeatedly extended the deadlines to accommodate you, we will not do so again, given that this submission has dragged out for over a week and a half since we first circulated a joint status report on July 17. If we do not hear from you by then, we will file this version with a note explaining that you declined to consent to a joint submission.

Best,

James Ruley

---

**From:** Edwin Butler <edbutler@butlerlawstl.com>
**Date:** Wednesday, July 29, 2026 at 1:47 PM
**To:** Melanie Ng Silva <mngsilva@wtlaw.com>
**Cc:** Edwin Butler <edbutler@butlerlawstl.com>; Alex Terepka <Alex@wtlaw.com>; James Ruley <jruley@wtlaw.com>
**Subject:** Objection to Inclusion of Rule 408 Material and Misrepresentations in Draft Joint Status Report – Human v. Fisher, No. 4:24-cv-01177-MTS

[Warning – external]

Dear Melanie,

Thank you for circulating the draft Joint Status Report regarding non-party subpoena compliance.
I write to raise serious objections to the content of Fisher's portion of the draft and to request that the objectionable material be removed or corrected before any filing.

**1. Improper Disclosure of Rule 408 Settlement Material**

Fisher's draft discusses quotes from, and attaches (as an exhibit) a confidential settlement communication dated May 12, 2026, in which a settlement offer was extended on Mr. Human's behalf. That communication is classic settlement material protected by Federal Rule of Evidence 408.
Rule 408 prohibits the use of settlement offers and related statements "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction." Using

the May 12 communication to attack my credibility before the Court, to support a request for sanctions, or to create the appearance of wrongdoing falls squarely within the prohibited uses.

Inclusion of this material in a public court filing is improper. Please remove all references to the May 12 settlement communication, any quotation from it, and any related exhibit before the Joint Status Report is finalized or filed.

2. **Misrepresentations Regarding Contact with Mr. Human**

Fisher's draft asserts that statements I made to the Court on June 29, 2026 — that I had not spoken to or seen Mr. Human for approximately a year and had "no contact" with him — were untrue. That characterization is inaccurate and unfair.

I have not spoken to or seen Mr. Human in well over a year. Any limited communication that occurred in connection with the May 2026 settlement discussion was initiated by a staff member of my firm acting as an intermediary. I did not personally contact Mr. Human, did not speak with him, and did not meet with him. Copying him on an email that transmitted a settlement offer obtained through staff does not constitute the direct personal contact that was the subject of my statements to the Court.

The draft's suggestion that I made false statements to the Court is therefore incorrect. Continuing to advance that narrative after the facts have been clarified risks violating the duty of candor and the prohibition on using discovery or filings for the purpose of embarrassment or burden.

As Georgia-licensed counsel appearing pro hac vice, you are bound by the Georgia Rules of Professional Conduct, including Rule 3.3 (Candor Toward the Tribunal), Rule 3.4 (Fairness to Opposing Party and Counsel), Rule 4.1 (Truthfulness in Statements to Others), and Rule 4.4 (Respect for Rights of Third Persons). Rule 4.4 specifically prohibits the use of means that have no substantial purpose other than to embarrass, delay, or burden a third person. The repeated personal attacks and characterizations of my statements as "untrue" fall within the spirit of that rule, particularly where the underlying facts involve only intermediary contact through staff.

3. **Misrepresentations Regarding the Redacted Bank / IOLTA Records**

Fisher's draft repeatedly criticizes the bank and IOLTA records as "so heavily redacted" that their completeness cannot be determined, and suggests the redactions are improper or incomplete. That characterization is inaccurate and overlooks the history of the request.

The redacted form of the records was prepared in direct response to, and in compliance with, an earlier email from your office requesting that the trust-account records be produced in redacted form. The redactions were made solely to protect the confidential financial information of other clients who have no connection to this litigation. Those other-client records are protected by attorney-client privilege, the work-product doctrine, and Missouri Rule of Professional Conduct 4-1.15 (safeguarding client funds and property).

A party cannot request that documents be produced in redacted form and then complain that the documents are redacted. The production was made in the precise form requested. Any suggestion that the redactions were excessive, incomplete, or intended to conceal information related to Mr. Human is incorrect and should be removed from the draft.

**Production Status**

As stated in my portion of the draft and in prior correspondence, Butler Law Group and I have conducted a diligent, methodical search of all materials in our possession, custody, or control. We have produced in excess of 1,560 pages of responsive, non-privileged documents. We have no further non-privileged, responsive documents to produce. Any remaining complaints about the production can be addressed through the Court, if necessary, but the production itself is complete.

I remain willing to confer in good faith to resolve these issues and to finalize a clean Joint Status Report that accurately reflects the status of the non-party production without the Rule 408 material, the inaccurate characterizations of my contact with Mr. Human, or the misrepresentations concerning the redacted bank records. Please confirm by close of business today that the objectionable material will be removed or corrected so that we can move forward productively.

Thank you for your attention to these concerns.

Best regards,

Edwin V. Butler

Edwin V. Butler | Butler Law Group LLC

1650 Des Peres Road;. Ste 220 | Des Peres, MO 63131

Direct: # | Office: 314-504-0001 | Fax: 314-481-8479

edbutler@butlerlawstl.com| www.butlerlawstl.com
CONFIDENTIALITY NOTE: The information contained in this e-mail message, including any attachments, is LEGALLY PRIVILEGED and CONFIDENTIAL and is intended only for the use of the addressee(s) named above. If you are not an addressee, or a person responsible for delivering this to the addressee(s), you are hereby notified that reading, using, copying or distributing this message is strictly prohibited. If you believe you may have received this message in error, please immediately notify the sender by telephone at (314) 504-0001 and delete this message from your system. Thank you.

Outlook

**FW: Objection to Inclusion of Rule 408 Material and Misrepresentations in Draft Joint Status Report – Human v. Fisher, No. 4:24-cv-01177-MTS**

**From** Edwin Butler <edbutler@butlerlawstl.com>
**Date** Thu 7/30/2026 06:00 PM
[redacted]
**Cc** Edwin Butler <edbutler@butlerlawstl.com>

2 attachments (193 KB)
Butler_Proposed_Redline_Joint_Status_Report_7.29.2026 (003).docx; Butler_Proposed_Redline_Joint_Status_Report_7.29.2026 (003).pdf;

**From:** Edwin Butler <edbutler@butlerlawstl.com>
**Sent:** July 30, 2026 5:56 PM
**To:** James Ruley <jruley@wtlaw.com>; Melanie Ng Silva <mngsilva@wtlaw.com>
**Cc:** Alex Terepka <Alex@wtlaw.com>; Edwin Butler <edbutler@butlerlawstl.com>
**Subject:** RE: Objection to Inclusion of Rule 408 Material and Misrepresentations in Draft Joint Status Report – Human v. Fisher, No. 4:24-cv-01177-MTS

Dear Mr. Ruley and Ms. Silva,

I am in receipt of your July 29 revised draft of the Joint Status Report. While you adopted the neutral title and inserted a substantial portion of my prior language, the document remains slanted. Several additions and retained characterizations are inaccurate or improper, and a joint status report is not an appropriate vehicle for the sanctions-related arguments you continue to advance.

Specific Problems with the July 29 Draft

1. Rule 408 Settlement Material You added a detailed defense of your use of the May 12, 2026 settlement communication, citing *B & B Hardware, Inc. v. Fastenal Co.*, 688 F.3d 917 (8th Cir. 2012). That case does not authorize the use you are making. You are offering the settlement email to attack the credibility of my June 29 statements to the Court and to support sanctions. That is an impeachment purpose directed at representations made in this very discovery dispute. Quoting the settlement language and attaching the full email goes well beyond any legitimate collateral need and injects the prejudice Rule 408 is designed to prevent. The settlement communication should be stricken or, at minimum, limited to a neutral statement that limited intermediary contact occurred through staff.

2. Characterization of Contact with Mr. Human You continue to assert that my statements to the Court on June 29 “appear to be untrue.” That characterization is inaccurate and misleading. I have not spoken to or seen Mr. Human in well over a year. Any limited communication related to the May 2026 settlement discussion was initiated by a staff member acting as an intermediary. Copying Mr. Human on an email that transmitted a

settlement offer obtained through staff does not convert intermediary contact into the direct personal contact that was the subject of the Court's inquiry. Collapsing the two into a claim of false statements to the Court is overreaching.

3. Redacted Bank / IOLTA Records You added language claiming that Fisher "did not ask that the records be redacted so extensively" and that my suggestion that Fisher invited the redactions is "inaccurate." The record is otherwise. Fisher requested the trust-account records in redacted form. The redactions were limited to the confidential financial information of other clients who have no connection to this litigation, as required by privilege doctrine and Missouri Rule of Professional Conduct 4-1.15. A party cannot request redacted records and then complain that the records are redacted. The form of production was the form requested.

4. Sanctions and "Under Oath" Demand A joint status report on the progress of discovery is not the proper vehicle for requesting that the Court require me to explain the scope of my search under oath or for advancing a sanctions request. Those are matters for a properly noticed motion, not a status report. Including them here is inappropriate and further evidence of the pattern of using this process to increase pressure and your clients costs rather than to provide the Court with a neutral update.

5. Completeness of Production I have conducted the methodical review ordered by the Court and have produced more than 1,560 pages. I have stated that no additional non-privileged, responsive documents exist in my possession, custody, or control. Speculation that additional documents "should" exist does not create an obligation to produce documents that are not there.

6.

Good-Faith Redline and Willingness to Confer

Attached is Butler's proposed redline of the Joint Status Report. It retains your full position so the Court can see both sides, while clearly marking my proposed corrections and rebuttals. It addresses the Rule 408 issue, the inaccurate contact characterization, the redaction history, the cost-shifting and undue-burden points (including *Stecklein & Rapp Chartered v. Experian Information Solutions, Inc.*, 113 F.4th 858 (8th Cir. 2024)), and the impropriety of using a status report as a sanctions vehicle.

I am submitting this redline in good faith and remain perfectly willing to find middle ground. I am prepared to consent to a joint filing that:

- Removes the May 12 settlement communication (or limits any reference to a neutral statement regarding intermediary contact through staff);
- Corrects the inaccurate characterization of my June 29 statements;
- Accurately describes the redacted bank records as having been produced in the form Fisher requested; and
- Omits requests for sanctions or an under-oath explanation from this status report.

If those changes are made, I will consent to a joint submission. If you elect to file unilaterally with the current characterizations and Rule 408 material intact, I will respond and will place the full correspondence before the Court.

I remain available to confer.

Sincerely,

Edwin V. Butler
Butler Law Group, LLC

Attachment: Butler_Proposed_Redline_Joint_Status_Report_7.29.2026.docx

**From:** James Ruley <jruley@wtlaw.com>
**Sent:** July 29, 2026 4:20 PM
**To:** Edwin Butler <edbutler@butlerlawstl.com>; Melanie Ng Silva <mngsilva@wtlaw.com>
**Cc:** Edwin Butler <edbutler@butlerlawstl.com>; Alex Terepka <Alex@wtlaw.com>
**Subject:** Re: Objection to Inclusion of Rule 408 Material and Misrepresentations in Draft Joint Status Report – Human v. Fisher, No. 4:24-cv-01177-MTS

Ed,

We are in receipt of your email, which continues your pattern of misstating the law and facts. While our revised joint status report (attached) addresses these points, we also address them briefly below.

First, our inclusion of the May 12 communication is not improper. Rule 408 is a rule of admissibility, not a rule of confidentiality. It does not bar disclosure of settlement communications, and it does not bar their use for a purpose other than proving or disproving "the validity or amount of a disputed claim." Fed. R. Evid. 408(a), (b). The May 12 email concerned settlement of the underlying action, and Fisher does not offer it to prove or disprove anything about that action or the merits of any claim. It is offered for the narrow, collateral purpose of establishing that contact with Mr. Human occurred and when. That fact is directly relevant to the subpoena-compliance dispute now before the Court. The Eighth Circuit has squarely held Rule 408 inapplicable to compromise evidence "offered for a purpose other than to prove the validity, invalidity, or amount of a disputed claim." *B & B Hardware, Inc. v. Fastenal Co.*, 688 F.3d 917, 920 (8th Cir. 2012) (quoting Fed. R. Evid. 408 advisory committee note (2006)); *see also GEICO Cas. Co. v. Hollandsworth*, 2019 WL 342165, at *3 n.4 (W.D. Mo. Jan. 28, 2019) (rejecting a Rule 408 objection where the letter was offered as evidence of forum shopping rather than to prove or disprove a claim). Your reliance on the impeachment clause is likewise misplaced: the impeachment clause of Rule 408(a) addresses impeachment of a witness's testimony concerning the disputed claim, and your June 29 statements were representations of counsel in a discovery dispute, not testimony on the merits.

Second, and relatedly, we have not misrepresented anything about those communications. Fisher cannot know whether the May 12 email was sent by you or by your staff, or what you personally knew of it. But in either event, you are responsible for your staff's communications with Mr. Human, and the settlement offer was conveyed from your email address. Bringing this issue to the Court's attention does not violate our ethical obligations. In fact, we have an ethical obligation to raise it as officers of the Court.

Third, your production remains so heavily redacted that we cannot determine whether the documents you produced are responsive. Our request was that you redact the confidential financial information of your other clients. It was not a request to redact the records so broadly that responsiveness cannot be assessed.

Fourth, your 1,560 pages consist largely of duplicative documents that inflate the page count, or documents Mr. Human previously produced in the underlying case, including

hundreds of pages of publicly available material from Fisher's own website. That does not appear to be good-faith compliance with the Court's order.

Finally, it is not appropriate to direct opposing counsel to remove their client's positions from a status report, and this is not the first time you have done so in this case.

Please let us know if you have any additional edits by noon CT tomorrow. While we have repeatedly extended the deadlines to accommodate you, we will not do so again, given that this submission has dragged out for over a week and a half since we first circulated a joint status report on July 17. If we do not hear from you by then, we will file this version with a note explaining that you declined to consent to a joint submission.

Best,

James Ruley

---

**From:** Edwin Butler <edbutler@butlerlawstl.com>
**Date:** Wednesday, July 29, 2026 at 1:47 PM
**To:** Melanie Ng Silva <mngsilva@wtlaw.com>
**Cc:** Edwin Butler <edbutler@butlerlawstl.com>; Alex Terepka <Alex@wtlaw.com>; James Ruley <jruley@wtlaw.com>
**Subject:** Objection to Inclusion of Rule 408 Material and Misrepresentations in Draft Joint Status Report – Human v. Fisher, No. 4:24-cv-01177-MTS

[Warning – external]

Dear Melanie,

Thank you for circulating the draft Joint Status Report regarding non-party subpoena compliance.
I write to raise serious objections to the content of Fisher's portion of the draft and to request that the objectionable material be removed or corrected before any filing.

**1. Improper Disclosure of Rule 408 Settlement Material**

Fisher's draft discusses quotes from, and attaches (as an exhibit) a confidential settlement communication dated May 12, 2026, in which a settlement offer was extended on Mr. Human's behalf.
That communication is classic settlement material protected by Federal Rule of Evidence 408.
Rule 408 prohibits the use of settlement offers and related statements "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction." Using the May 12 communication to attack my credibility before the Court, to support a request for sanctions, or to create the appearance of wrongdoing falls squarely within the prohibited uses.
Inclusion of this material in a public court filing is improper. Please remove all references to the May 12 settlement communication, any quotation from it, and any related exhibit before the Joint Status Report is finalized or filed.

2. **<u>Misrepresentations Regarding Contact with Mr. Human</u>**

Fisher's draft asserts that statements I made to the Court on June 29, 2026 — that I had not spoken to or seen Mr. Human for approximately a year and had "no contact" with him — were untrue. That characterization is inaccurate and unfair.
I have not spoken to or seen Mr. Human in well over a year. Any limited communication that occurred in connection with the May 2026 settlement discussion was initiated by a staff member of my firm acting as an intermediary. I did not personally contact Mr. Human, did not speak with him, and did not meet with him. Copying him on an email that transmitted a settlement offer obtained through staff does not constitute the direct personal contact that was the subject of my statements to the Court.

The draft's suggestion that I made false statements to the Court is therefore incorrect. Continuing to advance that narrative after the facts have been clarified risks violating the duty of candor and the prohibition on using discovery or filings for the purpose of embarrassment or burden.

As Georgia-licensed counsel appearing pro hac vice, you are bound by the Georgia Rules of Professional Conduct, including Rule 3.3 (Candor Toward the Tribunal), Rule 3.4 (Fairness to Opposing Party and Counsel), Rule 4.1 (Truthfulness in Statements to Others), and Rule 4.4 (Respect for Rights of Third Persons). Rule 4.4 specifically prohibits the use of means that have no substantial purpose other than to embarrass, delay, or burden a third person. The repeated personal attacks and characterizations of my statements as "untrue" fall within the spirit of that rule, particularly where the underlying facts involve only intermediary contact through staff.

3. **<u>Misrepresentations Regarding the Redacted Bank / IOLTA Records</u>**

Fisher's draft repeatedly criticizes the bank and IOLTA records as "so heavily redacted" that their completeness cannot be determined, and suggests the redactions are improper or incomplete. That characterization is inaccurate and overlooks the history of the request.

The redacted form of the records was prepared in direct response to, and in compliance with, an earlier email from your office requesting that the trust-account records be produced in redacted form. The redactions were made solely to protect the confidential financial information of other clients who have no connection to this litigation. Those other-client records are protected by attorney-client privilege, the work-product doctrine, and Missouri Rule of Professional Conduct 4-1.15 (safeguarding client funds and property).

A party cannot request that documents be produced in redacted form and then complain that the documents are redacted. The production was made in the precise form requested. Any suggestion that the redactions were excessive, incomplete, or intended to conceal information related to Mr. Human is incorrect and should be removed from the draft.

**<u>Production Status</u>**

As stated in my portion of the draft and in prior correspondence, Butler Law Group and I have conducted a diligent, methodical search of all materials in our possession, custody, or control. We have produced in excess of 1,560 pages of responsive, non-privileged documents. We have no further non-privileged, responsive documents to produce. Any remaining complaints about the production can be addressed through the Court, if necessary, but the production itself is complete.

I remain willing to confer in good faith to resolve these issues and to finalize a clean Joint Status Report that accurately reflects the status of the non-party production without the Rule 408 material, the inaccurate characterizations of my contact with Mr. Human, or the misrepresentations concerning the redacted bank records. Please confirm by close of business today that the objectionable material will be removed or corrected so that we can move forward productively.

Thank you for your attention to these concerns.

Best regards,

Edwin V. Butler

Edwin V. Butler | Butler Law Group LLC

1650 Des Peres Road;. Ste 220 | Des Peres, MO 63131

Direct: # | Office: 314-504-0001 | Fax: 314-481-8479

edbutler@butlerlawstl.com| www.butlerlawstl.com
CONFIDENTIALITY NOTE: The information contained in this e-mail message, including any attachments, is LEGALLY PRIVILEGED and CONFIDENTIAL and is intended only for the use of the addressee(s) named above. If you are not an addressee, or a person responsible for delivering this to the addressee(s), you are hereby

notified that reading, using, copying or distributing this message is strictly prohibited. If you believe you may have received this message in error, please immediately notify the sender by telephone at (314) 504-0001 and delete this message from your system. Thank you.

Outlook

## Re: Joint Status Report - Human v. Fisher

[redacted]

**Date** Wed 7/29/2026 07:32 AM

**To** Edwin Butler <edbutler@butlerlawstl.com>

2 attachments (46 KB)

NG Email 7.29.26.docx; Butler Revise Joint Status Report.docx;

[redacted]

---

[redacted]

---

**From:** Edwin Butler
**Sent:** July 28, 2026 4:31 PM
**To:** 'Melanie Ng Silva' <mngsilva@wtlaw.com>
**Cc:** Alex Terepka <Alex@wtlaw.com>; James Ruley <jruley@wtlaw.com>
**Subject:** RE: Joint Status Report - Human v. Fisher

Thanks Melanie.

Ed

---

**From:** Melanie Ng Silva <mngsilva@wtlaw.com>
**Sent:** July 28, 2026 4:02 PM

**To:** Edwin Butler <edbutler@butlerlawstl.com>
**Cc:** Alex Terepka <Alex@wtlaw.com>; James Ruley <jruley@wtlaw.com>
**Subject:** Re: Joint Status Report - Human v. Fisher

Hi Ed, thank you for the update. We will hold off on filing until then.

Best,
Melanie

**Melanie Ng Silva (bio)**
WATSTEIN TEREPKA LLP
P: 404-600-1240
mngsilva@wtlaw.com
www.wtlaw.com

---

**From:** Edwin Butler <edbutler@butlerlawstl.com>
**Date:** Tuesday, July 28, 2026 at 4:56 PM
**To:** Melanie Ng Silva <mngsilva@wtlaw.com>
**Cc:** Alex Terepka <Alex@wtlaw.com>; James Ruley <jruley@wtlaw.com>
**Subject:** RE: Joint Status Report - Human v. Fisher

[Warning – external]
Hi Melanie,

I would like to move the deadline to Tomorrow at noon. Let me know if that works for you.

Thanks,

Ed

---

**From:** Melanie Ng Silva <mngsilva@wtlaw.com>
**Sent:** July 27, 2026 11:57 AM
**To:** Edwin Butler <edbutler@butlerlawstl.com>
**Cc:** Edwin Butler <edbutler@butlerlawstl.com>; Alex Terepka <Alex@wtlaw.com>; James Ruley <jruley@wtlaw.com>
**Subject:** Re: Joint Status Report - Human v. Fisher

Hi Ed, following up on the below. Unless we hear from you before 5:00 PM ET tomorrow (July 28), we will file the status report with a note that you declined to confirm whether we have your permission to add your electronic signature.

Best,
Melanie

**Melanie Ng Silva (bio)**
WATSTEIN TEREPKA LLP
P: 404-600-1240
mngsilva@wtlaw.com
www.wtlaw.com

---

**From:** Melanie Ng Silva <mngsilva@wtlaw.com>
**Date:** Friday, July 24, 2026 at 5:50 PM
**To:** Edwin Butler <edbutler@butlerlawstl.com>

**Cc:** Edwin Butler <edbutler@butlerlawstl.com>; Alex Terepka <Alex@wtlaw.com>; James Ruley <jruley@wtlaw.com>
**Subject:** Re: Joint Status Report - Human v. Fisher

Hi Ed, following up on the below.

Best,
Melanie

**Melanie Ng Silva (bio)**
WATSTEIN TEREPKA LLP
P: 404-600-1240
mngsilva@wtlaw.com
www.wtlaw.com

---

**From:** Melanie Ng Silva <mngsilva@wtlaw.com>
**Date:** Thursday, July 23, 2026 at 7:25 PM
**To:** Edwin Butler <edbutler@butlerlawstl.com>
**Cc:** Edwin Butler <edbutler@butlerlawstl.com>; Alex Terepka <Alex@wtlaw.com>; James Ruley <jruley@wtlaw.com>
**Subject:** Re: Joint Status Report - Human v. Fisher

Hi Ed, thank you for providing your position for the joint status report. Fisher made minor revisions to its portion, which are attached along with a courtesy redline. Please advise by 5 PM ET tomorrow (Friday, July 24) if we have your permission to add your electronic signature and file. Thank you.

Best,
Melanie

**Melanie Ng Silva (bio)**
WATSTEIN TEREPKA LLP
P: 404-600-1240
mngsilva@wtlaw.com
www.wtlaw.com

---

**From:** Edwin Butler <edbutler@butlerlawstl.com>
**Date:** Tuesday, July 21, 2026 at 4:17 PM
**To:** Melanie Ng Silva <mngsilva@wtlaw.com>
**Cc:** Edwin Butler <edbutler@butlerlawstl.com>
**Subject:** FW: Follow up Discovery Response
[Warning – external]

**Melanie,**

Your email of July 17, 2026, and its accusatory tone are not well taken. This firm has engaged in good-faith efforts to comply with the Court's directives despite the extraordinary burden imposed. We have produced in excess of 1,560 pages of responsive, redacted, privileged and non-privileged materials. The continued demands, threats of further subpoenas, and self-imposed deadlines appear calculated to harass rather than seek legitimate discovery, inflating costs in a matter that could have been resolved over a year ago. Fisher's choices have obviously created self-inflicted financial injury.

We respond to your enumerated points as follows:

**1. Demand letters.** We conducted a diligent and full search of all files, electronic and physical records, and archives related to Mr. Human. No additional demand letters, responses, or attachments exist beyond what has already been produced.

**2. Correspondence with opposing counsel and defendants.** A comprehensive search was performed. Ed Butler has not personally spoken to Daniel Human for well over a year. Any prior

settlement-related offer was conveyed through a staff member in an effort to resolve this matter efficiently. No further responsive correspondence exists that has not been produced.
**3. Settlement agreements.** We performed one final, methodical search specifically for the Dream Style settlement agreement as referenced. No such file or document can be located despite exhaustive efforts. The only agreement produced (Call Trader) was already provided previously.
**4. Duplicates.** Any duplicates in the production were inadvertent given the volume of materials reviewed and the expedited timeline. We have already produced over 1,560 pages. Further culling would impose additional undue burden.
**5. Tax records.** We produced available Forms 1099-MISC. Redactions were performed carefully and methodically to protect unrelated client information. You requested the trust account records in redacted form. All redactions relate solely to other client records and have nothing to do with Mr. Human or his cases. We confirm that no additional responsive tax documents exist regarding disbursements to Mr. Human. We also have no information, whatsoever whether Mr. Human pays taxes or not.
**6. Bank and IOLTA records.** Redactions were necessary and proper to safeguard privileged attorney-client information and records of unrelated clients, consistent with Missouri Rule of Professional Conduct 4-1.15 and ethical obligations. We have produced what is available and responsive. Any further unredacted production would violate duties to third-party clients. We have exhausted our resources on this matter.
**7. Evidence of Mr. Human's assets.** As previously informed to the Court and opposing counsel, we have no such records or evidence in our possession, custody, or control. Continuing to browbeat us on this point is unethical and harassing, especially given that Fisher possesses Mr. Human's bankruptcy filing (showing no assets) and has acknowledged awareness of his activities.
Your threat to subpoena unredacted trust/IOLTA records from Commerce Bank is strongly objected to. We (and affected clients) will move to quash any such subpoena. Under **FRCP 45(d)(3)(A)**, the Court **must** quash or modify a subpoena that requires disclosure of privileged or protected matter or subjects a person to undue burden. Relevant 8th Circuit and E.D. Mo. precedents support this, including protection of non-party attorney records containing third-party client confidences (e.g., *Stecklein & Rapp Chartered v. Experian*, emphasizing undue burden on law firms and protection of other clients' information; *Miscellaneous Docket Matter No. 1*, 197 F.3d 922 (8th Cir. 1999); and cases protecting attorney financial records implicating attorney-client privilege and work product).
Such a subpoena would also implicate Missouri Rules of Professional Conduct (e.g., 4-1.6 on confidentiality) and constitute an abuse of process. We cite Georgia Rules of Professional Conduct Rule 3.4 (fairness to opposing party and counsel) and Rule 4.4 (respect for rights of third persons), which prohibit using discovery methods that have no substantial purpose other than to embarrass, delay, or burden third persons, or to harass. This has been ongoing for more than a year.
We have no evidence of Mr. Human's assets, as stated to the Court. Pursuing this further is harassing.
Your self-imposed deadlines (e.g., July 20 and July 27) are not well taken and serve no legitimate purpose. We will add our position to the joint status report. We have filed objections and will seek compensation for the extensive research, review, redaction, and production efforts (over 1,560 pages). Under FRCP 45(d)(1) and (d)(2)(B)(ii), the issuing party must take reasonable steps to avoid undue burden or significant expense on non-parties, and courts must protect non-parties from significant compliance costs, especially where (as here) it disrupts a sole practitioner's income and is bankrupting the firm and Ed Butler personally. This includes reasonable attorney time at standard rates for the burdensome, ongoing compliance.
This matter could have been resolved more than a year ago. The pattern of demands suggests an intent to harass and run up costs rather than resolve the underlying issues.
We remain available to confer reasonably but will not expend further resources absent Court order, and we will vigorously defend against any further abusive process.

Sincerely,
Edwin V. Butler
Butler Law Group, LLC

---

**From:** Melanie Ng Silva <mngsilva@wtlaw.com>
**Sent:** July 17, 2026 4:14 PM
**To:** Edwin Butler <edbutler@butlerlawstl.com>
**Cc:** Alex Terepka <Alex@wtlaw.com>; James Ruley <jruley@wtlaw.com>
**Subject:** Re: Follow up Discovery Response

Ed,

We received your supplemental production. It is still deficient.

Your own words prove the point. On May 12, you swore under oath: “All non-privileged, responsive documents in my possession, custody, or control have been produced via the May 12, 2026 Dropbox production.” This week you produced roughly one hundred new pages. And your letter now promises “one final search” for the Dream Style settlement agreement. In other words, you have admitted that you know your now late production, even now, is still incomplete.

The Court told you what compliance requires: “a methodical review of everything that you have,” with each category answered fully. Produce the documents or state on the record that none exist so the production can be audited. The Court told you this “should be priority number one” and that anything less puts you “under further potential sanction from the Court.” A generic assertion that nothing else exists does not meet that standard.

For each category below, please confirm that you conducted a comprehensive search of everything in your possession, custody, or control, and produce the missing materials we identify below:

1. **Demand letters.** You produced no additional demand letters, responses, or attachments. Please confirm that none exist in any of the 15 federal matters — or produce them.
2. **Correspondence with opposing counsel and defendants.** You produced nothing new. That is hard to square with Mo. R. Prof’l Conduct 4-1.22, which requires you to maintain client files for six years after the representation ends absent a written agreement otherwise. You confirmed to the Court on June 29 that no written agreement with Mr. Human exists and that you have more responsive correspondence that you have not produced. Please produce the complete correspondence or confirm that your files contain none.
3. **Settlement agreements.** The only agreement in your supplemental production is Call Trader—which Mr. Human produced over a year ago and you already produced on May 12. Please complete the Dream Style search now and produce the remaining agreements we identified, or state that they do not exist.
4. **Duplicates.** The supplemental production, like the original, is padded with duplicates. You produced the same Selective Insurance Form 1099-MISC at least four times.
5. **Tax records.** You produced some Forms 1099-MISC issued to Butler Law Group, but the redactions make it impossible to determine what is missing. Please confirm whether or not you or Butler Law Group issued any tax documents to Mr. Human when disbursing his settlement proceeds from your IOLTA account.
6. **Bank and IOLTA records.** The redactions make it impossible to determine whether your trust-account records are complete. They do not appear to be. Mo. R. Prof'l Conduct 4-1.15(f) requires complete trust-accounting records for at least six years. Mr. Human settled at least four cases with you in 2023, and you previously provided scans of 2023 IOLTA checks to Mr. Human, but you produced no banking records reflecting those payments. Please reduce the redactions and provide the missing records for 2023. Otherwise, Fisher will subpoena the relevant

IOLTA records from Commerce Bank. Anything the bank produces that your production omitted will speak for itself.

7. **Evidence of Mr. Human's assets.** You produced nothing. Please produce responsive records or confirm on the record that you have none.

If you would like to confer about our requests above, please let us know and we can set up a call.

Next, your demand for a $40,000 "cost deposit" is meritless, and Fisher will not pay it. Rule 45's cost protections belong to nonparties who timely object and comply. You did neither. You served no objections, and the Court held you waived them all. Doc. 150 at 3–4. You blew the May 12 compliance deadline the Court set. And the Court has already rejected the premise of your demand, finding you were no "unlucky, unaffiliated bystander," but someone who "willingly engaged in business with Mr. Human and made plenty of money doing so." Doc. 150 at 11. That means you are not entitled to compensation for belatedly and partially complying with the Court's production orders from fourteen months ago.

Our portion of the joint status report is attached. Please add your position and return it by COB Monday, July 20. Please also confirm by July 20 that you will serve a second supplemental production curing the deficiencies above no later than July 27.

Best,
Melanie

**Melanie Ng Silva (bio)**
WATSTEIN TEREPKA LLP
P: 404-600-1240
mngsilva@wtlaw.com
www.wtlaw.com

---

**From:** Melanie Ng Silva <mngsilva@wtlaw.com>
**Date:** Monday, July 13, 2026 at 7:28 PM
**To:** Edwin Butler <edbutler@butlerlawstl.com>
**Cc:** Alex Terepka <Alex@wtlaw.com>; James Ruley <jruley@wtlaw.com>
**Subject:** Re: Follow up Discovery Respose

Hi Ed, thank you for your supplemental production. We will review and advise of any deficiencies by EOW, and we will route our portion of the joint discovery statement by end of week also. It is not reasonable to ask us for our portion of a joint statement immediately after making your supplemental production and without giving Fisher a chance to review it. It's even worse that you requested a response by COB today when you provided a supplemental production after business hours. We don't think Judge Schelp will look kindly on this. Finally, Fisher is not responsible for the costs you've incurred attempting to satisfy your legal obligations.

Best,
Melanie

**Melanie Ng Silva (bio)**
WATSTEIN TEREPKA LLP
P: 404-600-1240
mngsilva@wtlaw.com
www.wtlaw.com

---

**From:** Edwin Butler <edbutler@butlerlawstl.com>
**Date:** Monday, July 13, 2026 at 6:59 PM
**To:** Melanie Ng Silva <mngsilva@wtlaw.com>
**Cc:** Edwin Butler <edbutler@butlerlawstl.com>
**Subject:** Follow up Discovery Respose

[Warning – external]

Edwin V. Butler | Butler Law Group LLC

1650 Des Peres Road;. Ste 220 | Des Peres, MO 63131

Direct: # | Office: 314-504-0001 | Fax: 314-481-8479

edbutler@butlerlawstl.com| www.butlerlawstl.com
CONFIDENTIALITY NOTE: The information contained in this e-mail message, including any attachments, is LEGALLY PRIVILEGED and CONFIDENTIAL and is intended only for the use of the addressee(s) named above. If you are not an addressee, or a person responsible for delivering this to the addressee(s), you are hereby notified that reading, using, copying or distributing this message is strictly prohibited. If you believe you may have received this message in error, please immediately notify the sender by telephone at (314) 504-0001 and delete this message from your system. Thank you.