**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL HUMAN, *individually and on behalf of others similarly situated*, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:24-cv-01177-MTS |
| FISHER INVESTMENTS, INC., *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on two motions for attorney's fees filed by Counter-Plaintiff Fisher Investments, Inc. ("Fisher"). Docs. [67] & [79]. Both Motions seek attorney's fees and other miscellaneous expenses Fisher has incurred based on the many misdeeds of Counter-Defendant Daniel Human and his attorney Edwin Butler in this case. Doc. [67] at 1; Doc. [79] at 5. After careful review and consideration, the Court concludes that a blanket award of fees and expenses to Fisher is appropriate under the Court's inherent authority.

*

Federal courts normally operate under the "American Rule," under which every party is responsible for its own attorney's fees. *See Baker Botts L.L.P. v. ASARCO LLP*, 576 U.S. 121, 126 (2015) ("'Our basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.'") (quoting

*Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–53 (2010)). The American Rule is not absolute, however. This Court has several mechanisms for sanctioning parties and their attorneys for misconduct by requiring them to pay an opponent's attorney's fees. *See, e.g.*, Fed. R. Civ. P. 16(f); *id.* at 26(g); 28 U.S.C. § 1927. The Supreme Court has made clear that these mechanisms did not do away with a federal district court's power to invoke its inherent authority to assess "attorney's fees and related expenses" as a "sanction for a party's bad-faith conduct." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 35 (1991); *accord id.* at 62–63 (Kennedy, J., dissenting) (noting the Court held that a federal court may "exercise inherent power to sanction bad-faith misconduct 'even if procedural rules exist which sanction the same conduct'").

More recently, the Supreme Court has reaffirmed that federal courts have the "inherent authority to sanction a litigant for bad-faith conduct by ordering it to pay the other side's legal fees." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 103 (2017) (8-0). In *Goodyear*, the Court explained that when a federal court uses its inherent authority in this way, the sanction "must be compensatory rather than punitive in nature." *Id.* at 108. "In other words, the fee award may go no further than to redress the wronged party 'for losses sustained'; it may not impose an additional amount as punishment for the sanctioned party's misbehavior." *Id.*

There must be a "but-for" causal link, the Court explained, between the litigant's misbehavior and legal fees paid by the opposing party. *Id.* at 108–09.

> This but-for causation standard generally demands that a district court assess and allocate specific litigation expenses—yet still allows it to exercise discretion and judgment. The court's fundamental job is to determine

> whether a given legal fee—say, for taking a deposition or drafting a motion—would or would not have been incurred in the absence of the sanctioned conduct. The award is then the sum total of the fees that, except for the misbehavior, would not have accrued.

*Id.* at 109–10.

In exceptional cases, this determination can be easy to make. *See id.* (citing *Chambers*, 501 U.S. at 51, 57). This case is one of those exceptional cases. *Goodyear* explained that "[i]f a plaintiff initiates a case in complete bad faith, so that every cost of defense is attributable only to sanctioned behavior, the court may again make a blanket award." *Id.* at 110. Because that is the very situation in which Counter-Plaintiff Fisher found itself, resorting to the Court's inherent authority is appropriate here.

Human initiated this case in complete bad faith. Elsewhere this Court has gone to great lengths to detail Human's complete bad faith in bringing this action. *See generally* Doc. [148] (published at: *Human v. Fisher Invs., Inc.*, 351 F.R.D. 225 (E.D. Mo. 2026)). The Court stands by the findings of fact made therein. In short, the genesis of this entire action was Human's fraud. As was his practice, Human provided his phone number along with a fake name to request solicitations from Fisher for the sole purpose of filing suit against it under the Telephone Consumer Protection Act after Fisher called him. Unlike dozens of prior defendants, Fisher refused to settle Human's baseless claims against it. Human and Butler were then faced with a frightening new reality, the discovery process of our adversarial system. In response to Fisher's choice to litigate this action, Human and Butler obstructed, delayed, and hindered the progress of this litigation by many means and

relentlessly avoided their discovery obligations. Their conduct culminated in Human destroying his desktop computer two days before a Court-ordered inspection of the device.

*Goodyear* makes clear that Human and Butler's complete bad faith in bringing this fraudulent and baseless action warrants a blanket award of sanctions.[1] That award has a temporal limit here, though. Since the Court struck Human's pleadings, the only claim that remains in this action is Counter-Plaintiff Fisher's counterclaim. *See* Doc. [45]. Fisher is entitled to recover *all* the reasonable fees it incurred in defending against Human's baseless claims because those fees were caused by Human and Butler's initiation of this case in complete bad faith. *Goodyear*, 581 U.S. at 110. But once Fisher began litigating its own counterclaim, legal expenses geared to it were no longer caused solely by Human and Butler's misconduct. *See id.* at 111. At that point, Fisher was pursuing its own claim for relief, just as any plaintiff does when prosecuting any tort claim. The American Rule therefore requires Fisher to bear its own fees for the latter portion of this litigation, notwithstanding that the tort alleged is fraud. Put simply, Human's complete bad faith in

[1] As a finding of fact, the Court concludes that Butler knew that Human's claims against Fisher were not legitimate at the time Butler entered his appearance in this case. The sheer number of Human's TCPA lawsuits would have been enough to cause Butler to begin to question Human's veracity. And those suspicions should only have grown when, in 2023, in two separate cases in which Butler represented Human, litigants formally accused Human of committing fraud involving the TCPA by the very method Fisher later alleged here. Further, in Court proceedings, Butler struggled to explain how he vetted this case. *Cf.* Fed. R. Civ. P. 11(b). And his speech and demeanor during Court proceedings, in which he denied having knowledge of Human's misconduct, led the Court to find his representations not credible. In addition, prior to Human destroying the *desktop* computer and bringing a decoy *laptop* to the inspection, Butler told Fisher's attorneys that Human would "produce his phone and *laptop*" at the inspection. Doc. [66-1] at 594 (emphasis added). These are but some of the things that support the Court's findings regarding Butler's knowledge and personal blameworthiness.

bringing this case justifies shifting Fisher's entire cost of defending itself against Human's baseless claims; it does not justify shifting the blanket cost of prosecuting Fisher's claim.[2]

The Court must therefore identify the point at which Fisher's fees cease to be attributable to Human and Butler's sanctionable conduct and become ordinary expenses of Fisher prosecuting its counterclaim. Upon review of what Fisher has provided, the Court concludes that most—if not all—of the fees Fisher submitted in its Motions for Sanctions and Motion for Attorney's Fees were solely for the defense of Human's claims and would not have been incurred but for it. *See Goodyear*, 581 U.S. at 108. It likely also has additional fees that it has not yet submitted. With this conclusion in mind, the Court will provide Fisher with the opportunity to submit a request for all the fees it would not have incurred but for Human's bad-faith initiation of this action.[3]

* * *

Because inherent authority is an undelegated power, the Court does not invoke it lightly. *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980); *Schlafly v. Eagle Forum*, 970 F.3d 924, 939 (8th Cir. 2020) (Stras, J., concurring in the judgment in part and

---

[2] The Court emphasizes that it does not justify shifting the *blanket* cost of prosecuting Fisher's claim. The Court, of course, still has inherent authority and authority under relevant rules and statutes to award attorney's fees regarding discrete acts or specific instances of misconduct, where appropriate. Therefore, nothing herein prevents Fisher from separately seeking, in good faith, sanctions for any other expenses incurred because of Human and/or Butler's misconduct. *Cf.* Doc. [113] (Fisher's supplemental sanctions request on which the Court has yet to rule).

[3] Fisher is free to repeat its same arguments and evidence about the reasonableness of the time it spent on the specific tasks it previously has submitted along with the reasonableness of its rates. *See* Fed. R. Civ. P. 1. And while Fisher must "submit appropriate documentation" to meet its burden, this Court recognizes that "[t]he essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *See Fox v. Vice*, 563 U.S. 826, 838 (2011) (warning "trial courts need not, and indeed should not, become green-eyeshade accountants").

dissenting in part). But given that the Supreme Court unanimously explained that this same type of situation allows a district court to make a blanket award, this Court will do so given the complete bad faith of Human and Butler in bringing Human's fraudulent and baseless claims.

Accordingly,

**IT IS HEREBY ORDERED** that Counter-Plaintiff Fisher Investments, Inc.'s Motions for Sanctions and Attorney's Fees, Docs. [67] and [79], are **GRANTED** in part. Counter-Plaintiff is entitled to a blanket fee award for *all* the reasonable fees it incurred in defending against Counter-Defendant Human's fraudulent claims. For this entire fee award, Counter-Defendant Human, his attorney Edwin V. Butler, and Butler's law firm, Butler Law Group LLC, will be jointly and severally liable.

**IT IS FURTHER ORDERED** that, no later than **Thursday**, **October 22, 2026**, Counter-Plaintiff Fisher Investments, Inc. shall submit a record of all fees it incurred from the commencement of this litigation solely for the defense of Human's fraudulent claims. *See Goodyear*, 581 U.S. at 108–09. Counter-Defendant Human and Edwin V. Butler shall both have fourteen (14) days to file any opposition, and Fisher will have ten (10) days to file any replies thereto. *See* E.D. Mo. L.R. 4.01(B), (C).

Dated this 30th day of September 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE