**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL HUMAN, | ) | |
| | ) | |
| Plaintiff / Counter-Defendant, | ) | Case No. 4:24-cv-01177-MTS |
| | ) | |
| v. | ) | |
| FISHER INVESTMENTS, INC., et al., | ) | |
| Defendants / Counter-Plaintiff. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR CLARIFICATION AND PARTIAL RECONSIDERATION**
**OF MEMORANDUM AND ORDER (DOC. 160)**

## I. INTRODUCTION

Edwin V. Butler and Butler Law Group, LLC seek clarification and partial reconsideration of Doc. 160 solely as it applies to them. Doc. 160 awards Fisher a blanket fee recovery for all reasonable fees incurred defending Human's claims and imposes joint-and-several liability on Human, Butler, and the firm. That award exceeds the limits the Supreme Court has placed on inherent-authority fee sanctions. Butler did not file the original petition and entered his appearance only after removal. Under *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017), fees that would have been incurred regardless of Butler's participation cannot be shifted to him. The firm has no independent liability.

## II. STATEMENT OF FACTS

1. This action was removed from the Circuit Court of St. Louis County on August 28, 2024. Doc. 1. On October 11, 2024, Edwin V. Butler filed his Entry of Appearance for Plaintiff Daniel Human. Doc. 12. Butler did not prepare or file the original state-court petition.

2. On March 31, 2026, the Court dismissed Human's claims and struck his answer to Fisher's counterclaim as a sanction for misconduct. Only Fisher's counterclaim remains. Default judgment has been entered on that counterclaim; the sole remaining issue is the amount of damages.

3. On September 30, 2026, the Court entered Doc. 160. It granted Fisher's motions for sanctions and attorney's fees in part and held that Fisher is entitled to a blanket fee award for all reasonable fees incurred in defending against Human's fraudulent claims. It further ordered that Human, Edwin V. Butler, and Butler Law Group, LLC are jointly and severally liable for the entire award. Fisher must submit its fee record by October 22, 2026. Human and Butler then have fourteen days to oppose, and Fisher has ten days to reply.

4. Doc. 161 granted Butler's motion to withdraw. The order expressly states that withdrawal does not absolve Butler of liability for past conduct and that he remains obligated to appear when ordered, including at the October 13, 2026 conference.

## III. STANDARD OF REVIEW

A district court has inherent authority to reconsider and modify its interlocutory orders. Fed. R. Civ. P. 54(b); see also *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (interlocutory orders are subject to revision). Clarification is appropriate when an order is ambiguous or when subsequent application of controlling Supreme Court precedent requires a more precise statement of its scope.

When a court imposes attorney's fees as a sanction under its inherent authority, the award is compensatory, not punitive, and is limited to the fees the innocent party would not have incurred but for the misconduct. *Goodyear Tire & Rubber Co. v. Haeger,* 581 U.S. 101, 108–09 (2017).

The court must determine the causal connection between the sanctioned conduct and the fees awarded. Id. at 109–11. A blanket award of all fees from the inception of the case is proper only when the sanctioned party's bad-faith initiation of the action caused every subsequent fee. Id. at 110.

Inherent-authority sanctions also require a finding of bad faith. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–46 (1991); *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 767 (1980).

## IV. ARGUMENT

### A. Goodyear Requires But-For Causation and Precludes a Blanket Award Against Counsel Who Did Not Initiate the Action

In Goodyear, the Supreme Court held that a fee award under the court's inherent authority "must be compensatory rather than punitive in nature" and is limited to "the fees the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have incurred but for the bad faith." 581 U.S. at 108. The Court explained that a district court may shift all fees from the start of a case only in the exceptional situation in which "a plaintiff initiates a case in complete bad faith, so that every cost of defense is attributable only to sanctioned behavior." Id. at 110.

That exceptional situation does not exist as to Butler. The original petition was filed in state court before removal. Butler entered his appearance on October 11, 2024—more than six weeks after removal. Doc. 12. He is not the attorney who initiated the action. Fees Fisher incurred before October 11, 2024, would have been incurred regardless of Butler's later participation. Those fees fail the but-for test of Goodyear and cannot be included in any award against him.

Even after Butler's appearance, the Court must still identify which fees would not have been incurred but for Butler's own misconduct. Fees related solely to Fisher's prosecution of its counterclaim after Human's claims were dismissed on March 31, 2026, are ordinary expenses of Fisher's own claim and are not recoverable under the American Rule. *Goodyear*, 581 U.S. at 110–11.

**B. No Specific Findings Support Liability of Butler Law Group, LLC**

Doc. 160 names Butler Law Group, LLC as jointly and severally liable. Inherent-authority sanctions may reach a law firm, but only upon findings that the firm itself engaged in or ratified the bad-faith conduct. *Chambers*, 501 U.S. at 45–46. No such findings appear in Doc. 160 or in any prior order. The firm's liability is premised solely on its employment of Edwin V. Butler. That is insufficient. Clarification that the firm is not liable, or that any firm liability is limited to the same post-appearance, causally connected fees as Butler himself, is required.

**C. Clarification Will Permit an Orderly Fee Submission and Opposition**

Fisher's fee submission is due October 22, 2026. Without clarification, Fisher may submit undifferentiated fees dating from the commencement of the litigation. Directing Fisher to segregate pre- and post-October 11, 2024 fees, and to identify the causal link required by *Goodyear*, will allow Butler to file a focused opposition within the fourteen-day window and will assist the Court in applying the correct legal standard.

## V. CONCLUSION

For the foregoing reasons, Edwin V. Butler and Butler Law Group, LLC respectfully request that the Court clarify and partially reconsider Doc. 160 to limit any fee award against Butler to fees incurred after October 11, 2024, that Fisher would not have incurred but for Butler's

own post-appearance misconduct, and to eliminate or similarly limit the firm's joint-and-several liability.

Dated: October 11, 2026

Respectfully submitted,

/s/ Edwin V. Butler
Edwin V. Butler
Mo. Bar No. 32489
Butler Law Group, LLC
1650 Des Peres Road, Suite 220
St. Louis, Missouri 63131
(314) 504-0001
edbutler@butlerlawstl.com
*Former Counsel for Plaintiff / Counter-Defendant*

---

**CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2026, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record. Service on pro se Counter-Defendant Daniel Human is being made by electronic and U.S. mail to his last-known addresses.

/s/ Edwin V. Butler