**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

**DANIEL HUMAN**, individually and on behalf of all others similarly situated,

Plaintiff,

v.

**FISHER INVESTMENTS, INC.**,

Defendant.

**Case No. 4:24-cv-01177-MTS**

**JURY TRIAL DEMANDED**

## FISHER'S RECORD OF FEES INCURRED DEFENDING AGAINST MR. HUMAN'S FRAUDULENT CLAIMS

## I. Introduction

Mr. Human brought a fraudulent lawsuit, and his counsel kept it going knowing it was not legitimate. ECF No. 160 at 4 & n.1. Exposing that fraud took Fisher through a device inspection Mr. Human tried to evade with last-minute dismissals, a computer he threw "in the trash" less than two days before it, and a decoy laptop in its place. Then came a frivolous appeal, a bankruptcy timed to avoid his deposition, and motions to dismiss, to stay, and for mandamus, none of which Fisher would have faced but for Mr. Human's bad faith.

The Court therefore awarded Fisher "all the reasonable fees it incurred in defending against" Mr. Human's fraudulent claims, and held Mr. Human, Mr. Butler, and Butler Law Group LLC jointly and severally liable for that award. ECF No. 160 at 6. Fisher submits the record of those fees here. Fisher seeks $553,610.83. To arrive at that figure, Fisher's counsel reviewed every entry on every invoice in this case and excluded the work devoted to prosecuting Fisher's own counterclaim. As the Court anticipated, the majority of the expense Fisher has incurred to-date relates to defending Mr. Human's claim. Fisher attaches its invoices with the expense it excluded from its fee request here highlighted in red, so the Court can see exactly what Fisher is not seeking. Terepka Decl. Ex. 1.

## II. Fisher Is Entitled to $553,610.83 in Fees and Expenses for Defending Against Mr. Human's Claims

### A. Fisher Seeks Only the Fees It Incurred Defending Against Mr. Human's Claims

Fisher is entitled to every fee it "would not have incurred but for Human's bad-faith initiation of this action." ECF No. 160 at 5 (citing *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017)). The Court has already concluded that "most—if not all—" of the fees Fisher previously submitted meet that standard. *Id.* The fees below do too. Mr. Human's fraudulent claims remained in this case until the Court dismissed them on March 31, 2026. ECF No. 148. And Mr.

Human and his counsel continued to litigate those claims at every turn, including after the March 28, 2025 hearing.

Fisher seeks the fees and expenses from the following:

- **Defending the case from its commencement through February 4, 2025: $146,152.70.** Investigating Mr. Human's state-court petition, removal, the scheduling disputes, correspondence with Mr. Human and his counsel regarding Fisher's evidence of consent and requesting dismissal, Mr. Human's motions to stay discovery, his amended complaint, and related matters. ECF Nos. 16–40.

- **Exposing the fraud, February 5 to March 31, 2025: $146,594.94.** The motion to compel, the device inspection, the sanctions motion, and the March 28 hearing at which the Court indicated it would consider striking Mr. Human's pleadings. ECF Nos. 65, 67, 82.

- **Preparing reply in support of sanctions: $15,411.51.** Fisher's reply in support of its motion for sanctions arising from the unnecessary January 22, 2025 hearing at which the Court ordered Mr. Human to comply with a previous order compelling discovery. ECF No. 91. Fisher should not have been required to incur the expense of obtaining an order for Mr. Human to comply with a previous order.

- **Opposing Mr. Human's jurisdiction, stay, and mandamus filings: $13,702.01.** After the March 28 hearing, Mr. Human moved to dismiss for lack of jurisdiction, moved to stay all proceedings, and petitioned the Eighth Circuit for mandamus. Fisher responded to each. ECF Nos. 120, 122, 125, 136.

- **Preparing the Rule 11 show-cause proceedings and the motion to seal Mr. Human's settlement agreements: $12,300.38.** Fisher's response to the Court's order to show cause under Rule 11(c)(3), and its motion to file Mr. Human's settlement agreements, which showed his statements about his income were false. ECF Nos. 78, 86, 92, 94, 98.

- **Preparing Fisher's notice of supplemental evidence from Mr. Human's deposition: $11,372.50.** Mr. Human's testimony confirming his fraud, which supported striking his pleadings. ECF No. 115.

- **Other defense work: $3,485.00.** Developing additional evidence of Mr. Human's fraud relating to WeWork, and responding to Mr. Butler's motion to withdraw by asking the Court to defer ruling until it resolved the order to show cause and Fisher's request for joint and several sanctions. ECF Nos. 84, 99.

- **Local counsel fees: $21,037.94.** Thompson Coburn's fees as Fisher's local counsel while Mr. Human's claims were pending, including attending the March 28 hearing.[1]

- **Incurring expenses: $9,689.06.** The forensic examination of Mr. Human's devices ($7,925.46), travel to the March 28 hearing ($1,116.25), and pro hac vice, filing, and subpoena fees ($647.35). The award properly includes these expenses. *See Goodyear*, 581 U.S. at 107 (sanction may require a party "to reimburse legal fees and costs incurred by the other side").

- **Fees incurred recovering these fees: $50,367.15.** Fisher's fee petition and reply. ECF Nos. 79, 100. A sanctions award reaches "all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly," including the time spent obtaining the award. *Booker v. Stauffer Seeds, Inc.*, 817 F.2d 47, 50 (8th Cir. 1987); *see also El-Tabech v. Clarke*, 616 F.3d 834, 843 (8th Cir. 2010) (time spent preparing fee applications is "generally compensable").

- **Mr. Human's deposition: $46,710.53 in fees and $4,272.59 in expenses.** Mr. Human's answers confirmed his fraud and violations of this Court's orders, Fisher relied on his deposition testimony to support striking his pleadings, and the Court's order dismissing his claims relies on his deposition too, confirming that the fees incurred from the deposition are fees attributable to defending Mr. Human's claim against Fisher. ECF Nos. 115, 148.

- **Addressing Mr. Human's bankruptcy filing that attempted to evade his deposition: $52,529.92.** Includes $8,129.90 for Fisher's local bankruptcy counsel. Mr. Human filed for bankruptcy days before his court-ordered deposition. ECF No. 101; ECF No. 113 at 3. His petition stayed the entire case, including his own claims. Fisher had to obtain relief from that stay before this case could proceed.

- **Case management, April 2025 through April 2026: $9,117.60.** Managing the case while Mr. Human's claims remained pending.

- **Half of sixteen entries that combined defense and counterclaim work: $10,867.00.** Entries that combine work on Mr. Human's claims with work on Fisher's counterclaim. Fisher seeks half of each.[2]

---

[1]Thompson Coburn billed its time through Fisher's lead counsel, so its charges appear on WT's invoices as disbursements. Fisher presents that time as fees here, consistent with its prior submissions. ECF Nos. 79, 113; Terepka Decl. ¶¶ 14–15. Fisher reviewed Thompson Coburn's entries the same way it reviewed its own. It excludes Thompson Coburn's counterclaim work, seeks half of three combined entries, and excludes one Thompson Coburn invoice for an unrelated matter that was passed through on Fisher's invoices. Terepka Decl. ¶ 16; id. Ex. 2.

[2]Sixteen time entries describe work on the defense of Mr. Human's claims and work on Fisher's counterclaim together, in a way that does not permit a precise allocation. Fisher seeks half of each. Terepka Decl. ¶ 8. That is a reasonable allocation, and the Court need not do more. *Fox v. Vice*, 563 U.S. 826, 838 (2011) ("The essential goal in shifting fees . . . is to do rough justice, not to

Consistent with the Court's order, Fisher does not seek the fees it incurred prosecuting its own counterclaim. ECF No. 160 at 4–5. Although Fisher believes that many of these fees are at least partially attributable to defending against Mr. Human's claim, Fisher has excluded $104,941.78 in fees in the interest of avoiding unnecessary disputes, which fall into the following categories:

- **Preparing subpoenas to Mr. Butler and James Marks: $37,918.52.** Fisher's subpoenas to Mr. Butler, Butler Law Group LLC, James Marks, and WillCraft Legal Services, and Mr. Human's motions to quash them. ECF Nos. 117–19, 132–35, 138, 141, 145, 150.

- **Obtaining damages discovery and responding to Mr. Human's motion for summary judgment on the counterclaim: $19,733.15.** Discovery solely focused on Fisher's damages, Mr. Human's motion to compel Fisher's evidence of fraud, and his motion for summary judgment on the counterclaim. ECF Nos. 130, 142.

- **Responding to Mr. Human's motion to dismiss the counterclaim: $11,415.89.** Fisher's opposition to Mr. Human's motion to dismiss the counterclaim, which the Court denied. ECF Nos. 48, 49, 51, 58.

- **Preparing Fisher's supplemental fee submission: $7,678.63.** Fisher's submission seeking fees for Mr. Human's bankruptcy and its motion to compel damages discovery. ECF No. 113.

- **Drafting the counterclaim: $5,343.75.** Investigating and drafting Fisher's fraud counterclaim. ECF No. 45.

- **Damages discovery filings and post-dismissal case management: $7,588.84.** The stipulation extending the damages discovery deadlines, Fisher's motion to compel Mr. Human's damages discovery responses, and case management after the Court dismissed Mr. Human's claims, including the May 12, 2026 settlement communication. ECF Nos. 106, 109.

- **Local counsel's counterclaim work: $4,396.00.** Thompson Coburn's work on the same counterclaim tasks, including the motion to dismiss the counterclaim, the motions to quash, and the supplemental fee submission, and the cost of serving Fisher's subpoena on Mr. Marks.

---

achieve auditing perfection."); ECF No. 160 at 5 n.3. These entries are highlighted in yellow in the attached billing records.

- **The other half of the sixteen combined entries: $10,867.00.** The counterclaim share of the combined entries described above.

The table below summarizes Fisher's fee request:

| Category | Fees | Expenses | Total |
|---|---|---|---|
| Defense of Mr. Human's claims | $489,282.03 | $13,961.65 | $503,243.68 |
| Fees incurred recovering fees (ECF Nos. 79, 100) | $50,367.15 | — | $50,367.15 |
| **Total Fisher seeks** | **$539,649.18** | **$13,961.65** | **$553,610.83** |
| Counterclaim work and other entries (not sought) | | | $107,871.32 |
| Discrete misconduct (reserved)[3] | $48,201.32 | $2,501.35 | $50,702.67 |
| **Total billed** | | | **$712,184.82** |

Fisher attaches its invoices for the entire case to-date (excluding October 2026, which is still open). Terepka Decl. Ex. 1. The counterclaim work Fisher does not seek is highlighted in red, like this. Fisher has separately highlighted in yellow the sixteen entries it seeks at half value. *Id.* ¶ 7. Privileged descriptions are redacted. *Id.* Thompson Coburn's invoices, which are attached separately, are highlighted the same way. Terepka Decl. Ex. 2.

### B. Fisher's Rates and Hours Are Reasonable

The Court invited Fisher to rely on the reasonableness showing it previously made. ECF No. 160 at 5 n.3. That showing applies with full force here.

[3] The Court has made clear that Fisher may separately seek, in good faith, sanctions for expenses incurred because of Mr. Human's and Mr. Butler's discrete misconduct. ECF No. 160 at 5 n.2. Fisher does not seek those fees here and reserves them. They total $50,702.67: the June 29, 2026 hearing on Mr. Butler's motion to withdraw ($21,041.13), the status report Mr. Butler refused to sign and his response to it (ECF Nos. 158, 159) ($13,765.03), Fisher's efforts to enforce its subpoenas ($13,395.16), and $2,501.35 in related expenses. Fisher reserves its rights to seek those fees by separate motion. This record also includes the bankruptcy-related fees Fisher sought in its pending supplemental submission (ECF No. 113). Fisher reserves the balance of that submission, which concerns its motion to compel damages discovery (ECF No. 109).

**Rates.** Fisher's counsel's hourly rates are reasonable for the reasons Fisher previously explained. ECF No. 79 at 7–9; ECF No. 100 at 5–6. This Court has approved comparable rates. *Axiom Prod. Admin, Inc. v. O'Brien*, 2024 WL 1655389, at *5 (E.D. Mo. Apr. 17, 2024) (Schelp, J.) (finding rates of $375, $600, and $695 per hour reasonable), *appeal dismissed*, 2024 WL 4784634 (8th Cir. Sept. 13, 2024). And another federal court has found WT's rates reasonable for TCPA defense in light of its attorneys' "considerable experience defending companies against TCPA claims, class actions, and litigation in federal court." *Reisman v. Ne. Power & Gas*, 720 F. Supp. 3d 279, 294 (S.D.N.Y. 2024). Mr. Human cited no authority supporting lower rates. ECF No. 100 at 6. The rates of Fisher's local counsel, Thompson Coburn, are reasonable for the same reasons. ECF No. 79 at 8; ECF No. 113 at 2 n.1.

The only change since Fisher's prior submissions is the passage of time. WT adjusts its rates each January in the ordinary course, and the invoices reflect those adjustments. Terepka Decl. ¶ 11. Mr. Terepka's hourly rate, for example, was $695 in 2024, $712.50 in 2025, and $831.25 in 2026. Ms. Silva's was $450, $546.25, and $622.25. *Id.* Those rates remain well within the range courts have approved for experienced TCPA counsel. *See* ECF No. 79 at 8–9.

**Hours.** The hours Fisher's professionals spent are also reasonable. ECF No. 79 at 4–7, 9–11; ECF No. 100 at 3–5; ECF No. 113 at 2–4. Fisher submits detailed time records explaining the tasks its professionals performed and the time spent on each. Terepka Decl. Ex. 1. Those records confirm that Fisher's counsel handled this case efficiently. One partner, Mr. Terepka, and one associate, Ms. Silva, incurred more than 92% of the WT attorney time for which Fisher seeks fees, underscoring that Fisher relied on the two timekeepers most familiar with the matter. *Id.* ¶ 13.

The following summarizes the time each professional spent on the work for which Fisher seeks fees. *Id.* ¶ 12.

| Timekeeper | Role | Rate(s) | Hours | Fees |
|---|---|---|---|---|
| Alex Terepka | Partner | $695–$831.25 | 251.2 | $178,512.63 |
| Ryan Watstein | Partner | $750–$926.25 | 7.4 | $5,924.50 |
| Melanie Ng Silva | Associate | $450–$622.25 | 496.45 | $261,662.58 |
| James Ruley | Associate | $495–$688.75 | 47.95 | $29,453.88 |
| Patrick Fitzgerald | Associate | $617.50 | 3.5 | $2,161.25 |
| Matthew Keilson | Associate | $525–$665 | 1.7 | $1,060.50 |
| Benjamin Williams | Counsel | $625 | 0.5 | $312.50 |
| Jennipher Borey | Paralegal | $310 | 53.0 | $16,430.00 |
| Lindsay Ballard | Paralegal | $275 | 51.5 | $14,162.50 |
| Kaitlyn Thompson | Paralegal | $0–$275 | 2.6 | $495.00 |
| **WT subtotal** | | | **915.8** | **$510,175.34** |
| Matthew Guletz | Local counsel | $635–$680 | 32.25 | $21,624.00 |
| Sonette Magnus | Local counsel | $695 | 9.8 | $6,811.00 |
| Thompson Coburn costs (removal filing fee, hearing transcript, copies) | | | | $1,038.84 |
| **Total fees** | | | | **$539,649.18** |

Mr. Human has never challenged a single time entry. ECF No. 100 at 3–4. To object to fees, a party must identify the specific entries he contends are excessive. *League of Women Voters of Mo. v. Ashcroft*, 5 F.4th 937, 940 (8th Cir. 2021). And the fees here are the product of Mr. Human's own choices. Fisher repeatedly asked him to dismiss this case before it filed a counterclaim, and repeatedly tried to avoid needless expense. ECF No. 100 at 4–5; ECF No. 113 at 3–4. Fisher's fees are reasonable and should be awarded in full.

## III. Conclusion

The Court should award Fisher $553,610.83 against Mr. Human, Mr. Butler, and Butler Law Group LLC, jointly and severally. ECF No. 160 at 6.

Dated: October 22, 2026

*_/s/ Alex Terepka_*
Alex Terepka (pro hac vice)
James M. Ruley (pro hac vice)
Melanie Ng Silva (pro hac vice)
WATSTEIN TEREPKA LLP
75 14th Street NE, Ste. 2600
Atlanta, Georgia 30309
Tel: (213) 839-3317
alex@wtlaw.com
jruley@wtlaw.com
mngsilva@wtlaw.com

Matthew D. Guletz, #57410(MO)
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, MO 63101
(314) 552-6311
Fax: 314-552-7000
mguletz@thompsoncoburn.com

*Attorneys for Fisher Investments, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this October 22, 2026, I caused to be electronically filed the foregoing document in the United States District Court for the Eastern District of Missouri, with notice of same being electronically served on all counsel of record and on Edwin V. Butler. I further certify that I caused a copy to be served on Mr. Human, who is proceeding pro se, by email and U.S. mail at his last-known addresses. *See* ECF No. 164.

*/s/ Alex Terepka*
Alex Terepka