**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

**DANIEL HUMAN**, individually and on behalf of all others similarly situated,

Plaintiff/Counter-Defendant,

v.

**FISHER INVESTMENTS, INC.**,

Defendant/Counter-Plaintiff.

**Case No. 4:24-cv-01177-MTS**

**JURY TRIAL DEMANDED**

**FISHER'S OPPOSITION TO MR. BUTLER'S MOTION FOR CLARIFICATION AND PARTIAL RECONSIDERATION OF THE COURT'S SANCTIONS ORDER**

## I. Introduction

Butler Law Group LLC appeared as counsel for Mr. Human in this case in October 2024 through its attorney Edwin Butler. Mr. Butler knew Mr. Human's claims were not legitimate when his law firm appeared. The Court so found, based on "[t]he sheer number of Human's TCPA lawsuits" and two 2023 cases in which Mr. Butler represented Mr. Human and "litigants formally accused Human of committing fraud involving the TCPA by the very method Fisher later alleged here." ECF No. 160 at 4 n.1. Mr. Butler then helped Mr. Human "consistently delay[] and hinder[]" this case. ECF No. 148 at 5. So the Court held Mr. Human, Mr. Butler, and Butler Law Group LLC jointly and severally liable for the fees Fisher incurred defending Mr. Human's fraudulent claims. ECF No. 160 at 6. Mr. Butler now asks the Court to trim that award in two ways.

First, he asks that his share exclude fees incurred before his October 11, 2024 appearance. Fisher could fairly oppose that request. Mr. Butler had already defended Mr. Human against similar fraud allegations twice, so he may well have known of the scheme long before he appeared here.[1] But in the interest of avoiding unnecessary disputes, and to narrow the issues before the Court, Fisher is willing to agree that Mr. Butler and his firm are not responsible for fees that predate his appearance. Those fees amount to $42,564.99 and will run against Mr. Human alone.

Second, he asks the Court to release his law firm from any liability. The Court should deny that request. A law firm can know and do only what its people know and do, and Butler Law Group's sole lawyer is Mr. Butler. When the lawyer whose bad faith the Court found is also the firm's organizer and only attorney, his bad faith is the firm's bad faith. *See Enmon v. Prospect Cap. Corp.*, 675 F.3d 138, 148 (2d Cir. 2012). The record leaves no daylight between them. Mr.

[1] He represented Mr. Human in both 2023 cases accusing Mr. Human of manufacturing TCPA claims. ECF No. 148 at 2–4. And Mr. Human's practice was to sue pro se and bring in counsel once a defendant removed or refused to settle. *Id.* at 2. Fisher does not waive the point that Mr. Butler knew of the scheme before October 11, 2024.

Butler alone organized the firm, a member-managed Missouri LLC, and he is its registered agent. Decl. of James M. Ruley ("Ruley Decl.") ¶ 2 & Ex. A. The firm's website presents one lawyer: Mr. Butler, its "Founding Attorney." *Id.* ¶ 3 & Ex. B. The firm's liability should stand, coextensive with his.

## II. Argument

Reconsideration "serve[s] a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (citation omitted). It is not a vehicle to "'tender new legal theories for the first time.'" *Id.* (citation omitted). Mr. Butler identifies no error and no new evidence.

### A. Fisher's Concession Resolves Section A of Mr. Butler's Motion.

In Section A of his motion, Mr. Butler argues that *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017), limits an inherent-authority fee award to fees the innocent party would not have incurred but for the sanctioned party's misconduct. ECF No. 166 at 3–4. From that premise he draws two conclusions: fees Fisher incurred before his October 11, 2024 appearance cannot be shifted to him, and fees for prosecuting Fisher's counterclaim are not recoverable. *Id.* Fisher has resolved the first point by agreeing for purposes of this motion that Mr. Butler and his firm are not responsible for pre-appearance fees, which will run against Mr. Human alone. The Court already resolved the second. It applied *Goodyear*, ECF No. 160 at 2–5, and it excluded fees for prosecuting Fisher's counterclaim under the American Rule, *id.* at 4–5. What remains passes *Goodyear*'s but-for test. Mr. Butler knowingly kept Mr. Human's fraudulent claims alive. *Id.* at 4 n.1. Fisher would not have spent a dollar defending those claims after his appearance otherwise.

In Section C, Mr. Butler argues that without clarification Fisher might submit undifferentiated fees from the start of the case. He asks the Court to direct Fisher to separate pre- and post-appearance fees and identify the causal link *Goodyear* requires. ECF No. 166 at 4. That

request is moot. Fisher's fee record attaches every dated time entry, ECF No. 170-1, Ex. 1, and Fisher identifies the pre-appearance amount above. To the extent Mr. Butler and his law firm dispute the amount, they may raise those disputes in their response to Fisher's fee record. *See* ECF No. 160 at 6; ECF No. 170.

**B. Butler Law Group Remains Jointly and Severally Liable.**

"There is no serious dispute that a court may sanction a law firm pursuant to its inherent power." *Enmon*, 675 F.3d at 147; *accord In re Mroz*, 65 F.3d 1567, 1576 (11th Cir. 1995). The question is when an attorney's bad faith is the firm's. Courts in this Circuit ask whether a member of the firm took "a conscious, deliberate step" in the misconduct. *Books Are Fun, Ltd. v. Rosebrough*, 239 F.R.D. 532, 556 (S.D. Iowa 2007). The Eighth Circuit has affirmed an inherent-power sanction against a firm based on its principal's conduct alone. *Plaintiffs' Baycol Steering Comm. v. Bayer Corp.*, 419 F.3d 794, 807 (8th Cir. 2005). And when an attorney's "actions were indistinguishable from those of [the] firm," the court may attribute them to the firm. *Enmon*, 675 F.3d at 148 (founding, named partner of a ten-to-fifteen-lawyer firm); *see also Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc.*, 57 F.3d 1215, 1228 (3d Cir. 1995) (affirming sanction against "the entire firm" where named partner was "primarily responsible").

Mr. Butler meets that test many times over. He is not one partner among many at a large firm. He is Butler Law Group. He organized it. He is its registered agent. It is member-managed, so no outside managers stand between him and its decisions. Ruley Decl. Ex. A. It holds itself out as a one-lawyer practice built around him: "Learn more about the attorney: Edwin V. Butler," its "Founding Attorney." Ruley Decl. Ex. B. Every act the Court found to be in bad faith was taken by the only lawyer the firm has, on behalf of the firm's client. ECF No. 160 at 4 n.1. Treating the firm differently would mean the firm escapes responsibility for the conduct of the one person who could ever act for it. That makes no sense. A firm "can only have the state of mind of those

authorized to act on its behalf." *Cf. Luscier v. Risinger Bros. Transfer, Inc.*, 2015 WL 5638063, at *11 (S.D.N.Y. Sept. 17, 2015). Here, that person is Mr. Butler.

The subpoena proceedings illustrate the point. Fisher subpoenaed Mr. Butler and the firm separately, and the Court ordered both to comply. ECF No. 150 at 12. At the October 13 conference, Mr. Butler told the Court he went through the files "about three times" and did "most" of the redactions himself, with help from "part-time people," including Mr. Prosser. Ruley Decl. Ex. C at 9:14–22, 12:19–13:7. He confirmed that he and his firm were counsel of record in Mr. Human's prior cases, *id.* at 12:2–5, and that nothing goes out under his signature that he did not write or dictate and read, *id.* at 24:6–9. And when the Court reminded him that he is "responsible for the conduct of [his] law firm," he answered, "Yes, sir." *Id.* at 23:19–22. Mr. Prosser, the firm's "lead paralegal," also took part in the conduct at issue here. He emailed the Court's deputy clerk asking her to file papers for Mr. Butler, ECF No. 153-1, and he notarized the affidavit Mr. Butler filed in support of his withdrawal, ECF No. 154-1. *See* ECF No. 148 at 2 n.2. The firm knew and acted through the same people whose conduct the Court sanctioned.

Mr. Butler's authorities do not say otherwise. He cites *Chambers* for the rule that a firm is liable only if it "engaged in or ratified" the misconduct. ECF No. 166 at 4 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)). Those pages say no such thing. They describe the bad-faith exception to the American Rule. And they explain that the inherent power, unlike Rule 11 and § 1927, is not limited to "certain individuals" but "extends to a full range of litigation abuses." *Chambers*, 501 U.S. at 46. Nor do cases holding that "'[b]ad faith is personal'" help him. *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009) (citation omitted). *Scivantage* reversed a sanction against a national firm that rested only on its "inability . . . to adequately supervise" one partner. *Id.* That rule protects people who did not know of the bad faith.

*See Browning Debenture Holders' Comm. v. DASA Corp.*, 560 F.2d 1078, 1089 (2d Cir. 1977) (co-plaintiffs liable only if "personally . . . aware of or otherwise responsible for" it). Mr. Butler effectively asks the Court to conclude that the firm he founded, runs, and practices in alone did not know what he was doing. That makes no sense. Holding Mr. Butler's firm liable establishes appropriate accountability for a law firm—Butler Law Group—that was equally involved in the conduct the Court sanctioned as Mr. Butler himself.

**III. Conclusion**

The Court should grant Mr. Butler's motion only to the extent that fees Fisher incurred before October 11, 2024 ($42,564.99) are assessed against Mr. Human alone, and deny it in all other respects. That means Fisher seeks $553,610.83 against Mr. Human and $511,045.84 against Mr. Butler and Butler Law Group LLC. Mr. Human, Edwin V. Butler, and Butler Law Group LLC should remain jointly and severally liable for the rest of the Court's award.

Dated: October 26, 2026

/s/ Alex Terepka
Alex Terepka (pro hac vice)
James Ruley (pro hac vice)
Melanie Ng Silva (pro hac vice)
WATSTEIN TEREPKA LLP
75 14th Street NE, Ste. 2600
Atlanta, Georgia 30309
Tel: (213) 839-3317
alex@wtlaw.com
jruley@wtlaw.com
mngsilva@wtlaw.com

Matthew D. Guletz, #57410(MO)
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, MO 63101
(314) 552-6311
Fax: 314-552-7000
mguletz@thompsoncoburn.com

*Attorneys for Fisher Investments, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notice to all counsel and interested parties of record, including Edwin V. Butler. I further certify that I caused a copy to be served on Counter-Defendant Daniel Human, pro se, by email at danlovestopolo@gmail.com and by U.S. Mail at his last-known address, 10423 Conway Road, St. Louis, Missouri 63131.

/s/ Alex Terepka
Alex Terepka