**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **DANIEL HUMAN**, individually and on behalf of all others similarly situated,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>**FISHER INVESTMENTS, INC.**,<br><br>Defendant/Counter-Plaintiff. | **Case No. 4:24-cv-01177-MTS**<br><br>**JURY TRIAL DEMANDED** |

**DECLARATION OF JAMES RULEY IN SUPPORT OF FISHER'S OPPOSITION TO MR. BUTLER'S MOTION FOR PARTIAL RECONSIDERATION**

I, James M. Ruley, declare as follows:

1. I am an attorney at Watstein Terepka LLP and one of the lawyers for Defendant/Counter-Plaintiff Fisher Investments, Inc. ("Fisher") in this action. I am admitted to practice before this Court pro hac vice. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them.

2. Attached as Exhibit A is a true and correct copy of the Articles of Organization and Certificate of Organization for Butler Law Group LLC, Charter No. LC001617456, filed with the Missouri Secretary of State on November 8, 2018. I obtained these documents from the Missouri Secretary of State's online business entity records on October 22, 2026.

3. Attached as Exhibit B are true and correct copies of pages from the website of Butler Law Group LLC, located at https://butlerlawstl.com/about/ and https://butlerlawstl.com/edwin-v-butler-estate-planning-attorney/, as those pages appeared when I accessed them on October 26, 2026.

4. On October 13, 2026, I appeared on behalf of Fisher at the on-the-record conference concerning Mr. Butler's compliance with Fisher's subpoenas to Mr. Butler and Butler Law Group LLC. *See* ECF No. 167. Attached as Exhibit C is a true and correct copy of the official transcript of that conference.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 26, 2026, in Marietta, Georgia.

/s/ James M. Ruley
James M. Ruley

# EXHIBIT A

**LC001617456**
**Date Filed: 11/8/2018**
**John R. Ashcroft**
**Missouri Secretary of State**

**State of Missouri**
**John R. Ashcroft, Secretary of State**
Corporations Division
PO Box 778 / 600 W. Main St., Rm. 322
Jefferson City, MO 65102

# Articles of Organization

*(Submit with filing fee of $105.00)*

1. The name of the limited liability company is
Butler Law Group LLC
*(Must include "Limited Liability Company," "Limited Company," "LC," "L.C.," "L.L.C.," or "LLC")*

2. The purpose(s) for which the limited liability company is organized:
The transaction of any and all business for which a Limited Liability Company may be formed under the laws of the State of Missouri.

3. The name and address of the limited liability company's registered agent in Missouri is:

| Edwin Butler | 841 Paradise Acres Dr | High Ridge MO 63049 |
|---|---|---|
| *Name* | *Street Address: May not use PO Box unless street address also provided* | *City/State/Zip* |

4. The management of the limited liability company is vested in: ☐ managers ☒ members *(check one)*

5. The events, if any, on which the limited liability company is to dissolve or the number of years the limited liability company is to continue, which may be any number or perpetual: Perpetual
*(The answer to this question could cause possible tax consequences, you may wish to consult with your attorney or accountant)*

6. The name(s) and street address(es) of each organizer *(PO box may only be used in addition to a physical street address)*:
(Organizer(s) are not required to be member(s), manager(s) or owner(s)

| ***Name*** | ***Address*** | ***City/State/Zip*** |
|---|---|---|
| Butler, Edwin | 841 Paradise Acres Dr | High Ridge MO 63049 |

7. ☐ Series LLC (OPTIONAL) Pursuant to Section 347.186, the limited liability company may establish a designated series in its operating agreement. The names of the series must include the full name of the limited liability company and are the following:

New Series:
☐ The limited liability company gives notice that the series has limited liability.

New Series:
☐ The limited liability company gives notice that the series has limited liability.

New Series:
☐ The limited liability company gives notice that the series has limited liability.

(Each separate series must also file an Attachment Form LLC 1A.)

Name and address to return filed document:
Name: Kevin Swanson
Address: Email: kevin-swanson@outlook.com
City, State, and Zip Code:

8. The effective date of this document is the date it is filed by the Secretary of State of Missouri unless a future date is otherwise indicated: :____________________

*(Date may not be more than 90 days after the filing date in this office)*

In Affirmation thereof, the facts stated above are true and correct:

(The undersigned understands that false statements made in this filing are subject to the penalties provided under Section 575.040, RSMo)

**All organizers must sign:**

| Edwin Butler | EDWIN BUTLER | 11/08/2018 |
|---|---|---|
| *Organizer Signature* | *Printed Name* | *Date of Signature* |

# STATE OF MISSOURI

**John R. Ashcroft**
**Secretary of State**

## CERTIFICATE OF ORGANIZATION

WHEREAS,

*Butler Law Group LLC*
*LC001617456*

filed its Articles of Organization with this office on the 8th day of November, 2018, and that filing was found to conform to the Missouri Limited Liability Company Act.

NOW, THEREFORE, I, John R. Ashcroft, Secretary of State of the State of Missouri, do by virtue of the authority vested in me by law, do certify and declare that on the 8th day of November, 2018, the above entity is a Limited Liability Company, organized in this state and entitled to any rights granted to Limited Liability Companies.

IN TESTIMONY WHEREOF, I hereunto set my hand and cause to be affixed the GREAT SEAL of the State of Missouri. Done at the City of Jefferson, this 8th day of November, 2018.

Secretary of State

# EXHIBIT B

Case: 4:24-cv-01177-MTS Doc. #: 172-1 Filed: 10/26/26 Page: 8 of 48 PageID #: 3969

BUTLER
LAW GROUP

314-461-0468 (tel:3144610468)

ABOUT BUTLER LAW GROUP

# Protecting What Matters Most For Over Four Decades

When a legal matter arises, finding the right attorney is one of the most important steps you can take to resolve things. You want to work with someone who will commit themselves to your case. Someone who has experience, a strong set of skills and a strong sense of empathy. You also need to work with someone who is communicative, clear, respectful and patient.

When looking for a legal advocate with all of these qualities, look no further than Butler Law Group LLC.

Ed Butler, has over 42 years of experience representing and advocating for clients in St. Louis and throughout Missouri. He is dedicated, highly motivated, thoughtful, and has a wealth of knowledge and sharp skills in and out of the courtroom. He can be there for you in any number of legal matters throughout St. Louis County.

Learn more about the attorney:

Edwin V. Butler (https://butlerlawstl.com/edwin-v-butler/)

# An Attorney Who Truly Cares

Ed Butler has spent the majority of his life representing the people of Missouri in their legal matters, from family law issues (https://butlerlawstl.com/family-law/) to estate plaining (https://butlerlawstl.com/estate-planning/)He is passionate about finding creative solutions for his clients, and he's ready to help you when you need it. He is both a skilled litigator and negotiator who thrives in collaboration and high-stakes situations. You can count on him to take initiative in your case and deliver positive results.

Both a family lawyer and a family man, as a father of five children, Ed Butler has lived in St. Louis County for years. He prides himself on his unyielding work ethic, passion and deep understanding of the law. In his spare time, you can find him playing the bagpipes among other hobbies.

# Get In Touch With The Butler Law Group LLC

If you're seeking representation from someone who will commit to your case, look no further. Contact us to schedule an initial appointment to learn more about what we can do for you. Use our online contact form (https://butlerlawstl.com/contact/) or call 314-784-9831 (tel:+13147849831)to get in touch.

## Reach Out

## To Learn More Today

Fields marked with an * are required

**Name** **Email**

**Phone**

**Message**

BUTLER
LAW GROUP

**Telephone**

**314-784-4276**(tel:314-784-4276)

**ADDRESS**

1650 Des Peres Rd.
Suite 220
St. Louis, MO 63131

**St.Louis Law Office** (https://www.yelp.com/biz/ (https://www.google.com/map cid=14235836821377488692)

Case: 4:24-cv-01177-MTS Doc. #: 172-1 Filed: 10/26/26 Page: 11 of 48 PageID #: 3972

biz/butler-law-group-st-louis)

THE CHOICE OF A LAWYER IS AN IMPORTANT DECISION AND SHOULD NOT BE BASED SOLELY UPON ADVERTISEMENTS.

© 2025 Butler Law Group LLC (https://butlerlawstl.com/) · All Rights Reserved Disclaimer (https://butlerlawstl.com/disclaimer/) | Site Map (https://butlerlawstl.com/site-map/) |Privacy Policy (https://butlerlawstl.com/privacy-policy/)

SEND MESSAGE

Disclaimer (https://butlerlawstl.com/disclaimer/) | Privacy Policy (https://butlerlawstl.com/privacy-policy/)

BUTLER
LAW GROUP

314-461-0468 (tel:3144610468)

ED BUTLER

# Protecting What Matters Most To You For Over Four Decades

# Biography

A highly motivated and diligent attorney with strong litigation and negotiation skills developed over 40 years of experience, who consistently takes the initiative and delivers creative solutions to achieve positive results for clients. Ed is a former Prosecuting Attorney as well as a former Special Public Defender and defends clients with misdemeanor charges as well as serious felony charges.

We have the experience you need if you are being detained, investigated, or charged with a crime. If you have received a criminal summons, or recently been arrested, you want an experienced attorney who will quickly respond with tact and precision to maintain your freedom.

Ed has also handled every aspect in family law and is dedicated to negotiating the best result for his clients or litigating to achieve their best interests.

Case: 4:24-cv-01177-MTS Doc. #: 172-1 Filed: 10/26/26 Page: 13 of 48 PageID #: 3974

# Education

- **Saint Louis University School of Law**, St. Louis, Missouri
- J.D. - 1982
- Honors: cum laude

- **University of Notre Dame**, South Bend, Indiana
- B.A. - 1979
- Honors: magna cum laude
- Honors: Dean's List
- Major: Government, History, Economics

# Bar Admissions

- Missouri, 1982
- Illinois, 1984
- U.S. District Court Eastern District of Missouri, 1986

# Professional Associations

- St. Louis County Bar Association
- Bar Association of Metropolitan St. Louis, 1986 to 2018
- Missouri Bar, Family Law Section, 1987 to Present
- National Association of Defense Lawyers, 2019 to Present
- National Association for Public Defenders, 2019 to Present
- National Trial Lawyers, Top 100, 2006 to 2018

# Honors

- Top 100 Trial Lawyer

Case: 4:24-cv-01177-MTS Doc. #: 172-1 Filed: 10/26/26 Page: 14 of 48 PageID #: 3975

# Current Employment Position

- Founding Attorney

# Past Positions

- Office of the Circuit Attorney, Trial Associate, 1983 to 1988
- Arthur Anderson, Tax Professional, 1982 to 1983

# Edwin V. Butler



## Contact Me:

**(314) 784-9831 (tel:+13147849831)**

**CONTACT US (/CONTACT/)**

## Practice Areas

- Divorce
- Family Law
- Estate Planning
- Criminal Law

### Reach Out

# To Learn More Today

Fields marked with an * are required

**Name**

**Email**

**Phone**

**Message**

BUTLER
LAW GROUP

### Telephone

**314-784-4276** (tel:314-784-4276)

### ADDRESS

1650 Des Peres Rd.
Suite 220
St. Louis, MO 63131

**St. Louis Law Office** (https://www.yelp.com/biz/ (https://www.google.com/m cid=142358368213774886

Case: 4:24-cv-01177-MTS Doc. #: 172-1 Filed: 10/26/26 Page: 17 of 48 PageID #: 3978

biz/butler-law-group-st-louis)

THE CHOICE OF A LAWYER IS AN IMPORTANT DECISION AND SHOULD NOT BE BASED SOLELY UPON ADVERTISEMENTS.

SEND MESSAGE

© 2025 Butler Law Group LLC (https://butlerlawstl.com/) · All Rights Reserved Disclaimer (https://butlerlawstl.com/disclaimer/) | Site Map (https://butlerlawstl.com/site-map/) |Privacy Policy (https://butlerlawstl.com/privacy-policy/)

Disclaimer (https://butlerlawstl.com/disclaimer/) | Privacy Policy (https://butlerlawstl.com/privacy-policy/)

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL HUMAN, individually and on behalf of others similarly situated, | ) | |
| | ) | No. 4:24-cv-01177-MTS |
| Plaintiff, | ) | |
| vs. | ) | |
| FISHER INVESTMENTS, INC., et al., | ) | |
| Defendants. | ) | |

STATUS CONFERENCE

BEFORE THE HONORABLE MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

October 13, 2026

APPEARANCES:

For Plaintiff/Counter-Defendant Daniel Human:
Daniel Human
APPEARING PRO SE

For Defendant/Counter-Claimant Fisher Investments, Inc.:
James M. Ruley, Esq.
WATSTEIN TEREPKA LLP

For Interested Party Edwin V. Butler, II, Esq.:
Edwin V. Butler, II, Esq.
BUTLER LAW GROUP LLC

Also Present: Fred Harring, Esq.
FISHER INVESTMENTS, INC.

Reported by: PAMELA HARRISON, RDR, CRR, CRC, CCR, CSR
Official Court Reporter
United States District Court
111 South Tenth Street, Third Floor
St. Louis, MO 63102

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
PRODUCED BY COURT REPORTER COMPUTER-AIDED TRANSCRIPTION

**October 13, 2026**

**(The proceedings commenced at 2:32 p.m.)**

**(The following proceedings were held in open court:)**

**THE COURT:** All right. We're here in the case of *Daniel Human v. Fisher Investments*, 4:24-cv-1177-MTS. We're here today for a status conference in this case.

Who is here on behalf of the -- there's Mr. Butler.

Mr. Human, you're here to make your appearance, correct?

**MR. HUMAN:** Correct, Your Honor.

**THE COURT:** You're representing yourself pro se going forward in this?

**MR. HUMAN:** Your Honor, I found out Wednesday night late that Mr. Butler had been removed or withdrawn. Given the weekend and the holiday on Monday, I haven't had much chance to try and find counsel, though I'd like to.

**THE COURT:** Is it your intention to find counsel going forward?

**MR. HUMAN:** I would like to, yes, Your Honor.

**THE COURT:** All right. Just keep the Court updated as to your pursuit.

Mr. Butler is here today in an individual capacity. You need to sit at a microphone, Mr. Butler.

**MR. BUTLER:** Yes, sir.

**THE COURT:** Who is here on behalf of -- please make

your appearance on behalf of Fisher.

**MR. BUTLER:** Good afternoon, Your Honor. James Ruley on behalf of Defendant Fisher. Then we have our client representative Fred Harring, who's Fisher's GC, here as well.

**THE COURT:** All right. Good afternoon, everyone.

I called this for a status conference. I guess mostly I was calling it to catch up on the discovery, mostly the discovery that's being sought from Mr. Butler, to check in on the case management order.

And so I guess I'll start with Fisher. Have you received the requested documents from Mr. Butler?

**MR. RULEY:** We have not, Your Honor.

**THE COURT:** Have you received anything from him?

**MR. RULEY:** We received a supplemental production, and I'm happy to go into more detail.

**THE COURT:** Tell us what you've received for the purpose of the record, please.

**MR. RULEY:** Sorry. What was that, Your Honor?

**THE COURT:** For the purpose of the record, go ahead and state what you have in your possession.

**MR. RULEY:** Sure. So we have received a smattering of documents across two productions. I'll go -- I can go category by category.

**THE COURT:** Go ahead. Just to again make the record clear, why don't you go ahead and clearly state what the

request was and what you've received relative to a particular request and repeat that until you go through your list.

**MR. RULEY:** Thank you, Your Honor.

So we requested several categories of documents in our subpoena which the Court ordered full compliance with. I'm going to go through a handful of those categories, the ones that we're still pursuing today.

So we requested all correspondence with defense counsel. We've received some correspondence in 13 cases.

There are several other cases that we know from the public dockets that Mr. Butler represented Mr. Human that we haven't received any correspondence from. Those are the General Motors, SelectQuote, and Rocket Mortgage cases.

The 13 cases that we have received some correspondence from, it appears to be incomplete. You know, it's difficult to say because we don't know what the universe is, but several of these email threads that we've received reference other communications or other documents about settlement. And so it seems to us that at least some of those are probably incomplete.

We also asked for any demand letters that Mr. Butler sent on behalf of Mr. Human. We haven't received any to date.

We asked for all settlement agreements. We've received 11. We've been told that there is at least one case where there was no settlement, and then we have 4 cases

outstanding where -- where our understanding from the public filings is there was a settlement, but we have not received those.

We've also asked for settlement payment records, things like checks, wires, 1099s tied to a case. We've received that for 5 cases, but we haven't received that for 11 other cases.

And then the final category that I'll address that's outstanding on our end are banking or IOLTA records. We received a heavily redacted production, and I'm happy -- I have a document that I can provide to all parties and the Court, if helpful, just to give you a sense. But the redactions are almost complete, so we can't really tell for the purposes of our case whether it's responsive or not.

**THE COURT:** And while you're looking at that, all of the productions and/or missing items, those are the result of the subpoena to Mr. Butler, correct?

**MR. RULEY:** That's correct, Your Honor.

**THE COURT:** Okay.

**MR. RULEY:** I'll go ahead and provide a copy to the Court if that's all right.

**THE COURT:** Yeah, I'd like that.

**MR. RULEY:** So what I provided to the Court, this is not every page of the bills. This is just the first one, and it's just meant as an illustrative example.

We just can't tell from looking at this how this relates to Mr. Human's case at all or if it does. So that's an issue we've raised, that we proposed that, you know, the redactions should be limited so that we can tell more detail about these bills. So that's an additional category that we've sought.

And with all of these categories, we've had some back-and-forth with Mr. Butler about whether they are complete. It's difficult for us to square his representations that he kept records of his clients' files with the missing documents in the record. It's possible that stuff is missing. We just don't know one way or the other.

**THE COURT:** All right. Mr. Butler?

**MR. BUTLER:** Yes, sir.

**THE COURT:** Okay. Let's take it in reverse order. This redaction, what's the basis for that redaction?

You can't tell anything, what this document is about, based on the way the redaction was conducted.

Did you file an objection or what's the basis of the redaction?

**MR. BUTLER:** Well, Judge, it was my understanding that Fisher wanted a redacted copy of this because it contains many other clients' information, and the records that were provided didn't have any of the Dan Human's records redacted. They were all, you know, open to be read, and all the other

redactions have -- they are other clients.

**THE COURT:** All right. Do you have other -- counsel, I'll ask you. As far as responding to that, is that -- I mean, are there ones that seem to be particularly tied to Mr. Human, and is it possible in terms of providing these bank statements related to his IOLTA account that the redactions are proper?

Is that what you're saying? These are proper, sir, because they refer to other people besides or other parties besides Mr. Human?

**MR. BUTLER:** Yes, sir.

**MR. RULEY:** So it's just impossible for us to tell because the only information that is not redacted -- there's nothing tying that to Mr. Human. So it's just impossible for us to tell, right? I mean, we don't know what's redacted or what's not.

**THE COURT:** Just this example you have here, sir, Mr. Butler, is that related to Mr. Human in any way, what you're looking at, the illustrative example that was provided by the defendants and counter-plaintiffs?

Can you tell?

**MR. BUTLER:** It probably would be better if what was left -- I mean, what is not redacted should be Dan Human, but it might be better if it was highlighted.

**THE COURT:** Okay. I think I might agree with that.

I'm not 100 percent sure I'm following you. So tell me again what you're saying.

**MR. BUTLER:** Well, I -- I think that the things that are not redacted, as I recall -- because it's been a little while -- you know, those were Dan Human, and he was left unredacted. However, perhaps the unredacted part could be highlighted and maybe have a --

**THE COURT:** Okay.

**MR. BUTLER:** -- handwritten case name placed in it, you know.

**THE COURT:** Yeah, this is -- let's look at this first page we have here, all right?

It says "interest summary" for account number 640904277. Do you see that at the very top, sir? Yes?

**MR. BUTLER:** Yes.

**THE COURT:** Is that your trust account?

**MR. BUTLER:** One of them.

**THE COURT:** Okay. That's one of your trust accounts.

Where on this example would something, for example, be related to Mr. Human and the subject of this subpoena? I mean, just maybe that would be helpful, if you could tell us, if you can tell, on that first page.

**MR. BUTLER:** Well, Judge, I believe that the -- the numbers that are clear and can be read would be Dan Human's.

**THE COURT:** Okay. So on the bottom of the page where you have date paid July 1, check No. 1013 and 1014, and then it goes across for other checks, 1015, 1303, those are all payments made to Dan Human; is that right?

**MR. BUTLER:** Judge, as I recall doing this sometime ago, that's -- that's correct.

**THE COURT:** Okay. Well, then I'll go to the second page. How -- how is that? This is the daily balance. What -- what is that? What's redacted above there? The whole page, but I mean, what is it?

**MR. BUTLER:** I don't know. What I can tell you is that if it's redacted, it was belonging to somebody besides Dan Human.

**THE COURT:** Who did these redactions for you? Did you do them?

**MR. BUTLER:** I did most of it, not all of it.

**THE COURT:** Who else did it?

**MR. BUTLER:** Some part-time people that I would have come in.

**THE COURT:** Who? Do they have names?

**MR. BUTLER:** Well, I don't recall all of them. One of them was a Christopher Prosser.

**THE COURT:** Okay. That's what I thought.

What are we going to do? This isn't usable. And I think it's an appropriate request for information based on the

nature of the case and where we are in the process.

So do you have a proposal about how we can remedy this?

You have a full copy of your trust account records that apply to Mr. Human's litigation, correct?

**MR. BUTLER:** Yes, sir.

**THE COURT:** That's an obligation you have as a lawyer, correct?

**MR. BUTLER:** Yes, sir.

**THE COURT:** And you have that availability to that, access, correct?

**MR. BUTLER:** Yes.

**THE COURT:** All right. So you suggested highlighting what's related to Mr. Human. I don't know. What -- do you want to give that a shot?

Do you want to present them to the Court and I'll do an in camera review?

**MR. BUTLER:** I'll say --

**THE COURT:** Hold on. I'll do an in camera review. I mean, how do you want to skin this cat, so to speak?

**MR. BUTLER:** Sure, Judge. I could turn over all the documents for in camera review. My highlighting idea, I would maybe add to that. I could handwrite a case number or a name.

**THE COURT:** Yeah. Why don't you do this. How long is that going to take you?

**MR. BUTLER:** The end of next week.

**THE COURT:** Okay. So as to that, then, as to these trust account bank statements that, again, are the subject of the subpoena -- today is the 13th. The 20 -- I'll give you until the 23rd. That's next Thursday, correct? The 23rd to supply those bank records.

And why don't you attempt to clarify those. You have until -- so that they're usable in the course of discovery here. If we still aren't there, be prepared to provide the Court with an in camera set so I can look at them and see if we can --

**MR. BUTLER:** I'll be glad to continue this conversation on the telephone before that deadline if you, counsel, would want to do that.

**THE COURT:** Okay. Well, that's obviously up to them. You have until the 23rd to do that.

**MR. BUTLER:** Okay.

**THE COURT:** All right. What about -- I guess, there's other things. I think kind of the issue here as to -- it sounds like you've made some productions as to certain cases, settlement payment records, settlement agreements, demand letters.

I guess I'll ask you: When you talk about General Motors, SelectQuote -- what was the other one?

**MR. RULEY:** Rocket Mortgage.

**THE COURT:** Rocket Mortgage.

When you talk about those cases, those were cases you were counsel of record for, correct, your firm and you, correct?

**MR. BUTLER:** Yes, sir.

**THE COURT:** Did you maintain files for those cases as required by the Missouri ethical rules?

**MR. BUTLER:** Yes, sir.

**THE COURT:** So you have six years' worth of files, correct?

**MR. BUTLER:** Yes.

**THE COURT:** All right. You've never been authorized by Mr. Human that you can destroy the files or anything, have you?

**MR. BUTLER:** No. And nothing was destroyed.

**THE COURT:** So then I guess that makes this one a little easier. Where are the General Motors, SelectQuote, and Rocket Mortgage case documents?

**MR. BUTLER:** Judge, I've been through this, on our way to May 12 of 2026, about three times and gave two affidavits. I mean, 1500 pages of those kinds of documents were turned over, and I gave everything I have. I don't have any more.

**THE COURT:** Okay. So it's your testimony here today that you've given everything you have in your possession

responsive to their subpoena, correct?

**MR. BUTLER:** Yes.

**THE COURT:** All right. So do you disagree that General Motors, SelectQuote, and Rocket Mortgage are missing? Do you agree with that?

**MR. BUTLER:** I do, because I went back twice looking and I didn't -- so, yes.

**THE COURT:** Okay. Was there any type of catastrophe, flood, fire -- would there be any explanation for you not possessing the files as you're required to by the Missouri ethical rules?

**MR. BUTLER:** A change of electronic equipment, but I don't think I lost anything.

**THE COURT:** Okay. Well, I don't know -- what's your proposal here?

**MR. RULEY:** So our proposal that we put in the -- our joint status report is that we would just get maybe more of an explanation of where these searches occurred, and one place that it seems to us that it might be is in other employees' inboxes, like Mr. Prosser's inbox, for example. I don't know if that was searched or if the deleted folders were searched.

I mean, as we discussed at the last hearing, it's difficult for us to audit --

**THE COURT:** Correct.

**MR. RULEY:** -- the search processes on the other

side, but maybe an explanation of the processes so we know where has been searched.

**THE COURT:** All right. So that's a good idea. Mr. Butler, here's what we'll do. The same date you're filing your production response, okay, on the 23rd, all right, I'll order you to, I guess, confirm in writing that you've provided everything, okay, that you have access, custody and control of. And then also as requested, to provide the Court and the parties in this case with the methods you used to search for these requested items and confirming that you not only searched your firm's files, your personal files, but your employees' and your agents' files, like Mr. Prosser, okay?

So give us a report on what you did, because the difficulty here for you is that, as you know, filing a case in federal court or any court is a public exercise. There's a record contained, whether it be on the PACER system, the EDMO system, in this case state court. They're out there. So it's not like we're, you know, looking for something in a vacuum. We know that you were the counsel of record and that you participated in these lawsuits as the counsel of record.

So confirm on the 23rd that you've exhausted all available avenues of search, and if you're not fully compliant with the subpoena -- well, obviously produce anything if you do find anything in the meantime, and if you're not fully compliant with the subpoena, document your search methodology,

all right? That's also due by the 23rd.

**MR. BUTLER:** I can add that I will contact those opposing counsels and see if anything that's missing maybe could be easily supplied.

**THE COURT:** Okay. I mean, it's -- I mean, I'm certainly for that, and I think it's in your best interest to be responsive to this subpoena. But I'll leave that to you in terms of how you proceed. Ultimately on the 23rd, I need an answer as to whether you produced the things and how you did it.

Is there any question about that, sir?

**MR. BUTLER:** I understand.

**THE COURT:** All right. All right. And, again, Mr. Human's never authorized you and given you written consent to dispose of any case files; is that correct?

**MR. BUTLER:** No.

**THE COURT:** He has not, right?

**MR. BUTLER:** No.

**THE COURT:** Okay. What else do we need to take up here today from your perspective?

**MR. RULEY:** Your Honor, that's it as far as the subpoena production. I believe that covers everything.

**THE COURT:** I do have a couple other questions related to the subpoena production.

What's the $40,000 demand you made, Mr. Butler?

What was that?

**MR. BUTLER:** Sorry, Judge. I was reading some of my notes concerning what was just said. Can I ask the Court to repeat it?

**THE COURT:** Why did you demand $40,000 to search for the subpoenaed documents from the defendants and counter-plaintiffs?

**MR. BUTLER:** I felt very oppressed, and I thought I would push back a little bit.

**THE COURT:** Okay. Well, I want to make sure you understand it's an order of this Court, all right? That is not -- I mean, you're here because of your representation and your involvement in these cases. So I just want to make sure you understand this is not a negotiation between you and the defendants. I didn't authorize the payment of fees on behalf of the defendants or the counter-plaintiffs in this case.

So you understand that's off the table, correct?

**MR. BUTLER:** I didn't pursue it and I wasn't going to.

**THE COURT:** We're on the same page, right?

**MR. BUTLER:** Yes.

**THE COURT:** Okay. All right. I want to remind you too of a transcript that I have, just in terms of -- just in terms of your zealousness in your search.

Go back to the transcript. I asked you:

"Mr. Butler, you have the complete files, correct, of all the cases, the public cases?"

Your answer: "Yes, sir."

"So you can look through the 15 cases and find out" -- for example, we're talking about if you send a demand letter?

You say: "I have, and yes, I will again.

I said: "That doesn't seem too complicated."

Written contingency fee agreements between the parties, same thing.

Your representation to this Court and I think as obligated by the professional rules of responsibilities you have complete files. So I'm just reminding you of that because it is -- setting aside the requirement for you that you have on October 23rd to confirm whether -- you know, give us an update on your production, that you've searched everything, I want to make sure you understand it's incumbent upon you to uphold your professional responsibility -- responsibilities related to the practice of law and your representations before this Court. I'm just wanting to alert you so there's no surprises.

Your previous representation to the Court was that, as you're required to, you had complete files. So I just want to make sure that you make sure that search is comprehensive and exhaustive so hopefully we can put this to bed. That would be my hope here.

Do you understand what I'm saying?

**MR. BUTLER:** I do.

**THE COURT:** Okay. All right. What else do we have? Did you have an issue? I know I got your motion for reconsideration of my sanctions. I'm going to give them an opportunity to brief that. That will be taken up in a timely fashion, not today, okay?

**MR. BUTLER:** Yeah. The motion was about the blanket award and the entry that was placed in the file six or seven weeks after it had begun and --

**THE COURT:** I understand your position. I read it. You think that the entry of appearance should govern. I'll let them respond to that, as our adversarial system allows for, and I'll give it consideration. We may even have a hearing. You can even have a reply brief, okay? So I'll look at that issue.

I'm letting you know I'm aware of it. I know they're aware of it. I'm not taking it up today because it's not timely. But I'll be happy to take it up as we go forward, okay?

**MR. BUTLER:** Yes, sir.

**THE COURT:** All right. I did issue a case management order. Is everyone aware -- and this is for you too, Mr. Human. You're aware of the case management order, correct, sir?

**MR. BUTLER:** Yes.

**MR. HUMAN:** Yes, Your Honor. Could I ask -- I received that last Wednesday night. Several weeks prior to that, I had planned and paid for a trip on the 2nd through the 5th of November, which I can't be reimbursed for. Would it be possible to appear -- if it has to be on the 5th, could I appear by phone on the 5th?

**THE COURT:** What's the 5th, remind me?

**MR. HUMAN:** It's a hearing for --

**THE COURT:** Do you have the case management?

**MR. RULEY:** Your Honor, the 5th is an initial case management conference, if it's needed.

**THE COURT:** Okay. Well, what do you mean "if it's needed"?

**MR. RULEY:** Your Honor, your order noted that we would have a case management in-person conference if there were issues about ongoing discovery to address, and if not, you wanted the parties to let you know that there were no issues, and then we would just pick it up at the December conference.

**THE COURT:** Okay. Well, let's do this. I think -- I just want to sate for the record Mr. Human has indicated he's going to try to get counsel for this. So obviously if he does that, I'll give some consideration to the scheduling requests and requirements of the counsel.

I do want to say this to you, Mr. Human. You understand right now you're representing yourself?

**MR. HUMAN:** Yes, Your Honor, I understand.

**THE COURT:** I know you're very -- based on your prolific filing, you're very familiar with what that means. But you understand -- and I just need to say it for the record -- you're going to be held to the same standards as the -- any attorney would be or any party would be in this case.

Do you understand that, sir?

**MR. HUMAN:** Yes, Your Honor.

**THE COURT:** Okay. Let's see here. I want to just go ahead and kill this right now if it's a problem. Let's see.

So November 5 -- you're back the 5th, correct?

**MR. HUMAN:** I'm back almost at midnight, Your Honor, yes. I can be here the next day. I can appear by phone on the 5th if necessary. If we could reset the date --

**THE COURT:** Let me ask counsel. Again, because it's an if-necessary thing, what's that Monday? I'm asking you that one, Joy. Do you have that Monday? Is that November 6, 8, 9?

**THE CLERK:** 9th.

**THE COURT:** 9th. Does that work for you, November 9?

**MR. RULEY:** That works for Fisher, Your Honor.

**THE COURT:** Does that work for you, sir, November 9?

**MR. HUMAN:** Absolutely, Your Honor.

**THE COURT:** Mr. Butler, depending on how we proceed

November 9, you may have to make an appearance too if you don't comply with these subpoena requirements.

Do you understand that?

**MR. BUTLER:** Yes, Judge. That was going to be my next question just to clarify. I think I know the answer, but is this my last appearance here?

**THE COURT:** You're not even appearing on behalf of Mr. Human here. You're appearing on behalf of the subpoena you received -- not on behalf -- on behalf of yourself and your professional responsibility obligations and your law practice and the past representation you had in terms of having materials responsive to the subpoena.

So in other words, this was a situation where we could most certainly have your last appearance if we're satisfied that you've produced everything that you have, and so potentially the update you provide on the 23rd could eliminate that concept. I'm not sure what you're going to do or what you're going to say.

I've let you out of the case in terms of your obligations to Mr. Human. Obviously -- but you're in a unique spot. I've sanctioned you joint and severally with Mr. Human regarding your conduct in this case. So, you know, you -- if we have an argument on something that affects you in that regard -- and I think there's also potential here -- well, setting that aside, that's where we are right now.

If you do your production response to the subpoena -- which I want to add to you not to be -- but you've been an attorney, had a successful career, been an attorney. This is very basic stuff that you should have possession and control of. I also am ordering you to make sure you search, to the extent you have custody or control of, Prosser's email or storage spaces that he used as part of your firm.

Do you understand? Yes?

**MR. BUTLER:** Yes.

**THE COURT:** Have you subpoenaed Prosser individually?

**MR. RULEY:** We have not, at least yet.

**THE COURT:** Okay. I can't -- if they haven't done -- all right. Let's see. I do want to ask one more thing just because I want to make sure.

I'm paying close attention to this case, and this is for you, Mr. Butler. But there was a representation you made to the Court that you hadn't had any communication with Mr. Human, yet I have email correspondence from May 12, 2020 -- you said in over a year -- May 12, 2026, where you sent out, under your signature and the Butler Law Group, a settlement offer.

So how does -- how do I -- how do those two statements correspond when you're sending out --

**MR. BUTLER:** Yes, sir. That --

**THE COURT:** I'm not saying there's anything wrong with the settlement demand -- offer, I mean, I should say.

**MR. BUTLER:** The offer was discussed and solicited with Mr. Human and employees at the office.

**THE COURT:** Mr. Prosser you mean, right?

**MR. BUTLER:** Yes.

**THE COURT:** Okay.

**MR. BUTLER:** And I was advised and that email went out, and I did not think that that -- that contact contradicted what I told the Court.

**THE COURT:** Okay. Well, we're on the same page in terms of -- I'm just highlighting this issue mostly for the search. I'll finish this thought and I want to come back to one thing, mostly for the search you're conducting.

So what I'm hearing is either Mr. Prosser did it with Mr. Human and you never talked to either of them about it. Also questioning some of the pleadings I've received in this case that they came from Mr. Prosser, not you. I'm just letting you know that you're responsible for the conduct of your law firm.

Do you understand that?

**MR. BUTLER:** Yes, sir.

**THE COURT:** If you have Mr. Prosser doing things on his own, that's what you're saying to say -- I think you're trying to say, "I didn't talk to Mr. Human in a year, but

Prosser talked to Human and he made this offer after talking to Human." I think that's what you're saying; is that accurate?

**MR. BUTLER:** That's right.

**THE COURT:** Okay. That's what I thought.

I guess what I'm saying is --

**MR. BUTLER:** Nobody is doing anything -- if my signature went out below any document, email or anything else, you know, I wrote it or I dictated it, I always read it before it was signed.

**THE COURT:** Okay. Well, then, again, I go back to my original point. How can you say that you haven't had communication with Mr. Human for over a year and you dictate a letter or wrote it and/or reviewed it, I guess, where you make a settlement offer in this case and say then -- but yet you maintain that -- you know, doesn't it contradict the statement that you never talked to Mr. Human?

Mr. Human, did you authorize this settlement?

**MR. BUTLER:** I did not --

**THE COURT:** Hold on. Did you authorize this settlement?

**MR. HUMAN:** I did, Your Honor.

**THE COURT:** Okay. Did you talk to Mr. Butler about it?

**MR. HUMAN:** Indirectly.

**THE COURT:** Okay. Then you went through

Mr. Prosser?

**MR. HUMAN:** Correct.

**THE COURT:** All right. So, again, I guess we all get that now, but you understand, Mr. Butler, that you're not -- I want to just make sure, for the purpose of your diligence in searching for these documents, we're not talking literally in some sense. We're talking professional responsibility. As you said, you authorized this letter; you reviewed it. So in terms of your honesty to the Court and your completeness in your responses, a better response would have been, "My employee, Mr. Prosser, talked to Mr. Human. My understanding from talking with my employee is that" -- and he just -- Mr. Human confirmed this -- "is that he authorized us to make this settlement offer on his behalf. I reviewed it and I sent it out."

That's what happened, right?

**MR. BUTLER:** I couldn't have said it better.

**THE COURT:** Okay. But what you told me before was you haven't talked to him. And so I'm not going to quibble over what "talking to" means, but you obviously understand the nature of the discovery requests, right? You understand the correspondence requirement. Stuff like that happens all the time in terms of the regular practice of law. I'm not quibbling with that. But you have an obligation to provide full disclosure as required by the discovery requests and full

candor to the Court in terms of making sure you fully explain yourself in making statements like that.

Are we on the same page?

**MR. BUTLER:** Judge, I understand and I agree, and at the moment, I guess I -- when I answered that question, I was thinking in terms of dialogue.

**THE COURT:** Okay. Well, I guess I'll sort of hold my nose and give you a pass on that explanation, but it's not going to work in the sense of -- what I mean by communication is any communication to your law firm, your employees, you, in either direction, okay? That's what you need to be looking at.

So I'm not sure -- and I'm only harping on these issues because -- just because Mr. Prosser did it, which is evident to me that he did a lot here, okay, just because he did it, you're still responsible for it, both in terms of ethics, in terms of what I've already ruled subject to the motion for reconsideration, in terms of sanctionable conduct, and in terms of your obligation to respond to the discovery requests. That falls under your purview.

We're in agreement on that, correct?

**MR. BUTLER:** Yes, sir.

**THE COURT:** Okay. All right. With all that said, I want to make sure -- hold on. I'll come back to you, sir. I want to make sure, Mr. Butler, we're on the same page.

Remind me, just so it's clear on the record, what

you understand your obligations to be as of 10/23. Go ahead.

**MR. BUTLER:** Well, Judge, for production on 10/23, I'm going to decide whether or not I'm going to have a completely blank document that I'll ask you to look at in camera or I will go with the highlighting idea with words inserted to make it more readable.

In addition to that --

**THE COURT:** So just on that, you're going to modify this production, provide the Court with potential in camera review, and otherwise comply with the subpoena requests potentially in a usable way, correct?

**MR. BUTLER:** Yes, sir.

**THE COURT:** I think it's in your best interest if you can redact in a way that gives meaning to the documents. That's probably best for all, but I'm willing to take the time to look at those documents in camera. Although, I'm not sure -- okay. I'm happy to do so, but I'm not sure how, if I look at them, we get from point A to point B. But you're going to commit to either a modified production and/or providing them to the Court, correct?

**MR. BUTLER:** Yes, sir.

**THE COURT:** That's number one.

What's number two?

**MR. BUTLER:** Number two was -- well, Judge, I've been through all of the documents and I've turned over

everything that I could find, but I will pursue third parties for, you know, copies of demand letters that might be missing.

**THE COURT:** All right. You're going to -- as to that, you're going to make a record -- you're going to supplement -- make a representation -- if you supplement or if you don't supplement, make a representation and a filing before the Court that the search is complete, correct?

**MR. BUTLER:** Yes, sir.

**THE COURT:** And then if the search is not complete -- I'm sorry. If there's answers that aren't -- documents not provided, you're going to give a summary of the search process you utilized to search for the documents and ensure compliance; is that right?

**MR. BUTLER:** I have it.

**THE COURT:** Okay. Anything else from either of you?

Oh, you had something, Mr. Human.

**MR. HUMAN:** Yes, Your Honor. Just was the time on the 9th the same at 2:30, Your Honor, or will you send out --

**THE COURT:** I'll send out an order, but it's going to be on the 9th.

**MR. HUMAN:** Thank you, Your Honor.

**THE COURT:** Obviously you understand if you get counsel, they need to immediately enter their appearance and get together. We'll have a status conference upon their entry to see if we have to modify any of these case management dates.

**MR. HUMAN:** Thank you, Your Honor.

**THE COURT:** Anything else from you, Mr. Butler?

**MR. BUTLER:** Thank you, Judge. No.

**THE COURT:** Thank you for what?

**MR. BUTLER:** For the opportunity to speak with the Court about this.

**THE COURT:** Okay. Well, hopefully you can resolve those issues.

Anything from Defendant Fisher/Counter-Plaintiff Fisher?

**MR. RULEY:** Nothing further from Fisher, Your Honor. Thank you.

**THE COURT:** All right. I'm going to take this document and give it back to my deputy courtroom clerk, have her return it to you, sir. It's not part of the record.

All right. We're in temporary recess pending our next appearance pursuant to the case management order.

Thank you.

**(Off the record at 3:14 p.m.)**

**CERTIFICATE**

I, Pamela Harrison, Registered Diplomat Reporter and Certified Realtime Reporter, hereby certify that I am a duly appointed Official Court Reporter of the United States District Court for the Eastern District of Missouri.

I further certify that the foregoing is a true and accurate transcript of the proceedings held in the above-entitled case and that said transcript is a true and correct transcription of my stenographic notes.

I further certify that this transcript contains pages 1 through 29 inclusive and was delivered electronically and that this reporter takes no responsibility for missing or damaged pages of this transcript when same transcript is copied by any party other than this reporter.

Dated at St. Louis, Missouri, 23rd of October, 2026.

/s/ Pamela Harrison
Pamela Harrison, RDR, CRR, CRC, CCR, CSR
Official Court Reporter