**IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL HUMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:24-cv-01177 |
| Vs | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| Fisher Investments, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF MOTION FOR CLARIFICATION AND PARTIAL RECONSIDERATION**
*(Docs. 165 & 166)*

## I. INTRODUCTION

Edwin V. Butler and Butler Law Group, LLC (collectively, "Butler") reply in support of their Motion for Clarification and Partial Reconsideration of the Court's September 30, 2026 Memorandum and Order (Doc. 160). Fisher's Opposition (Doc. 172) and Ruley Declaration do not defeat the motion. They confirm its core points and, when read against Fisher's own fee record (Doc. 170 and Terepka Declaration Ex. 1), demonstrate that any award must be strictly limited under *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017), and *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

This remains a TCPA action in which Fisher has never introduced a scintilla of direct evidence of fraud. The harshest sanctions available were imposed solely on an inference from the discarding of an old, broken computer that could not be turned on. Sanctions must be the least severe necessary. *Chambers,* 501 U.S. at 44–46; *Harlan v. Lewis*, 982 F.2d 1255, 1262 (8th Cir. 1993). Fisher is a global investment adviser that, as of September 30, 2025, managed

approximately $362 billion in assets for more than 190,000 clients and was valued at $12.75 billion in a January 2025 minority investment. Against that backdrop, the $553,610.83 fee record reflects systematic overbilling of a deep-pocketed client through duplicative multi-lawyer reviews, partner rates on ministerial work, post-dismissal and post-conflict fees, and billing for work the Eighth Circuit dockets show was never performed. The motion should be granted and any remaining liability strictly limited.

## II. ARGUMENT

### A. Fisher Has Already Conceded That Butler Is Not Liable for Pre-Appearance Fees, and Nothing Is Attributable After the Conflict Declaration

Fisher's Opposition acknowledges that Butler entered his appearance only after removal and did not draft or file the original state-court petition. Doc. 172 at 3–4. At the October 13, 2026 status conference, Fisher's counsel confirmed on the record that fees incurred before Butler's appearance cannot be shifted to him. That concession is controlling. *Goodyear* requires a but-for causal connection. 581 U.S. at 108–10. Fees incurred before Butler's October 11, 2024 appearance (ECF 12) would have been incurred regardless.

The same principle bars fees after Butler declared a conflict and moved to withdraw on April 10, 2025 (ECF 84). The Court ultimately granted the withdrawal. Model Rule 1.16 and Goodyear preclude attributing post-conflict fees to Butler. Fisher's category through February 4, 2025 is $146,152.70 (Doc. 170 at 3). The large majority of the $553,610.83—including the $50,367.15 fee-recovery work—post-dates the conflict declaration and cannot be shifted to Butler.

### B. The Firm Has No Independent Liability Beyond Butler's Personal Conduct

Fisher argues that Butler Law Group, LLC is jointly and severally liable because Butler is its sole owner. Doc. 172 at 5–6. Firm liability turns on the firm's own conduct or clear

authorization or ratification. *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 148–50 (2d Cir. 2012); *Chambers*, 501 U.S. at 50–51. Ownership alone does not impute every fee under *Goodyear's* but-for standard. The firm's liability, if any, is co-extensive only with Butler's personal liability for specifically identified post-appearance, pre-conflict conduct.

**C. Fisher's Fee Record Confirms Unnecessary Work, Duplicative Billing, and Ministerial Work at Attorney Rates**

Doc. 170 and the invoices confirm that Fisher's counsel generated substantial unnecessary work. Multiple lawyers (principally AT and MNS, joined by JR, RDW, and others) billed on the same days for "strategize with A. Terepka regarding next steps," "review/analyze," "comment on," and "outline" of the identical scheduling reports, discovery responses, motions, protective orders, and device-inspection materials. Representative examples from Invoices 2360, 2671, 3252, 3415, 3777, 3982, and 4191 include overlapping blocks on 08/15–08/21/2024, 11/06–11/14/2024, 01/06–01/28/2025, and 02/03–02/26/2025. These hours are excessive and redundant under *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983), and *Orduno v. Pietrzak*, 932 F.3d 710, 719 (8th Cir. 2019).

Counsel also billed partner rates ($695–$831.25) and associate rates for ministerial, secretarial, and paralegal work—client updates, routine correspondence, filing coordination, exhibit organization, and fee-petition compilation/redaction (Invoice 5061 entries of 4.80 and 5.80 hours by AT on 04/03–04/04/2025 alone total more than $7,500). At reasonable paralegal rates (~$200/hr), the inflation on identified ministerial entries is substantial; overall inflation on the $553,610.83 is estimated at $80,000–$110,000. During the period Butler was counsel (through the April 10, 2025 conflict declaration), the corresponding inflation is approximately $40,000–$58,000. Fees after the January 27, 2025 dismissal attempt (ECF 37) and after ECF 148 (March 31, 2026) fail *Goodyear* entirely because Fisher self-incurred them by opposing

dismissal. Entries for appeal responses that Eighth Circuit dockets show were never filed constitute further padding.

**D. Fisher's Opposition Itself Supports Consideration of Inherent-Authority Sanctions Against Fisher and Its Counsel**

The Opposition, Ruley Declaration, and fee record demonstrate a pattern of unnecessary litigation designed to inflate fees against a deep-pocketed client in the complete absence of evidence of fraud. By resisting straightforward clarification of points Fisher has already conceded, and by submitting a padded fee record that includes post-conflict, post-dismissal, duplicative, and ministerial work at attorney rates, Fisher's counsel has multiplied proceedings. Under *Chambers* and *Goodyear*, the Court has inherent authority to consider whether those incremental fees should be shifted or whether further sanctions are warranted. 501 U.S. at 44–46; 581 U.S. at 108. The record is preserved.

## III. CONCLUSION

The Court should grant the Motion for Clarification and Partial Reconsideration. The Court should clarify that (1) Butler and the firm are not liable for any fees incurred before Butler's October 11, 2024 appearance or after the April 10, 2025 conflict declaration and motion to withdraw; (2) any remaining liability is limited to fees that would not have been incurred but for specifically identified post-appearance, pre-conflict misconduct; (3) the firm's liability, if any, is co-extensive only with Butler's personal liability under Goodyear; and (4) any award must exclude duplicative multi-lawyer time, ministerial work billed at attorney rates, post-dismissal-attempt fees, and non-performed appeal work. In light of the fee record, the Court should further consider whether inherent-authority sanctions against Fisher and its counsel are appropriate for the padded submission.

/s/Edwin V. Butler
Edwin V. Butler Mo. 32489
Attorney At Law
Butler Law Group, LLC
1650 Des Peres Rd., STE 220
St. Louis, MO 63131
edbutler@butlerlawstl.com
(314) 504-0001

Certificate of Service

A true copy of the above and foregoing was served on all counsels of record upon filing through the Court ECF/CM system on this 27th day of October 2026.

/s/Edwin V. Butler
Edwin V. Butler