# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL HUMAN, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff/Counter-Defendant, | ) | Case No. 4:24-cv-01177-MTS |
| v. | ) | JURY TRIAL DEMANDED |
| FISHER INVESTMENTS, INC., | ) | |
| Defendant/Counter-Plaintiff. | ) | |

**FISHER'S SUR-REPLY IN OPPOSITION TO MR. BUTLER'S MOTION FOR CLARIFICATION AND PARTIAL RECONSIDERATION**

Mr. Butler's reply raises a new argument: that he and his firm cannot be liable for any fees incurred after he moved to withdraw on April 10, 2025. ECF No. 174 at 2. That argument is waived, and the Court has already rejected it.

Mr. Butler did not make this argument in his motion. His motion asked the Court to limit his liability to fees incurred after his October 11, 2024 appearance. It said nothing about a later cutoff. ECF No. 166 at 3–5. Arguments raised for the first time in reply are waived. *See Jenkins v. Winter*, 540 F.3d 742, 751 (8th Cir. 2008). And reconsideration is not a vehicle to "tender new legal theories for the first time." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (citation omitted).

The Court has also already decided this issue. At the June 29, 2026 hearing on Mr. Butler's motion to withdraw, Fisher did not oppose withdrawal but preserved its request for fees against Mr. Butler and Mr. Human jointly and severally. The Court agreed. ECF No. 157 at 14:8–15:3. When the Court then granted withdrawal, it held

that doing so "in no way absolves him of any liability for his actions and inactions in this case to date." ECF No. 161 at 1 n.*. That date was September 30, 2026, nearly eighteen months after Mr. Butler moved to withdraw. The same day, the Court held Mr. Butler and his firm jointly and severally liable for the entire fee award. ECF No. 160 at 6. And Mr. Butler kept litigating for Mr. Human long after April 10, 2025. He defended his deposition. He signed and filed a motion to dismiss and a reply in support of it. And he moved to compel on Mr. Human's behalf in July 2025. ECF Nos. 120, 127, 130.

Next, Mr. Butler's complaints about Fisher's billing, ECF No. 174 at 2–4, belong in his response to Fisher's fee record. *See* ECF No. 160 at 6. Fisher will address them in its reply.

Finally, Mr. Butler's suggestion that the Court consider sanctions against Fisher and its counsel for submitting the fee record the Court ordered, *id.* at 4, is not a proper request in a reply and has no basis in any event. *See* Fed. R. Civ. P. 7(b)(1).

The Court should deny Mr. Butler's motion except to the extent set out in Fisher's opposition. ECF No. 172.

Dated: November 4, 2026

*/s/ Alex Terepka*
Alex Terepka (*pro hac vice*)
James Ruley (*pro hac vice*)
Melanie Ng Silva (*pro hac vice*)
**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Tel: (213) 839-3317
alex@wtlaw.com
jruley@wtlaw.com
mngsilva@wtlaw.com

Matthew D. Guletz, #57410(MO)
**THOMPSON COBURN LLP**
One US Bank Plaza
St. Louis, MO 63101
(314) 552-6311
Fax: 314-552-7000
mguletz@thompsoncoburn.com

*Attorneys for Fisher Investments, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notice to all counsel and interested parties of record, including Edwin V. Butler. I further certify that I caused a copy to be served on Counter-Defendant Daniel Human, pro se, by email at danlovestopolo@gmail.com and by U.S. Mail at his last-known address, 10423 Conway Road, St. Louis, Missouri 63131.

*/s/ Alex Terepka*
Alex Terepka