**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

**DANIEL HUMAN**, individually and on behalf of all others similarly situated,

Plaintiff/Counter-Defendant,

v.

**FISHER INVESTMENTS, INC.**,

Defendant/Counter-Plaintiff.

**Case No. 4:24-cv-01177-MTS**

**JURY TRIAL DEMANDED**

## FISHER'S MOTION TO EXTEND ITS DEADLINE TO REPLY TO BUTLER'S OBJECTIONS AND FOR LEAVE TO FILE ONE CONSOLIDATED REPLY

Defendant/Counter-Plaintiff Fisher Investments, Inc. ("Fisher") moves under Federal Rule of Civil Procedure 6(b)(1)(A) to extend its reply to the Specific Objections that Edwin V. Butler and Butler Law Group LLC (collectively, "Butler") filed to Fisher's record of fees, ECF No. 175, from November 13 to December 1, 2026. Fisher also seeks leave to file one consolidated reply addressing Butler's objections and any opposition Mr. Human files. In support of this motion, Fisher states as follows:

1. The Court ordered Fisher to submit a record of its fees, gave Mr. Human and Mr. Butler fourteen days to oppose, and gave Fisher ten days to reply. ECF No. 160 at 6. Fisher filed its record of fees on October 22, 2026. ECF No. 170.

2. On October 26, 2026, Mr. Human, proceeding pro se, requested a ten-day extension of his opposition deadline. ECF No. 171. Fisher did not oppose the request. ECF No. 176. On November 3, 2026, the Court granted the request, extending Mr. Human's opposition deadline to November 16, and Fisher's reply deadline to December 1, 2026. ECF No. 177.

3. Butler filed objections on November 3, 2026. ECF No. 175. Fisher's reply to those objections is due November 13, 2026. *See* ECF No. 160 at 6.

4. A court may extend a deadline "for good cause" when a party requests the extension before the deadline expires. Fed. R. Civ. P. 6(b)(1)(A). *See Roberson v. SSM Health Care St. Louis*, No. 4:23-CV-01400-MTS, 2025 WL 1475417, at *3 (E.D. Mo. May 22, 2025) ("[t]he primary measure of good cause is the movant's diligence in attempting to meet deadlines."). Fisher files this motion before its November 13 deadline expires.

5. Good cause supports aligning Fisher's reply deadlines. Butler and Mr. Human oppose the same fee request for which the Court held them jointly and severally liable. ECF No. 160 at 6. Yet, Fisher's reply to Butler is due before Mr. Human's opposition, allowing Mr. Human to review Fisher's reply before submitting his own arguments. A consolidated reply would preserve the ordinary sequence of opposition and reply briefing and allow Fisher to address both oppositions together.

6. Consolidation would also avoid duplicative review and drafting. The Court has already held that Fisher is entitled to its reasonable fees, ECF No. 160 at 6, and the parties are now briefing the amount. ECF No. 170. Briefing the same fee record twice would add to the cost of resolution for every party. That is particularly inappropriate here, where Mr. Human and Mr. Butler have forced Fisher to incur enormous expense in defending against a meritless claim.

7. The requested extension would not prejudice any party or extend briefing beyond the December 1 deadline the Court already set. ECF No. 177. Fisher makes this request in good faith and not for purposes of delay.

8. Fisher conferred in good faith with Mr. Human and Mr. Butler before filing this motion. *See* Exs. A, B. Fisher's counsel emailed Mr. Human on November 4, 2026, asking whether he opposed this request. Mr. Human responded on November 5 that he has "no objection" to a consolidated reply. Ex. B.

9. Fisher's counsel emailed Mr. Butler on November 4 and November 6, 2026, asking whether he opposed this request. Ex. A. Mr. Butler responded on November 6 that he opposes it. *Id.* He says that his objections raise issues that "apply only to [him] and the firm," that one reply "will inevitably mix, confuse, and combine those issues" and blur the record for appeal, and that "a firm of Fisher's size and resources" can file separate replies "within the existing timeframe." *Id.*

10. None of these reasons justifies denying the motion. First, one brief will not blur the record. Fisher will respond to Butler's objections under separate headings, apart from its response to Mr. Human, to the extent those objections are different.. The Court, and any reviewing court, will be able to see exactly which arguments answer which party. And however Mr. Butler frames his objections, he and Mr. Human are challenging the same fee record, ECF No. 170, in support of a single award for which the Court held them jointly and severally liable. ECF No. 160 at 6. One brief is the natural way to answer them.

11. Second, Mr. Butler's list of "distinct" issues goes to the merits of his objections, not to when or how Fisher replies. Fisher will answer each of those arguments on the merits. Nothing about them requires a separate brief. And a consolidated reply does not change what Mr. Butler argued or the record on which the Court will decide it.

12. Third, the "existing timeframe" Mr. Butler invokes does not apply to his objections. The Court's extension moved Mr. Human's opposition deadline and Fisher's reply to Mr. Human. ECF No. 177. It did not move Fisher's reply to Butler, which remains due November 13, three days before Mr. Human's opposition is due. So separate replies would require Fisher to reply to Butler before Mr. Human has filed anything, giving Mr. Human a preview of Fisher's arguments. That is the problem this motion solves. It has nothing to do with the size or resources of Fisher's counsel. The question is whether the Court should receive two replies on one fee record, nearly three weeks apart, when one will do.

13. Finally, the motion does not prejudice Mr. Butler. He has already filed his objections. ECF No. 175. He has no right to respond to Fisher's reply, whether Fisher files it on November 13 or December 1, in one brief or two. *See* E.D. Mo. L.R. 4.01(C). The only effect of this motion on Mr. Butler is that Fisher's reply will come later. That is not prejudice.

WHEREFORE, Fisher requests that the Court extend Fisher's deadline to reply to Butler's objections to December 1, 2026, and grant Fisher leave to file one consolidated reply to those objections and to any opposition Mr. Human files.

*[Signature Appears on Following Page]*

Dated: November 9, 2026

*<u>/s/ James M. Ruley</u>*
Alex Terepka (pro hac vice)
James M. Ruley (pro hac vice)
Melanie Ng Silva (pro hac vice)
WATSTEIN TEREPKA LLP
75 14th Street NE, Ste. 2600
Atlanta, Georgia 30309
Tel: (213) 839-3317
alex@wtlaw.com
jruley@wtlaw.com
mngsilva@wtlaw.com

Matthew D. Guletz, #57410(MO)
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, MO 63101
(314) 552-6311
Fax: 314-552-7000
mguletz@thompsoncoburn.com

*Attorneys for Fisher Investments, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2026, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notice to all counsel and interested parties of record, including Edwin V. Butler. I further certify that I caused a copy to be served on Counter-Defendant Daniel Human, pro se, by email at danlovestopolo@gmail.com and by U.S. Mail at his last-known address, 10423 Conway Road, St. Louis, Missouri 63131.

*/s/ James M. Ruley*
James M. Ruley