**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

DANIEL HUMAN,
Plaintiff,
v. No. 4:24-cv-01177-MTS
FISHER INVESTMENTS, INC.,
Defendant.

**SUPPLEMENTAL NOTE TO SPECIFIC OBJECTIONS OF**
**EDWIN V. BUTLER AND BUTLER LAW GROUP LLC**
**TO FISHER INVESTMENTS, INC.'S RECORD OF FEES (DOC. 170)**

Edwin V. Butler and Butler Law Group LLC submit this short Supplemental Note to their Specific Objections. It incorporates the strongest framing from the Court's own September 30, 2026 Order (Doc. 160) and provides a Butler-adapted hours comparison. Every prior specific objection, catalog of duplicative entries, ministerial example, structural bar, and preservation statement remains fully intact and is incorporated by reference.

## I. DOC. 160'S "SOLELY FOR THE DEFENSE" LIMITATION

Doc. 160 limits any award to "all the reasonable fees [Fisher] incurred in defending against Counter-Defendant Human's fraudulent claims" and directed Fisher to submit a record of fees "solely for the defense of Human's fraudulent claims." This Court-created restriction is independent of, and reinforces, the Goodyear but-for requirement. Fees that were not incurred solely for that defense—including the bulk of time spent opposing dismissal efforts (after ECF 37), work after the March 31, 2026 order (ECF 148), fee-petition compilation, and any post-conflict work—fall outside the order. Butler objects to every such dollar on this ground as well as the grounds previously stated.

## II. BUTLER-ADAPTED HOURS COMPARISON

The following table adapts the hours-comparison approach to the periods and categories relevant to Butler. It is offered in addition to, not in place of, the detailed line-item catalogs and Exhibit A reduction table previously submitted.

| Category (Butler-relevant) | Approx. Hours Sought | Reasonable Hours vs. Butler | Rate | Amount vs. Butler | Basis |
|---|---|---|---|---|---|

| | | | | | |
|---|---|---|---|---|---|
| Pre-appearance (before 10/11/2024) | Portion of early invoices | 0 | — | $0 | Fisher concession + Doc. 160 / Goodyear |
| Butler period through conflict (to 4/10/2025), core defense only | ~120–160 (subset) | 20–40 max | $300–$350 | $6,000–$14,000 | Solely for defense; exclude duplication, ministerial, self-incurred |
| Post-conflict (after ECF 84) + post-ECF 148 + fee petition | Majority of remaining hours | 0 | — | $0 | Model Rule 1.16 + Doc. 160 “solely” + Goodyear |
| Ministerial / non-performed / duplicative (all periods) | Substantial | 0 or re-rated only | $200 | Minimal | Lodestar; Hensley/Orduno; 8th Cir. dockets |
| **Total vs. Butler** | — | **20–40 or less** | **Blended** | **$0–$14,000 (or near zero)** | **Combined Doc. 160 + prior objections** |

This comparison is consistent with, and does not supersede, the 90–98% reduction previously proposed against Butler. All specific instances of overbilling catalogued in the Specific Objections remain fully preserved for appellate review.

## III. CONCLUSION

The “solely for the defense” limitation in Doc. 160, applied to the Butler-specific structural bars and the lodestar defects already detailed, supports reducing any award against Butler and Butler Law Group to near zero. Every prior objection remains intact and preserved.

Respectfully submitted,

/s/Edwin Butler
Edwin V. Butler
BUTLER LAW GROUP, LLC
1650 Des Peres Rd., Suite 220
St. Louis, MO 63131
Tel: (314) 504-0001
edbutler@butlerlawstl.com

Dated: November 12, 2026