**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL HUMAN, | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| v. | ) | No. 4:24-cv-01177-MTS |
| FISHER INVESTMENTS, INC., | ) | |
| Defendant/Counter-Plaintiff. | ) | |

# MOTION TO OFFSET DISCOVERY BURDEN AGAINST ANY FEE AWARD SOUGHT FROM EDWIN V. BUTLER AND BUTLER LAW GROUP LLC

Edwin V. Butler and Butler Law Group LLC (collectively, "Butler"), proceeding solely on their own behalf and not on behalf of Daniel Human, move the Court for an order offsetting the entire documented cost of researching, searching, collecting, converting, redacting, producing, and responding to Fisher's subpoenas and successive deficiency demands against any fee award sought from Butler or the firm under ECF 160.

In support, Butler states:

1. Butler entered appearance on October 11, 2024 (ECF 12). A conflict of interest later required withdrawal. Butler filed a motion to withdraw on April 10, 2025 (ECF 84). The Court granted the motion on September 30, 2026 (ECF 161), which reverts back to the original declaration of the conflict. Butler is no longer Human's counsel.

2. Human attempted to dismiss the case on January 27, 2025 (ECF 37 and 39). The Court struck both notices (ECF 38 and 40). Fisher opposed dismissal and continued litigating, self-incurring substantial fees.

3. Fisher served expansive subpoenas on Butler and the firm. On April 21, 2026, the Court ordered full compliance by May 12, 2026 (ECF 150). Butler produced more than

approximately 1,700 pages across multiple productions, including the October 23, 2026 Dropbox production of 197 pages (with Certificate of Service, Doc. 173).

4. Fisher has continued to issue detailed deficiency demands, including the November 13, 2026 email attached as Exhibit A. Butler has incurred more than $109,000 in attorney time and expenses solely to comply, as detailed in the attached Time Record (Exhibit B).

5. The demands seek information that does not prove damages against Human, are irrelevant to the remaining issues under ECF 160, are overbroad and unduly burdensome, and seek attorney-client materials from non-consenting third parties. Further compliance is unwarranted. Self-imposed deadlines are not justified.

6. Under *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017), *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991), Rule 45, and the Court's own "solely for the defense" limitation in ECF 160, the extreme financial burden Fisher imposed supports a full offset. Butler is a non-party entitled to protection from significant expense.

7. The accompanying Memorandum of Law and Time Record are incorporated by reference. All arguments and the supporting record are preserved for Eighth Circuit review.

WHEREFORE, Butler respectfully requests that the Court enter an order offsetting the full amount documented in Exhibit B (and any additional amounts incurred) against any fee award sought from Edwin V. Butler or Butler Law Group LLC, and for such other relief as the Court deems just.

Respectfully submitted,

/s/Edwin V. Butler
Edwin V. Butler
BUTLER LAW GROUP, LLC
1650 Des Peres Rd., Suite 220
St. Louis, MO 63131
(314) 504-0001 | edbutler@butlerlawstl.com

All parties were served with this document upon filing to the Court's CM/ECF Filing and Notification System

/s/Edwin V. Butler
Edwin V. Butler