Outlook

**FW: Human V Fisher - Discovery Deficiency**

[redacted]

**From:** Edwin Butler <edbutler@butlerlawstl.com>
**Sent:** November 15, 2026 9:38 PM
**To:** James Ruley <jruley@wtlaw.com>; Alex Terepka <Alex@wtlaw.com>; Melanie Ng Silva <mngsilva@wtlaw.com>
**Cc:** Edwin Butler <edbutler@butlerlawstl.com>
**Subject:** RE: Human V Fisher - Discovery Deficiency

James,

I have reviewed your November 13 email. Your self-imposed November 17 deadline is not warranted and cannot be met. Fisher has not established the basic foundation or obtained any Court findings supporting continued open-ended enforcement of these subpoenas as to research hours for me, my staff, or third parties. The demands are excessive.

The information you seek does not prove any form of damages against Mr. Human. It is irrelevant to the issues remaining in the case, they are overly broad, and unduly burdensome. Continued demands of this nature amount to harassment. Further compliance beyond the materials already produced is unwarranted.

You are also requesting attorney-client information and materials from parties who have not consented to disclosure and who have nothing to do with this case. Those requests are improper and will not be produced.

I intend to seek an offset against any fee award Fisher claims, for all research, third-party outreach, and production time already expended (and any further time required). That burden already exceeds any legitimate portion of the fee request that could properly be attributed to me or Butler Law Group LLC.

With respect to the substance of your email and the October 23 production: The October 23 Dropbox production was made in response to the Court's directions at the October 13 conference and in connection with the subpoenas. The Certificate of Service filed on October 27 (Doc. 173) identified the materials transmitted. Of the documents produced, the Rocket Mortgage and STL Design and Build settlement agreements were newly provided. Other materials were re-provided for

completeness or ease of reference where prior productions had been challenged as incomplete or unusable. Re-production of previously provided pages does not render the production non-compliant.

**With respect to the four items you list from the October 13 conference:**

- Usable trust-account records were addressed in prior productions (including the July materials the Court discussed). Additional check images and related records were included in the October 23 production. I remain prepared to provide any specifically identified statements for in camera review if the Court so orders, with redactions limited to non-Human client information and a corresponding log.
- The Certificate of Service and the accompanying materials confirmed the production made.
- Search methods were described in connection with prior productions and the materials provided. I searched firm files, relevant personal files under my control, and available employee/agent materials, including those associated with Mr. Prosser to the extent in my possession, custody, or control.
- Mr. Prosser's email and storage were searched to the extent they are within my custody or control. Mr. Prosser is not an interested party in this subpoena, this case, nor is he willing to work for you for free and provide endless research.

**On the specific categories:**

**1. Bank and trust-account records.** The accounts you identify (U.S. Bank IOLTA ending 7550, Commerce Bank trust ending 4277, and related operating activity) were addressed in the May and subsequent productions through check images, deposit records, and related materials. I will produce any additional monthly statements for periods in which funds were received or paid on Mr. Human's behalf, with appropriate redactions and a log, to the extent they exist and are in my possession. Check images for the specific checks you list will be provided if not already included, but upon a diligent search, I cannot find any other digital images.

**2. Settlement payment records.** Disbursement records and related materials for the settlements you identify were included in prior productions to the extent they exist. Where no separate "settlement statement" or formal ledger was maintained beyond the check images, deposit records, and correspondence already produced, that has been the case. I have previously stated as to any category where no further records exist.

**3. Settlement agreements.** The Dream Style agreement was the subject of prior correspondence; any located executed version and attachments will be produced. The Rocket Mortgage agreement was produced as in my possession; any fully executed version without improper redactions will be provided if available if other clients consent to disclosure and waive their attorney/client privilege – which I would not advise them to do. The STL Design and Build complete

agreement (including any Exhibit A) will be produced if located. As to ***SelectQuote***, there was no settlement nor any agreement. The case was dismissed with prejudice and there is nothing beyond that dismissal which is not already in the record.

**4.–7. Correspondence, demand letters, fee arrangements, and tax records.** Correspondence and related materials in my possession for the listed matters have been produced across the three productions. Demand letters, where they exist in my files, but most were conducted via telephone calls and negotiations informally. Fee-sharing or allocation documents (including any involving Mr. Marks who you misidentified as Clark) or the Rocket Mortgage claimants) and tax forms (W-9/1099) will be produced to the extent they exist in my possession, which at this point I cannot locate any further records. To extent applicable, you have already been provided those documents under Mr. Marks subpoena response and further requests are simply harassing.

**8. Search disclosure.** I will serve a declaration addressing the search conducted, the sources reviewed (firm email, personal email under my control, case files, paper files, and available agent materials including Mr. Prosser's to the extent in my custody or control), date ranges, search terms, and the status of any records following equipment changes. The declaration will address each category and state where no further responsive documents exist.

These issues concern my compliance with the subpoenas directed to me. They are separate from Mr. Human's positions and from the fee-record objections I have filed solely on behalf of myself and Butler Law Group LLC. Mixing the two would be improper.

I require an additional 30 days to conduct any further research or production. I am a practicing attorney. I am not being compensated for this case, for the billable hours involved, or for the associated research costs. The demands have created an unjust financial burden on me and the firm that we cannot continue to absorb. I will produce any remaining legitimate, narrowly tailored materials in my possession and serve an appropriate declaration within that extended period.

If you wish to confer on a reasonable scope and timeline, let me know.

Edwin V. Butler
Butler Law Group, LLC
edbutler@butlerlawstl.com
(314) 504-0001

---

**From:** James Ruley <jruley@wtlaw.com>
**Sent:** November 13, 2026 9:50 AM
**To:** Edwin Butler <edbutler@butlerlawstl.com>; Alex Terepka <Alex@wtlaw.com>; Melanie Ng Silva <mngsilva@wtlaw.com>
**Cc:** Edwin Butler <edbutler@butlerlawstl.com>
**Subject:** Re: Human V Fisher - Discovery Deficiency

Ed,

We have reviewed the documents you sent by Dropbox on October 23. See Doc. 173. That production does not comply with Fisher's subpoenas, with the Court's order compelling compliance (Doc. 150), or with the instructions the Court gave you at the October 13 conference.

Of the 197 pages you sent, only 23 are new: the Rocket Mortgage settlement agreement (Oct. 23 Prod. at 1–18) and the STL Design and Build settlement agreement (*id.* at 37–41). The other 174 pages are copies of pages you already produced on May 12. The Window Nation settlement agreement alone appears three more times (*id.* at 61–75, 82–96, 99–113). The production contains no bank records, no new correspondence, and no demand letters.

At the October 13 conference, the Court ordered you to do four things by October 23:

1. Produce usable trust-account records, or provide them to the Court for in camera review. Oct. 13 Hr'g Tr. at 11:2–11, 27:2–21.
2. Confirm in a filing with the Court that you have produced everything in your possession, custody, or control. *Id.* at 14:4–7, 28:3–8.
3. Describe the methods you used to search, confirming that you searched your firm's files, your personal files, and the files of your employees and agents, including Mr. Prosser. *Id.* at 14:8–15:1, 28:9–13.
4. Search Mr. Prosser's email and storage spaces to the extent they are in your custody or control. *Id.* at 22:4–7.

You did none of these things. You filed nothing on October 23. Your October 27 filing (Doc. 173) is a certificate of service with a table of contents. It does not say your production is complete, and it does not describe any search. The unsigned page titled "Discovery Responses – Christopher Prosser" that accompanied your production is not sworn, was not filed, and does not identify a single source, date range, or search term.

The specific deficiencies are below. Page citations are to the PDF pages of your May 12 production ("May 12 Prod.") and your October 23 production ("Oct. 23 Prod.").

1. **Bank and trust-account records.** You produced no bank statements on October 23. The check images and deposit slips in the production are re-scans of pages you produced in May. *Compare* Oct. 23 Prod. at 42–57, 76–79, 114–126, 172–173, *with* May 12 Prod. at 379–394, 415–418, 176–188, 42–43. The Court has already told you that the redacted statements you produced in July are not usable. Oct. 13 Hr'g Tr. at 9:24–10:1. Your own documents identify at least these accounts:

    1. A U.S. Bank IOLTA account ending in 7550, from which you issued checks 1023, 1025, 1027, 1032, and 1035 to Mr. Human in 2023. May 12 Prod. at 380, 390, 392, 394; Oct. 23 Prod. at 79.
    2. A Commerce Bank trust account ending in 4277, from which you issued checks 1006 and 1007 in May 2024. May 12 Prod. at 180–182. You confirmed this is "one of" your trust accounts. Oct. 13 Hr'g Tr. at 8:13–17.
    3. Any other trust account into which you received, or from which you paid, money on Mr. Human's behalf, including the third trust account reflected in your July 13 production.

4. Your U.S. Bank operating account ending in 7543, into which you deposited $1,667 on May 22, 2024 in connection with the UnitedHealthcare settlement. May 12 Prod. at 176.

Please produce the statements for each of these accounts for every month in which you received or paid out money on Mr. Human's behalf. Limit redactions to other clients' names and account identifiers, and provide a log of what you redacted. At minimum, the statements must show your receipt of the settlement payments in Benepath ($12,000), Call Trader ($6,000), Insurance Supermarket ($9,750), Dream Style, Alleviate Tax ($5,000), IUPA ($1,500), Frubbel ($3,000), and Rocket Mortgage ($9,900). Please also produce images of checks 1013, 1014, 1015, and 1303 from the Commerce account and identify the case each relates to. You told the Court those checks were payments to Mr. Human. Oct. 13 Hr'g Tr. at 9:1–6.

2. **Settlement payment records.** For most of the cases you settled for Mr. Human, you still have not produced records showing what you received or what you paid him:

- **Benepath.** The agreement required Benepath to pay Mr. Human $12,000. May 12 Prod. at 138. No record of receipt or disbursement.
- **Call Trader.** You produced check 1023 to Mr. Human (May 12 Prod. at 380), but no record of receiving the $6,000 payment.
- **Insurance Supermarket.** You produced check 1032 to Mr. Human (May 12 Prod. at 394), but no record of receiving the $9,750 payment.
- **Dream Style.** You wrote defense counsel on April 25, 2024 that the ACH payment "was posted early this morning." May 12 Prod. at 54. No record of receipt or disbursement.
- **America Financial Network.** No record of any disbursement to Mr. Human of the $3,750 paid into your trust account.
- **IUPA.** You produced the $1,500 check to your firm (May 12 Prod. at 42–43), but no deposit record and no disbursement to Mr. Human.
- **Alleviate Tax and Frubbel.** No records of receipt or disbursement.
- **Rocket Mortgage.** No records of receipt or disbursement, including what was paid to the other two claimants.

Your May 12 affidavits swore that your production included "settlement statements, bank records, disbursement ledgers, and related materials evidencing all funds received and disbursed on Mr. Human's behalf since January 1, 2020." No settlement statement or disbursement ledger appears in any of your three productions. Please produce them or state under oath that they do not exist.

3. **Settlement agreements.**

1. **Dream Style.** You still have not produced this agreement. On July 21, you told us that "[n]o such file or document can be located despite exhaustive efforts." Doc. 158-2 at 5. But your own April 18 and April 19, 2024 emails to defense counsel attach "the fully executed NDA/SA." May 12 Prod. at 55–56. Please produce the agreement and every attachment to those emails.
2. **Rocket Mortgage.** The version you produced is not fully executed. The signature lines for Rocket Mortgage and Ms. Nunes are blank. Oct. 23 Prod. at

15. You also redacted the names of the other two claimants. *Id.* at 1, 3, 9, 14. The Court has held that settlement agreements are not privileged. Doc. 150 at 6. And the settlements chart you served identifies the other claimants by name. Please produce the fully executed agreement without those redactions.

3. **STL Design and Build.** The agreement refers to a stipulation "attached hereto as Exhibit A." Oct. 23 Prod. at 38. No exhibit was produced. Please produce the complete agreement.
4. **SelectQuote.** You say this case ended without a settlement. But the Court entered a $149,500 default judgment against co-defendant Allied Financial Services in that case, supported by your affidavit on fees. *Human v. SelectQuote, Inc.*, No. 4:23-cv-00826, Docs. 12-2, 27 (E.D. Mo.). Please produce all documents reflecting any amounts collected on that judgment, or state under oath that nothing was collected.

4. **Correspondence with defense counsel.** Your October 23 production contains no new correspondence. Every email in it (Oct. 23 Prod. at 131–197) is a copy of a page from your May production. You still have produced no correspondence at all for General Motors (No. 4:24-cv-01193), SelectQuote (No. 4:23-cv-00826), or Rocket Mortgage (No. 4:23-cv-00123). The gaps are not limited to those cases:

- The Rocket Mortgage agreement resolved "threatened lawsuits" "set forth in draft complaints." Oct. 23 Prod. at 1. Please produce those draft complaints and your correspondence with Goodwin Procter and Lewis Rice.
- The General Motors agreement rests on "representations from Releasor and Releasor's counsel." May 12 Prod. at 214. Please produce your correspondence with GM's counsel.
- The STL agreement resolved both Mr. Human's lawsuit and a counterclaim against him. Oct. 23 Prod. at 38. Please produce your correspondence concerning that counterclaim.
- Many of the threads you produced reference attachments you did not produce, including the executed Dream Style agreement (May 12 Prod. at 55–56), the executed Insurance Supermarket agreement and Word draft (*id.* at 8), the signed Healthmarkets agreement (*id.* at 46), the Frubbel draft (*id.* at 49), the signed Alleviate agreement and W-9s (*id.* at 57), and the Benepath discovery requests (Oct. 23 Prod. at 196). Please produce them.

5. **Demand letters.** You have not produced a single demand letter in any of your three productions. Your own emails show that you made demands on Mr. Human's behalf, including an $8,000 offer to Call Trader (May 12 Prod. at 19), a $40,000 offer to Benepath (*id.* at 210), and an offer to Window Nation that defense counsel acknowledged receiving but that you did not produce (*id.* at 23). On October 13, you told the Court you would contact third parties for copies of any missing demand letters. Oct. 13 Hr'g Tr. at 27:24–28:2. Please produce every demand letter, or state under oath which cases had none and what you did to obtain copies.

6. **Fee arrangements and distributions.** Your May 12 affidavits swore that "[t]he only person to whom any funds were disbursed was Mr. Human." But you paid $1,666 from your trust account to "James Clark" for "Atty fee Human v. USHA." May 12 Prod. at 182. And the Rocket Mortgage agreement leaves the "distribution and allocation of the

Settlement Amount between Claimants and Claimants' Attorneys" to you. Oct. 23 Prod. at 3. Please produce all documents reflecting (a) Mr. Clark's role in Mr. Human's cases, any fee-sharing agreement with him, and Mr. Human's consent to it, and (b) how the Rocket Mortgage settlement was allocated and paid among the claimants and your firm.

7. **Tax records.** Insurance Supermarket's counsel asked for Mr. Human's W-9 before issuing payment. May 12 Prod. at 8. The America Financial Network agreement provides that a Form 1099-MISC "shall issue." *Id.* at 253–261. Please produce any W-9 you provided for Mr. Human and any Form 1099 you or any payor issued for his settlements, or state under oath that none exist.

8. **The Court-ordered search disclosure.** If you contend that no further responsive documents exist in any category above, the Court requires you to say so and to explain how you searched. Please serve a declaration, signed under penalty of perjury, that states for each subpoena category:

   - Who conducted the search. You told the Court you did most of the work yourself (Oct. 13 Hr'g Tr. at 9:14–22), but the page that accompanied your production says Mr. Prosser "put together the discovery responses."
   - Every source searched, including your firm email account, your personal email accounts, your case management and document systems, your paper files, and any off-site or backup storage.
   - Whether you searched the attorneysacquisitions@outlook.com account that Mr. Prosser used to communicate with you and Mr. Human about Mr. Human's cases (May 12 Prod. at 27, 31, 49, 57), and the email and storage of any other employee or agent.
   - Whether you searched deleted-items, archive, and sent folders.
   - The date ranges and search terms used.
   - What happened to the files on the "change of electronic equipment" you described to the Court (Oct. 13 Hr'g Tr. at 13:12–13), and whether any records were lost.
   - For each category, whether responsive documents once existed and, if they no longer exist, when and how they were lost or destroyed.

Please produce the documents identified above and serve the declaration by **5:00 PM Central on Tuesday, November 17, 2026**. If you contend that nothing further exists in a category, the declaration must say so and explain why. The Court's deadline for both was October 23, so we will not extend this one.

If we do not receive a full production and a compliant declaration by then, Fisher will raise your noncompliance with the Court and will seek the fees it has incurred enforcing the subpoenas, along with any other appropriate relief. *See* Doc. 160 at 5 n.2. Fisher reserves all rights.

If you would like to confer before Tuesday, let us know and we can set up a call.

Best,
James

---

**From:** Edwin Butler <edbutler@butlerlawstl.com>
**Date:** Friday, October 23, 2026 at 12:58 PM
**To:** Alex Terepka <Alex@wtlaw.com>; James Ruley <jruley@wtlaw.com>; Melanie Ng Silva <mngsilva@wtlaw.com>

**Cc:** Edwin Butler <edbutler@butlerlawstl.com>
**Subject:** Human V Fisher

[Warning – external]

https://www.dropbox.com/scl/fo/w911td1mzznbw63lo2vy9/AO68kM3kf-3V4fJEo4yZjMI?rlkey=ng4dt9g3k0dx17xb0ochntmpt&st=ev1f1qn6&dl=0

Contact me with any questions

Edwin V. Butler | Butler Law Group LLC

1650 Des Peres Road;. Ste 220 | Des Peres, MO 63131

Direct: # | Office: 314-504-0001 | Fax: 314-481-8479

edbutler@butlerlawstl.com| www.butlerlawstl.com
CONFIDENTIALITY NOTE: The information contained in this e-mail message, including any attachments, is LEGALLY PRIVILEGED and CONFIDENTIAL and is intended only for the use of the addressee(s) named above. If you are not an addressee, or a person responsible for delivering this to the addressee(s), you are hereby notified that reading, using, copying or distributing this message is strictly prohibited. If you believe you may have received this message in error, please immediately notify the sender by telephone at (314) 504-0001 and delete this message from your system. Thank you.