**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL HUMAN, | ) | |
| Plaintiff/Counter-Defendant, | ) | |
| v. | ) | No. 4:24-cv-01177-MTS |
| FISHER INVESTMENTS, INC., | ) | |
| Defendant/Counter-Plaintiff. | ) | |

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO OFFSET DISCOVERY BURDEN

## I. INTRODUCTION

This Memorandum is filed solely by Edwin V. Butler and Butler Law Group LLC. It is not filed on behalf of Daniel Human. Butler is no longer Human's lawyer. The Court granted the motion to withdraw on September 30, 2026 (ECF 161), after Butler had already declared a conflict and moved to withdraw on April 10, 2025 (ECF 84).

What remains is a straightforward request for the Court's intervention. Fisher has used expansive subpoenas, successive deficiency letters, and the Court's own compliance orders to impose an extreme, uncompensated financial burden on a non-party lawyer and his small firm. Butler has already produced more than 1,700 pages. He has searched firm files, personal files, and agent materials. He has converted documents, redacted them, organized Dropbox productions, attended hearings, and responded to detailed deficiency demands—including the November 13, 2026 email attached as Exhibit A. The accompanying Time Record (Exhibit B) documents well over $100,000 in time at a modest $400 rate, plus expenses. That burden continues.

Under *Goodyear*, *Chambers*, Rule 45, and this Court's own September 30, 2026 Order (ECF 160), that burden should be offset in full against any fee award Fisher seeks from Butler or the firm. All arguments are preserved for the Eighth Circuit.

## II. STATEMENT OF THE CASE

Butler entered his appearance on October 11, 2024 (ECF 12). On January 27, 2025, Human attempted to dismiss the case (ECF 37 and 39). Fisher opposed both attempts. The Court struck the notices (ECF 38 and 40). Fisher's choice to fight dismissal meant the case—and the discovery directed at Butler—continued.

A conflict of interest later required Butler to move to withdraw (ECF 84, April 10, 2025). The Court ultimately granted that motion on September 30, 2026 (ECF 161). From that point forward, Butler has been a non-party.

Fisher nevertheless served broad subpoenas on Butler and the firm. On April 21, 2026, the Court ordered full compliance by May 12, 2026 (ECF 150). Butler complied. Across multiple productions he has produced more than approximately 1,700 pages, including the October 23, 2026 Dropbox production of 197 pages that was identified in the Certificate of Service filed as Doc. 173. Fisher has not stopped. Its November 13, 2026 email (Exhibit A) demands still more bank statements, fully executed settlement agreements, correspondence, demand letters, fee-sharing documents, tax forms, and a detailed sworn search declaration covering firm systems, personal email, agent materials, deleted items, and equipment changes.

Exhibit B records the time this has required: multi-day file searches, PDF conversion of large document sets, redaction, Dropbox organization, preparation for and attendance at multiple hearings (including in-person appearances with parking costs), line-by-line review of Fisher's deficiency email, drafting of responses, and the time spent preparing the Motion, this

Memorandum, and the Time Record itself. The total already exceeds $106,000 in fees at $400 per hour and continues to grow.

## III. STANDARD OF REVIEW

When a court uses its inherent authority to shift fees, the award is limited to the fees the innocent party would not have incurred but for the misconduct, and it must remain compensatory rather than punitive. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108–10 (2017); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991). The Court must be able to draw a causal line. Sanctions must also be the least severe necessary to serve their purpose. *Harlan v. Lewis,* 982 F.2d 1255, 1262 (8th Cir. 1993).

Rule 45(d)(1) requires the party issuing a subpoena to take reasonable steps to avoid imposing undue burden or expense. Rule 45(d)(2)(B)(ii) requires the Court to protect a non-party from significant expense resulting from compliance. Courts have held that amounts well below what Butler has incurred are "significant." *Legal Voice v. Stormans, Inc.*, 738 F.3d 1178, 1184–85 (9th Cir. 2013); *Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001). Excessive, redundant, or unnecessary hours are excluded under the lodestar. *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983); *Orduno v. Pietrzak*, 932 F.3d 710, 719 (8th Cir. 2019).

## IV. ARGUMENT

### A. The Conflict and Withdrawal Mean Post-Conflict Discovery Costs Cannot Be Attributed to Butler

Butler declared a conflict and moved to withdraw on April 10, 2025 (ECF 84). The Court granted the motion on September 30, 2026 (ECF 161). Under Model Rule 1.16 and the but-for requirement of Goodyear, fees and costs incurred after the conflict declaration are not attributable to Butler. The discovery burden Fisher continued to impose after that date—

including the bulk of the time recorded in Exhibit B for the May 12, 2026 compliance deadline, the October 2026 production, and the November deficiency response—is Fisher's own creation. It cannot be shifted back to Butler.

**B. Human's Dismissal Attempts Show Fisher Self-Incurred Much of the Later Work**

On January 27, 2025, Human tried to dismiss the case (ECF 37 and 39). Fisher opposed both attempts. The Court struck the notices only because of that opposition (ECF 38 and 40). Had Fisher allowed the dismissal, the expansive subpoenas and the hundreds of hours recorded in Exhibit B would never have been necessary. Those hours fail *Goodyear*'s but-for test as to Butler. Fisher chose to keep the case alive and then used that choice to generate discovery costs against a lawyer who later had to withdraw.

**C. The Volume of Production and the Specific Entries in Exhibit B Demonstrate a Significant Expense That Rule 45 Requires the Court to Offset**

Butler has produced more than 1,700 pages. Exhibit B shows what that actually required. In May 2025 alone, 56.5 hours were spent on initial and supplemental searches, collection, and PDF conversion. Another 49.5 hours went into the October 2026 renewed searches, the Rocket Mortgage and STL Design and Build agreements, the 197-page Dropbox production, and the Certificate of Service (Doc. 173). Multiple court appearances consumed another 36 hours, including in-person hearings that required travel and parking. Eleven hours were spent just reviewing and responding to the November 13 deficiency email. Fourteen more hours were required to prepare the Motion, this Memorandum, and the Time Record itself.

These are not abstract numbers. They are the concrete cost of searching firm email (inbox, sent, deleted, and archive folders), personal accounts, agent materials, converting large sets of documents to PDF, redacting non-Human information, organizing productions, and answering

Fisher's successive demands. Rule 45(d)(2)(B)(ii) requires the Court to protect a non-party from significant expense. Courts have treated far smaller sums as significant. *Legal Voice,* 738 F.3d at 1185; Linder, 251 F.3d at 182. More than $100,000 is significant by any measure. Fisher did not take reasonable steps under Rule 45(d)(1) to avoid imposing that burden.

**D. The Demands Are Irrelevant, Overbroad, and Unduly Burdensome, and the Continued Pressure Amounts to Harassment**

The information Fisher continues to demand does not prove any damages against Human. It is irrelevant to the limited question remaining under ECF 160—whether fees were incurred solely for the defense of the claims the Court found fraudulent. Yet Fisher still wants every monthly bank statement for multiple accounts, fully executed versions of settlement agreements (some of which were already produced), all correspondence (including attachments), every demand letter, fee-sharing documents involving third parties, tax forms, and a sworn declaration detailing every source searched, every date range, every search term, and what happened to files after equipment changes.

These requests are overbroad. They seek attorney-client and work-product materials from parties who have not consented and who have nothing to do with this case. They require Butler, an uncompensated practicing attorney, to keep absorbing costs his firm cannot sustain. The self-imposed November 17 deadline in the November 13 email is not warranted by any Court finding. Continued demands of this nature, after more than 1,700 pages have already been produced, constitute harassment. *Hensley* and *Orduno* support reducing or eliminating fees where the requesting party multiplies proceedings through unnecessary discovery. 461 U.S. at 434; 932 F.3d at 719.

### E. The Time Spent Responding to the November 13 Email and Preparing These Papers Is Itself Part of the Burden That Must Be Offset

Exhibit B specifically records 11 hours to review Fisher's November 13, 2026 deficiency email line by line, research the cited production pages and docket entries, and draft a response. It records another 14 hours to prepare the Motion to Offset, this Memorandum, and the Time Record chart. Those hours exist only because Fisher continues to press expansive demands against a non-party. They are part of the but-for costs under *Goodyear* and part of the significant expense Rule 45 requires the Court to address. They are included in the offset request and are preserved for appellate review.

## V. CONCLUSION

Butler and Butler Law Group respectfully ask the Court to intervene. The conflict and withdrawal, Human's earlier dismissal attempts that Fisher opposed, the production of more than 1,700 pages, and the concrete hours recorded in Exhibit B all point to the same conclusion: the extreme financial burden Fisher has imposed should be offset in full against any fee award sought from Butler or the firm. That result is required by *Goodyear, Chambers*, Rule 45, and this Court's own order in ECF 160. It is also the least severe measure necessary under *Harlan*.

Every argument in this Memorandum, the Time Record (Exhibit B), and the November 13 email (Exhibit A) are expressly preserved for review by the Eighth Circuit.

Respectfully submitted,

/s/Edwin Butler
Edwin V. Butler
BUTLER LAW GROUP, LLC
1650 Des Peres Rd., Suite 220
St. Louis, MO 63131
(314) 504-0001
edbutler@butlerlawstl.com

Dated: November 13, 2026

A true copy of the foregoing was served on all parties when filed via the court CM/ECF filing and notification system.

/s/Edwin V. Butler
Edwin V. Butler