RECEIVED

NOV 1 6 2026

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DANIEL HUMAN, pro se** | ) | |
| **Plaintiff/Counter-Defendant** | ) | |
| | ) | |
| **V** | ) | **Case No. 4:24-cv-01177-MTS** |
| | ) | |
| **FISHER INVESTMENTS, INC.,** | ) | |
| | ) | |
| **Defendant/Counter-Plaintiff.** | ) | |

**DANIEL HUMAN'S OPPOSITION TO FISHER INVESTMENTS, INC.'S RECORD OF FEES (Doc. 170)**

## I. INTRODUCTION AND PRESERVATION OF OBJECTIONS

Daniel Human, proceeding without counsel, submits this opposition to Fisher Investments, Inc.'s Record of Fees (Doc. 170).

In its September 30, 2026 Memorandum and Order (Doc. 160), the Court limited any fee award to "the reasonable fees it incurred in defending against Counter-Defendant Human's fraudulent claims" and directed Fisher to submit a record of fees incurred "solely for the defense of Human's fraudulent claims." That language controls. Any award must remain inside those limits and must be compensatory rather than punitive. Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 108–10 (2017); Chambers v. NASCO, Inc., 501 U.S. 32, 44–46 (1991). Inherent-authority sanctions must be no more severe than necessary. Harlan v. Lewis, 982 F.2d 1255, 1262 (8th Cir. 1993).

This filing addresses only the amount of any award. The Court's findings on the computer-disposal issue and related matters are reserved for appeal. Every objection stated in this opposition and in the attached exhibits is preserved for review by the Eighth Circuit. League of Women Voters of Mo. v. Ashcroft, 5 F.4th 937, 940 (8th Cir. 2021); Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Human specifically preserves the objection that any award exceeding the limits set by Doc. 160 and Goodyear is an abuse of discretion and is not the least severe sanction necessary.

## II. LEGAL STANDARDS

Only fees that would not have been incurred but for the conduct the Court found improper may be shifted. Goodyear, 581 U.S. at 108–10. Doc. 160's "solely for the defense" restriction supplies an independent limit that is narrower than the general Goodyear standard. Hours that are excessive, redundant, or unnecessary are excluded. Orduno v. Pietrzak, 932 F.3d 710, 719 (8th Cir. 2019); Hensley, 461 U.S. at 434. Work that is clerical or ministerial cannot be billed at attorney rates. Rates of $695–$831 substantially exceed ordinary rates for comparable work in this market.

The Court must exclude or reduce any time that fails these requirements. Vague descriptions, block billing, and multi-attorney review of the same materials further support reduction because they prevent the Court from determining whether the time was reasonably incurred solely for the limited purpose identified in Doc. 160. The party seeking fees bears the burden of establishing that the hours claimed meet these standards. Hensley, 461 U.S. at 437.

## III. SPECIFIC OBJECTIONS

A. Work Outside the Scope Set by Doc. 160

Fees that were not incurred solely to defend against the claims the Court identified as fraudulent fall outside the order. This includes the bulk of time spent opposing dismissal efforts and the substantial work performed after the March 31, 2026 order that struck the pleadings (Doc. 148). Continuing to litigate after that point, and then preparing a lengthy fee submission, does not bring those hours inside Doc. 160 or satisfy the Goodyear but-for test.

The March 31, 2026, order resolved the pleadings. Time spent after that date on discovery, motion practice, or continued litigation of issues already resolved cannot be characterized as work incurred solely to defend against the claims the Court identified. Likewise, the large amount of time spent compiling, reviewing, and redacting the fee record itself is not time spent defending the claims; it is time spent preparing the fee application. Those hours fall outside Doc. 160's limitation.

Illustrative post-order entries include: - 04/06/2026: JR 0.40 ("Attention to court order striking"), MNS 1.20 ("Analyze order dismissing case"), AT 1.40 ("Review and analyze federal court"). - 04/07/2026: AT 0.40 ("Analyze next steps in light of court"). - 04/09/2026: RDW 0.20 ("Analyze court order striking pleadings"). - 04/21/2026: multiple entries by AT, MNS, JR, and JB analyzing the order and next steps.

These entries are only a small sample of the many similar post-Doc. 148 entries that appear throughout the invoices. All such entries fall outside the scope set by Doc. 160. See Exhibit A.

B. Concurrent Billing by Multiple Attorneys on the Same Materials

The invoices show multiple attorneys recording time on the same day or on consecutive days for reviewing, analyzing, or discussing the same documents or next steps. That pattern is redundant under Hensley and Orduno and must be reduced. Human objects to every instance of overlapping billing of this type. Every such entry is preserved for appeal.

Illustrative examples include: - 08/15/2024: MNS 2.80 ("Review/analyze SmartAsset contracts") and JR 0.20 ("Call with M. Ng regarding case status"). - 08/19–08/21/2024: MNS 3.70 and 2.40 on contracts and removal notices; AT 0.40 and 2.20 commenting on next steps and client updates; JB entries on the same materials. - 04/01–04/03/2025: AT (2.40, 1.40, 4.80), MNS (6.80, 7.60, 8.90), and RDW (0.30) all billing on fee-recovery outline, exhibits, and submission on consecutive days.

These entries are only a small sample of the many instances of concurrent or successive multi-attorney billing on the same materials that appear across the invoices. When two or more attorneys bill for reviewing the same materials or participating in the same internal discussion on the same or consecutive days, the Court cannot determine that each hour was reasonably necessary solely for the defense of the claims identified in Doc. 160. Those overlapping hours must be reduced. See Exhibit B.

C. Attorney Rates Applied to Routine or Clerical Tasks

Partner and associate rates were used for tasks such as assembling and redacting the fee submission, preparing routine status updates, organizing exhibits, and tracking deadlines. Those hours should be reclassified at a reasonable paralegal rate or eliminated. The overall rates also exceed ordinary local rates for this type of work.

Concrete examples include the multi-hour blocks on 04/01–04/03/2025 (AT and MNS billing 2.4–8.9 hours each day on fee-outline and submission preparation) and repeated "client update," "attention to case status," and exhibit-organization entries billed at partner and associate rates throughout the invoices. These are only a small sample of the many routine or clerical tasks billed at attorney rates. Tasks such as redacting invoices, organizing supporting materials, preparing routine correspondence, and tracking deadlines do not require the skill of a partner or senior associate. Billing those tasks at rates of $695–$831 inflates the request. These entries support significant reductions. See Exhibit A and Exhibit B.

D. Time for Work That Was Not Performed and Vague Entries

Entries for appellate or mandamus responses that the Eighth Circuit dockets show were never filed must be removed. Vague descriptions ("strategize," "review/analyze," "next steps," "attention to case status") and block billing further support reduction. When an entry does not describe the specific task performed with enough detail for the Court to determine whether it was incurred solely for the defense of the claims identified in Doc. 160, the time should be reduced or excluded. The vague and block-billed entries identified above are only a small sample of many similar entries throughout the invoices.

## IV. REQUESTED RELIEF

Human asks the Court to:

(1) award only fees incurred solely for the defense of the claims identified in Doc. 160 that meet the Goodyear but-for test;

(2) reduce or eliminate all redundant multi-attorney time on the same materials;

(3) reclassify or exclude routine work billed at attorney rates and bring the remaining rates to reasonable local levels;

(4) eliminate time for work that was never performed and reduce vague or block-billed entries; and

(5) impose only the least severe award necessary under Chambers and Harlan.

All objections are reserved for appeal. See Exhibit A (Proposed Reduction Summary) and Exhibit B (Hours Comparison and Illustrative Entries).

Respectfully submitted,

Daniel Human, pro se
10423 Conway Rd.
St. Louis, MO 63131
(314) 707-1892
danlovestopolo@gmail.com

- **Exhibit A** – Proposed Reduction Summary
  One-page table summarizing the categories of reduction applied to Fisher's $553,610.83 request, the percentage or dollar reduction for each category, the remaining amount, and the primary legal basis (Doc. 160 "solely for the defense" limitation and *Goodyear* but-for causation).
- **Exhibit B** – Hours Comparison: Fisher Billed Hours vs. Reasonable Hours
  Table comparing approximate hours billed by Fisher in each major category against the reasonable hours that should be allowed, the rate applied, the resulting dollar amount, and the basis for each reduction. Total recommended award does not exceed $78,000.

*(Exhibits A and B are filed as separate attachments to this opposition.)*

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2026, a true and correct copy of the foregoing was served on counsel for Defendant by email to the same email address(es) from which counsel previously served Doc. 170 on Plaintiff, in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).

/s/ Daniel Human
Daniel Human